2025 JUN 10 PM4:42
USDC-EDPA REC'D CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**Malick-Fardy B. Traore**,

Plaintiff,

v.

**TransUnion LLC, Equifax Info. Servs. LLC, Experian Info. Sols. Inc., Avant, LLC, Greensky, LLC, Capital One, N.A.**,

Defendants.

**Civil Action No. 2:25-cv-02822-GJP**

---

## PLAINTIFF'S SUPPLEMENTAL NOTICE OF NEW CFPB ENFORCEMENT ACTIONS

Plaintiff, **Malick-Fardy B. Traore**, *pro se*, respectfully submits this supplemental notice to bring the Court's attention to recent, significant, and relevant enforcement actions initiated by the Consumer Financial Protection Bureau (CFPB) against three of the credit reporting defendants in this case.

1. **Experian Information Solutions, Inc.** — On January 7, 2025, the CFPB filed suit alleging impermissible "sham investigations" into credit report disputes, improper reinsertion of previously deleted accounts, and confusing or misleading dispute-resolution letters.

2. **Equifax Information Services LLC** — On January 17, 2025, the CFPB issued a consent order requiring Equifax to pay a $15 million penalty for failure to conduct proper investigations into consumer disputes, allowing reinsertion of deleted tradelines, issuing conflicting notices, and using defective software.

3. **TransUnion LLC** — Although the CFPB previously entered a 2017 consent order requiring TransUnion to pay $13.9 million in restitution and $3 million in civil penalties for deceptive credit score marketing and recurring-payment dark patterns, the agency voluntarily dismissed a related enforcement action in early 2025. The dismissal, per Reuters and Law360, appears driven by a change in CFPB leadership rather than settlement on the merits.

---

## RELEVANCE & IMPACT

These CFPB findings reinforce Plaintiff's allegations that the Defendants have engaged in systemic failure to follow FCRA protocols for investigating consumer credit disputes. They especially support:

- Substantive claims under **15 U.S.C. § 1681i** and **§ 1681s-2(b)** regarding failure to investigate and the continuing inclusion of disputed, inaccurate information;
- Credibility of Plaintiff's evidence demonstrating conflicting credit report data and lack of remediation;
- Procedural authenticity — these are public federal enforcement actions, and the factual findings made by the CFPB are matters properly noticed to the Court;

## ADDITIONAL CONTEXT – METRO 2 NONCOMPLIANCE

In addition, Plaintiff notes that the practices identified in the CFPB enforcement actions also reflect repeated violations of the **Metro 2 reporting standards,** which the credit bureaus themselves claim to follow. These include:

- Failing to apply appropriate dispute codes (such as "XB" or "XC") when accounts are under active consumer dispute;
- Continuing to report balances after charge-offs, contrary to Metro 2's instructions to report a **zero balance** once the account is charged off or transferred;
- Misrepresenting account status codes (e.g., reporting a "Charge-Off" and "Current" simultaneously);
- Failing to properly synchronize key dates such as **Date of First Delinquency (DOFD), Date of Last Payment,** and **Date Closed** across tradelines.

These reporting failures further establish a pattern of **negligence and misrepresentation,** which substantiate Plaintiff's claims of **inaccurate reporting,** failure to **reasonably investigate,** and violation of **15 U.S.C. § 1681i(a)** and **§ 1681s-2(b).**

Accordingly, Plaintiff submits this notice without waiving any rights or objections — including his pending Motion to Remand, the right to proceed under state court jurisdiction, and all defenses to removal. Plaintiff respectfully asks the Court to take judicial notice of these public enforcement actions and consider their relevance in evaluating both the Motion to Dismiss and Motion to Remand.

**Respectfully submitted,**
Malick-Fardy B. Traore, *Pro Se*
2522 S Darien Street
Philadelphia, PA 19148
Email: malickft@gmail.com

**Dated:** June 10, 2025