## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Malick-Fardy B. Traore,

*Plaintiff,*

v.

Equifax Information Services LLC, et al.,

*Defendants.*

CIVIL ACTION
NO. 25-2822

**Pappert, J.**                                                           **July 14, 2025**

### MEMORANDUM

Malick-Fardy B. Traore sued several credit bureaus and financial institutions for alleged violations of the Fair Credit Reporting Act, Pennsylavania Unfair Trade Practices and Consumer Protection Law, and Fair Debt Collection Practices Act. Capital One moves to dismiss all counts for failure to state a claim. The Court grants the motion but permits Traore leave to amend his federal claims.

I

Traore generally alleges that his credit reports[1] contain inaccuracies. *See* (Compl. ¶ 10a–e, ECF No. 1.) Relevant here, Traore's reports show a closed Capital One account carrying a past-due balance of $3,408 in credit-card debt. (*Id.* ¶ 10d, Ex. A at 36–37.)[2] TransUnion and Equifax report that Traore's payments are 120 days

---

[1]     Traore specifically alleges that his "updated credit report dated February 25, 2025" is inaccurate. (Compl. ¶ 10.) He appears to use "credit report" to refer to a document attached to the Complaint entitled "Three Burau Credit Report," which was apparently generated by "IdentityIQ." *See* (*id.* at ¶ 10, Ex. A at 27–42.) This document summarizes and juxtaposes credit reports generated by the three major credit bureaus. (*Id.*)

[2]     All page numbers within citations to the Complaint and/or documents attached thereto indicate ECF, not internal, pagination.

overdue, and Experian says they're 90 days overdue. (*Id.*) All three report the debt as charged off and the account status as "derogatory." (*Id.*) Traore says there are two inaccuracies amongst this information, (*id.* ¶ 21), though he doesn't make clear exactly what those two inaccuracies are. He further alleges that he "submitted several formal complaints through the [Consumer Financial Protection Bureau] system" about the alleged inaccuracies, and yet they remained on his credit report. (*Id.* ¶¶ 16–18.)

II

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain facts sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678–79 (quoting *Twombly*, 550 U.S. at 570).

Determining plausibility is a "context-specific task" requiring a court to use its "judicial experience and common sense." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). In making this determination, the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *Id.* at 790. The plaintiff need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence" of each element of his claim. *Connelly*, 809 F.3d, at 788–89. But "[c]onclusory assertions of fact and legal conclusions" are not entitled to the presumption of truth. *Schuchardt*

2

*v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016). So "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Relevant here, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court will construe the complaint liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

## III

Traore first claims that Capital One violated the FCRA, a federal statute that governs "consumer credit reporting" and seeks "to protect consumers from the transmission of inaccurate information about them." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (internal quotation marks omitted). In addition to regulating "consumer reporting agencies," the FCRA also regulates those who, like Capital One,[3] furnish credit information to consumer reporting agencies. *See id.*; 15 U.S.C. §§ 1681a(f), 1681s-2. Private citizens (as opposed to government actors) may only sue furnishers for violations of a subset of FCRA's provisions — namely those set out in § 1681s-2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).[4]

---

[3]     Traore alleges no facts suggesting that Capital One could be liable under the FCRA as anything other than a furnisher. *See* (Compl. ¶ 23.)

[4]     In his response to the motion, Traore erroneously invokes §§ 1681e(b) and 1681m in addition to § 1681s-2(b). Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures" when preparing consumer reports — that provision is inapplicable to Capital One because it's not a consumer reporting agency. Section 1681m imposes obligations on "users of consumer reports" and is not enforceable by private citizens. 15 U.S.C. § 1681m(h).

Section 1681s-2(b) obligates furnishers to investigate the completeness and/or accuracy of disputed credit information that it previously furnished to a consumer reporting agency, and to then report the results of the investigation and modify the relevant information accordingly.  *See* 15 U.S.C. § 1681s-2(b)(1)(A)–(E).  Those obligations, however, are only triggered after a consumer files a dispute with the consumer reporting agency and the agency in turn notifies the furnisher that a consumer has disputed information it furnished.  *SimmsParris*, 652 F.3d at 359; *see* 15 U.S.C. §§ 1681s-2(b)(1), 1681i(a)(2).

Traore's claim fails because he does not allege that he notified a consumer reporting agency of any allegedly inaccurate information furnished by Capital One.  He alleges only that he notified the CFPB,[5] (Compl. ¶ 16), which is not a "consumer reporting agency" as the FCRA defines that term.  *See Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (explaining that the CFPB "regulate[s] the offering and provision of consumer financial products or services" and is thus "not in the business of assembling and evaluating consumer credit information") (quoting 12 U.S.C. § 5491(a)); *see also Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 202–08 (2020) (summarizing the CFPB's basic purpose and operations).

---

[5]    Traore states in his Response to Capital One's motion that he submitted "multiple disputes to Credit Reporting Agencies."  (Resp. 3, ECF No. 25.)  This allegation appears nowhere in the Complaint, and "a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (cleaned up).  And even if it did appear in the Complaint, Traore's vague allegation of "multiple disputes" would be insufficient.  Capital One's obligations under § 16814s-2(b) extend only to the specific information it's been notified is disputed, so Traore must allege the specific information that is inaccurate or incomplete and allege facts showing that he disputed that information to a consumer reporting agency.

IV

Traore's second claim is that Capital One's furnishing of inaccurate information to the three credit bureaus "constituted deceptive and unfair trade practices" in violation of the UTPCPL. (Compl. ¶ 22.) This claim fails because the UTPCPL is preempted by the FCRA to the extent it regulates "the duties of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F); *see also, e.g.*, *Grossman v. TransUnion, LLC*, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (dismissing UTPCPL claims against furnishers on preemption grounds).

V

Traore's third claim is that Capital One's "derogatory credit reporting . . . constitutes a deceptive collection attempt" in violation of the FDCPA. (Compl. ¶ 23.) This claim fails because Traore has not, as he must, alleged facts showing that Capital One is a "debt collector." *See Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("[The FDCPA] applies only to debt collectors."). The Act's definition of "debt collector" excludes — except in narrow circumstances not relevant here — creditors. *See id.* at 366. A creditor under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed," unless the person was assigned or transferred the debt "in default" and "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Here, Traore's credit reports show that his debt to Capital One is credit-card debt. *See* (Compl., Ex. A at 36–37.) So Capital One issued Traore a credit card, thereby "extend[ing] credit creating [the] debt" at issue. 15 U.S.C. § 1692a(4). Capital One is thus a creditor with respect to the debt and not a debt collector.

VI

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Traore may amend his FCRA and FDCPA claims on or before August 4, 2025. He may not amend his UTPCPL claims because doing so would be futile. *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 n.10 (3d Cir. 2014) (holding amendment would be futile where the state-law claim was preempted).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.