**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MALICK-FARDY B. TRAORE,

      Plaintiff,

     v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANSUNION LLC; AVANT, LLC;
GREENSKY, LLC; CAPITAL ONE BANK
(USA), N.A.,

      Defendants.

Case No. 2:25-cv-02822-GJP

**DEFENDANT AVANT, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's Memorandum in Opposition to Defendant Avant, LLC's ("Avant") Motion to Dismiss (ECF No. 44, the "Opposition") demonstrates why his Complaint should be dismissed; it is rife with conclusions and short on facts. Having failed to meet his burden, Plaintiff improperly attempts to shift his pleading burden to Avant, writing that, "Avant has neither rebutted these facts nor provided evidence of compliance." However, this is not the standard–Plaintiff bears the burden of pleading sufficient facts to set forth a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal citation and quotations omitted). Plaintiff has not done so here.

For the reasons stated below as well as Avant's memorandum in support of its motion to dismiss (ECF No. 38)—and the reasons outlined in the Court's Memorandum granting Capital One's similar motion to dismiss (ECF No. 39)—the Court should grant Avant's motion and dismiss Plaintiff's Complaint.

1

## I.      Plaintiff Waives His Claims by Failing to Address Avant's Arguments In His Opposition.

Plaintiff's Opposition does not address any substantive argument set forth in Avant's memorandum in support of its motion to dismiss. Rather, Plaintiff's Opposition broadly concludes that, "Avant furnished materially false credit information to consumer reporting agencies, including a post-charge-off balance, in violation of the FCRA, FDCPA, and UTPCPL." Plaintiff provides additional conclusory allegations concerning his FCRA claim, writing that he met the pleading standard required for his "claim under the FCRA and related statutes." This does not address the substance of any of Avant's arguments supporting dismissal.

Avant argued, *inter alia*, (1) Plaintiff's FCRA claims should be dismissed because Plaintiff does not allege that he disputed any inaccuracy with a CRA, that Avant failed to investigate and modify non-existent inaccurate information, and that any inaccurate information was furnished by Avant; (2) Plaintiff's UTPCPL claim should be dismissed because the FCRA preempts Plaintiff's UTPCPL claim, and even if not, Plaintiff cannot plead the elements; and (3) Plaintiff's FDCPA claim should be dismissed because Plaintiff pleads that he is not a consumer under the FDCPA, Avant is not a debt collector under the FDCPA, and Plaintiff does not plead that Avant violated any FDCPA provision. A plaintiff waives a count when he fails to substantively respond to arguments filed in opposition. *See Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 778 (E.D. Pa. 2012) (dismissing claims where plaintiff failed to oppose arguments raised in motion to dismiss); *Sube v. City of Allentown*, 974 F. Supp. 2d 754, 768-69 (E.D. Pa. 2013) ("a court may treat a motion, or portion of a motion, as unopposed if the nonmoving party fails to respond to the movant's arguments."). Plaintiff's Opposition did not address his UTPCPL and FDCPA claims, and his statements concerning his FCRA claims merely restate the conclusory allegations found in his Complaint. Because Plaintiff failed to address Avant's arguments

2

supporting dismissal, he has waived his FCRA, FDCPA, and UTPCPL claims, and they should be dismissed.

**II.    Plaintiff Cannot Plead Facts Sufficient to Set Forth a FCRA Claim.**

Even if Plaintiff has not waived all arguments opposing dismissal of his FCRA claim—though this Court should find that he has—Plaintiff still cannot plead a FCRA claim because the furnisher duties he cites are inapplicable to Avant unless and until he notifies a CRA. Plaintiff has not and cannot plead that necessary fact.

As Avant noted in its memorandum in support of its motion to dismiss, duties of furnishers under the FCRA are only imposed *after* the furnisher receives notice from a CRA, pursuant to 15 U.S.C. § 1681i(a)(2), that a consumer disputed information that it furnished. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3rd Cir. 2011) ("Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer."). Plaintiff's Opposition continues to ignore this requirement, and because he does so, his Complaint should be dismissed.

**III.    Conclusion.**

For the reasons outlined in Avant's memorandum in support of its motion to dismiss and this reply, Plaintiff's claims fail as a matter of law and should be dismissed.

Dated: July 22, 2025

Respectfully submitted,

By:  /s/ Daniel P. Jackson
     Daniel P. Jackson (admitted *pro hac vice*)
     djackson@vedderprice.com
     Jonathon P. Reinisch (admitted *pro hac vice*)
     jreinisch@vedderprice.com
     Joshua D. Elliott (admitted *pro hac vice*)
     jelliott@vedderprice.com

**Vedder Price P.C.**
222 North LaSalle Street
Chicago, IL 60601
Tel:   (312) 609-7500
Fax:  (312) 609-5005

     Joshua D. Hill
     jdh@pietragallo.com
     Gaetan J. Alfano
     gja@pietragallo.com

**Pietragallo Gordon Alfano
Bosick & Raspanti, LLP**
1818 Market Street
Suite 3402
Philadelphia, PA 19103
Tel:   (215) 988-1462
Fax:  (215) 754-5195

*Counsel for Defendant Avant, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, a true and correct copy of the foregoing was delivered via U.S. Mail to the following:

Malick-Fardy B. Traore
2522 S Darien St.
Philadelphia, PA 19148

Respectfully submitted,

/s/ Daniel P. Jackson
Daniel P. Jackson