**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MALICK-FARDY BABAH TRAORE, a living man, appearing specially,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, et al.,

Defendants.

CIVIL ACTION NO. 2:25-cv-02822-GJP

**AMENDED VERIFIED COMPLAINT FOR EQUITABLE RELIEF, DAMAGES, AND
DECLARATORY JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiff Malick-Fardy Babah Traore, a living man of competent understanding, appears in his private capacity and not as a commercial entity or artificial person. This appearance is made pursuant to the Federal Rules of Civil Procedure and the equitable jurisdiction of this Court under Article III of the United States Constitution.

Plaintiff respectfully reminds the Court that, under both the U.S. and Pennsylvania Constitutions, all judicial and executive officers act as trustees of delegated authority and are bound by fiduciary obligations arising from their oaths of office. This is not merely theoretical—it constitutes a legally enforceable relationship grounded in longstanding jurisprudence.

Under settled equitable maxims, where one party lacks equal bargaining power, the Court and its officers are deemed fiduciaries to the weaker party. Accordingly, Plaintiff, as the beneficiary of the equitable and legal interests in this matter, entrusts the Clerk or presiding Judge under constructive trust to preserve all rights, causes, and protections from misapplication, waiver, or inadvertent forfeiture.

This Amended Complaint is filed in good faith to address ongoing violations of Plaintiff's rights under the Fair Credit Reporting Act (FCRA), the Gramm-Leach-Bliley Act (GLBA), the Privacy Act, the Uniform Commercial Code (UCC), and applicable federal contract and trust law. It also corrects procedural missteps that led to premature dismissal, and ensures conformity with the Federal Rules of Civil Procedure and relevant authorities of this Court.

This filing arises from the same operative facts, parties, and core legal theories asserted in the original state court complaint. It expands upon the existing record solely to clarify claims, incorporate newly discovered evidence, and preserve the full scope of equitable and statutory relief.

Filed under the jurisdiction of the Constitution **for** the United States of America—not the corporate "United States."

Plaintiff expressly reserves all unalienable rights under UCC § 1-308 and makes this declaration under the penalties of perjury pursuant to 28 U.S.C. § 1746.

## JURISDICTION AND VENUE

Plaintiff expressly preserves all objections to federal jurisdiction. This action proceeds solely because Defendants removed the original complaint from state court. Plaintiff has consistently and timely objected to removal and continues to challenge this Court's jurisdiction.

However, if the Court asserts jurisdiction, it must do so in full recognition of its fiduciary obligations under equity and trust law, including the duties owed by all officers of the court to the real party in interest.

Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Philadelphia County, Pennsylvania.

## NATURE OF ACTION

This is a civil action seeking redress and equitable remedy for the following:

1. Violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.);
2. Violations of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.);
3. Violations of the Privacy Act and unlawful dissemination of protected personal data;
4. Breach of fiduciary duties by private furnishers and consumer reporting agencies (CRAs) under equitable and constructive trust doctrines;
5. Reporting of inaccurate, inconsistent, and misleading credit data, including false delinquencies and charge-offs;
6. Failure to investigate or correct known inaccuracies after timely and lawful disputes;
7. Fabrication of balances post-charge-off, in direct conflict with GAAP and Metro 2 standards;
8. Absence of equal consideration in the underlying contracts relied upon for furnishing derogatory data;
9. Ongoing willful injury through automated reporting systems and failure to verify or validate purported debts;
10. Obstruction of redress through coordinated legal maneuvering and procedural delay that deprived Plaintiff of due process and meaningful remedy.
11. Obstruction of redress through procedural delay and coordinated legal strategy that violated due process

## PARTIES

1. Plaintiff **Malick-Fardy Babah Traore** is a living man domiciled in Philadelphia, Pennsylvania. He appears specially, in his private capacity, without granting consent to statutory jurisdiction, and asserts standing in equity as the real party in interest.
2. Defendant **Equifax Information Services LLC** is a Georgia limited liability company engaged in the business of compiling and furnishing consumer credit information, with its principal place of business in Atlanta, Georgia.
3. Defendant **Experian Information Solutions, Inc.** is a credit reporting agency headquartered in Costa Mesa, California, engaged in the sale and transmission of consumer credit data.
4. Defendant **TransUnion LLC** is a consumer reporting agency with its principal place of business in Chicago, Illinois, and is regularly engaged in furnishing credit reports and related data.
5. Defendant **GreenSky, LLC** is a Georgia-based financial services entity that furnishes consumer credit data to one or more credit reporting agencies and actively participates in credit decisioning and reporting.
6. Defendant **Avant, LLC** is an Illinois-based lending company that furnishes data to credit reporting agencies and engages in credit scoring and risk-based data reporting practices.
7. Defendant **Capital One, N.A.** is a national banking association headquartered in McLean, Virginia, and is a furnisher of consumer credit information to reporting agencies.

## FACTUAL ALLEGATIONS

1. Defendants reported inaccurate, incomplete, and materially misleading information concerning Plaintiff's credit profile, including false late payments, unverifiable charge-off balances, and alleged delinquencies without evidence of lawful standing.
2. Plaintiff submitted timely disputes to Equifax, Experian, and TransUnion, challenging specific inaccuracies tied to data furnished by GreenSky, Avant, and Capital One.
3. Plaintiff also submitted conditional acceptances, affidavits, and billing error notices demanding proof of lawful contract, standing, and compliance with FCRA and Metro 2 standards.
4. Several Defendants reported accounts as "charged off" while simultaneously listing balances owed—contradicting GAAP, Metro 2, and IRS Form 1099-C protocols.
5. TransUnion and Equifax acknowledged disputes but issued templated responses without conducting meaningful reinvestigations, violating their duties under 15 U.S.C. § 1681i.
6. GreenSky refused to engage in written communication, insisted on verbal-only contact, and continued reporting inconsistent data across bureaus while denying Plaintiff the ability to document interactions.

7. Avant and Capital One reported late payment patterns that exceeded mathematical possibility (e.g., five months of "90+ days late") and sometimes showed on-time statuses after charge-off—rendering their data objectively false.

8. Plaintiff lawfully tendered negotiable instruments to discharge any alleged debts. Defendants either returned the tenders, ignored them, or labeled them as "fraudulent" despite being offered in good faith.

9. Defendants failed to produce valid, enforceable contracts supported by mutual consideration or to identify the real party in interest. No assignment history or securitization disclosures were provided, violating basic tenets of commercial and trust law.

10. Plaintiff suffered financial and emotional harm—including loss of funding opportunities and impaired creditworthiness—as a direct result of Defendants' misconduct and refusal to correct errors.

11. Defendants coordinated procedural delay by filing staggered appearances and non-joint motions to avoid default, frustrate adjudication, and burden Plaintiff with unnecessary litigation delay.

12. This Court sua sponte dismissed Plaintiff's UTPCPL claim using federal pleading standards never raised by Defendants—amounting to judicial overreach and denial of due process.

   1. Such dismissal, absent motion, hearing, or opportunity for response, directly violates the constitutional guarantees of due process. As held in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Plaintiff was never afforded that opportunity. Under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), courts may not act beyond their lawful authority, nor can they preempt constitutional rights through sua sponte action. Any such conduct renders the order void ab initio. As reaffirmed in *Marbury v. Madison*, 5 U.S. 137 (1803), any act repugnant to the Constitution is null and void.

   2. Moreover, to the extent the Court relied on federal preemption to dismiss Plaintiff's state law UTPCPL claims, such action contradicts the holdings under the *Aaron Doctrine*, which recognizes that the Fair Credit Reporting Act (FCRA) does not preempt state laws that protect consumers against unfair or deceptive practices unless there is an express conflict. See *Aaron v. State Farm Mutual Auto. Ins. Co.*, 2001 PA Super 236, 759 A.2d 1183 (Pa. Super. Ct. 2000). In this case, the UTPCPL claim arises from distinct misrepresentations and deception, not simply the act of furnishing information. The claim survives under independent state consumer protection grounds and is not preempted by federal law.

13. All material events occurred in or directly impacted Philadelphia County, Pennsylvania.

14. Plaintiff preserves all objections to prior rulings based on judicial bias, misapplication of law, and constructive fraud upon the court.

15. Upon removal, Plaintiff issued a Notice of Foreign Principal and Attorney Registration Inquiry under 22 U.S.C. § 612, requesting counsel to confirm legal standing and agency. No responses were received.

16. Plaintiff never acknowledged any lawful debt. However, to mitigate harm, Plaintiff made conditional tenders under Public Law 73-10, 31 U.S.C. § 3123, and the Trading with the Enemy Act. Defendants' refusal to accept those tenders constitutes:

- (a) Repudiation of public credit;
- (b) Attempted enforcement of unlawful monetary obligations;
- (c) Constructive conversion of Plaintiff's equitable rights.

17. No enforceable contract was ever formed. If any signed instrument is presented, Plaintiff states:

- (a) There was no meeting of the minds or equal consideration;
- (b) Any such document became void upon undisclosed sale or securitization;
- (c) Charge-off extinguishes enforcement rights and reporting basis;
- (d) Continued reporting amounts to misrepresentation and breach of fiduciary duty.

18. All alleged contracts are void ab initio due to lack of lawful tender, absence of equal consideration, and failure to disclose emergency currency status under Public Law 73-10 and related statutes. These defects render any obligation unenforceable as a matter of equity and public policy.

19. Plaintiff also provided billing error notices and Form 1099-C debt cancellation notices to all three furnishing parties—Avant, GreenSky, and Capital One—as part of a broader effort to seek resolution and prevent further adverse reporting. These communications were either ignored or dismissed without meaningful review.

20. Plaintiff tendered lawful payment to Capital One through a negotiable instrument. Rather than honor or contest it in good faith, Capital One labeled the payment "fraudulent," closed the account, and later charged it off—without cure, without notice, and in contradiction to their own assertion that no valid debt existed. This constitutes adverse action, misrepresentation, and breach of commercial duty.

21. Plaintiff submitted a billing error notice to Avant, asserting lack of consideration and a defective commercial arrangement. On information and belief, Avant originated the alleged loan through WebBank, a known securitization conduit under Steel Partners Holdings. Avant ignored the billing dispute and continued reporting data, in violation of the FCRA and GLBA.

22. GreenSky's application included "pay to the order of" language, making it a non-negotiable instrument under UCC analysis. Despite this, GreenSky refused lawful alternative payment, rejected verification demands, and ignored Plaintiff's Form 1099-C debt cancellation. Their continued reporting constitutes willful non-compliance and bad faith.

23. Plaintiff also sent certified billing error notices and IRS Form 1099-C documentation to all three furnishers—Capital One, Avant, and GreenSky—prior to and during the pendency of this litigation. These communications outlined factual, legal, and contractual deficiencies in each alleged account and placed all parties on actual notice of discharge and dispute. Despite receiving these notices, none of the furnishers responded in good faith or corrected their reporting. This constitutes continued willful noncompliance with

the Fair Credit Billing Act (15 U.S.C. § 1666), the Fair Credit Reporting Act, and related fiduciary and commercial obligations.

24. After Plaintiff initiated litigation in the Philadelphia Court of Common Pleas and Capital One was aware of the pending suit, a third-party debt collection agency began contacting Plaintiff in an attempt to collect on the same alleged debt that is the subject of this litigation. This post-litigation collection effort constitutes continued adverse action and harassment, directly violating the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and Plaintiff's right to due process.

## CONDITIONAL ACCEPTANCE AND DEMAND FOR PROOF FROM FURNISHERS

Plaintiff does not concede the existence of any lawful debt or valid contractual obligation owed to Avant, GreenSky, or Capital One. Plaintiff likewise does not admit the accuracy of any data reported or payment demanded. However, in good faith and pursuant to equitable doctrine, Plaintiff conditionally accepts any alleged obligation upon **verified proof of lawful authority and legal compliance**, including the following:

1. **That lawful United States money has been abolished**, and that the exclusive means of payment must now be limited to Federal Reserve Notes or digital equivalents—despite the constraints of **Public Law 73-10, 31 U.S.C. § 3123**, and the **Federal Reserve Act**— and that any discharge attempt using lawful negotiable instruments constitutes "fraud" under governing law.

2. **That Plaintiff was ever provided full and written disclosure** of any assignment, sale, securitization, or monetization of the alleged account, including:
   - Identification of all transferees, beneficial holders, and investors;
   - CUSIP registration details;
   - Purchase and sale agreements;
   - Any residual rights or proceeds retained or transferred.

3. **That the alleged agreement was supported by lawful, equal consideration**, and was not based on a unilateral or adhesion-based contract, nor executed as a pre-securitized note in violation of:
   - **UCC §§ 3-303 and 3-305** (value and defenses);
   - **TILA, RESPA**, and federal banking disclosure regulations.

4. **That any refusal by Avant, GreenSky, or Capital One to honor Plaintiff's negotiable instruments**, billing error reports, or good faith offers to cure was lawful, non-retaliatory, and not a breach of contract or fiduciary duty, nor an attempt to compel unlawful performance under color of law.

5. **That Plaintiff, a private living man, is lawfully classified as an "enemy" under the Trading with the Enemy Act (TWEA)**, and that such classification was effectuated with due process and full disclosure, not through hidden statutory presumption, emergency authority, or constructive reclassification.

6. **That each named furnisher and their legal representatives:**
   - Operate solely within lawful domestic authority;

- o Do not act on behalf of foreign or undisclosed principals; and
- o Have filed disclosures required under the **Foreign Agents Registration Act (22 U.S.C. § 612)** and **Federal Rule of Civil Procedure 7.1**, as applicable to any corporate or transnational entity.

7. **That any post-charge-off balances reported, retained, or collected** reflect accurate accounting principles under **GAAP, FASB ASC 310-10-35**, and **IRS Form 1099-C** rules, and are not artificial, retained liabilities maintained solely to preserve fictitious standing or inflate credit harm.

**Failure to respond to these good faith demands** within a reasonable time frame shall constitute dishonor, commercial default, and breach of equitable and fiduciary obligations.

Plaintiff reserves the right to seek:

- **Default judgment under Federal Rule of Civil Procedure 55**;
- **Estoppel or judicial notice under Rule 201**;
- **Sanctions under Rule 11 and equitable trust doctrines**, should any Defendant continue asserting legal obligation or enforcement without verified authority or lawful standing.

## LEGAL FOUNDATION & PRECEDENT SUPPORT

This section is grounded in:

- **FCRA § 1681i & § 1681s-2** (duties of CRAs and furnishers);
- **Metro 2 & GAAP requirements**;
- **UCC Articles 3 & 9** (commercial paper and secured transactions);
- **TWEA & 31 U.S.C. § 3123** (lawful money and public credit);
- **Trust and equity principles** (fiduciary duty, full disclosure, clean hands doctrine);
- **Relevant case law**:
  - o *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991)
  - o *In re Johnson*, 472 B.R. 582 (Bankr. D. Utah 2012) – void ab initio argument under TILA
  - o *U.S. v. White*, 2011 WL 6140912 (D. Nev.) – FARA-related argument.

## CAUSES OF ACTION

## Count I: Violations of the Fair Credit Reporting Act (FCRA)

**(Against Equifax, Experian, TransUnion, GreenSky, Avant, and Capital One)**
Defendants violated 15 U.S.C. § 1681 et seq. by reporting materially inaccurate information, failing to conduct reasonable reinvestigations, and continuing to furnish disputed data without verifying legal standing, original creditor documentation, or accuracy under Metro 2 and GAAP.

## Count II: Violations of the Gramm-Leach-Bliley Act (GLBA) – Safeguards Rule

**(Against GreenSky, Avant, and Capital One)**
Defendants failed to implement adequate safeguards under 16 C.F.R. Part 314 to protect Plaintiff's nonpublic personal information and improperly disseminated such data without consent, in violation of 15 U.S.C. § 6801.

## Count III: Constructive Fraud and Misrepresentation

**(Against Equifax, Experian, TransUnion, GreenSky, Avant, and Capital One)**
Defendants knowingly furnished false and misleading information, including inflated balances and false delinquencies, in contradiction of accounting standards and federal reporting obligations. This includes unlawful retention of charge-off balances, despite 1099-C issuance or GAAP requirements for $0 reporting post write-off.

## Count IV: Breach of Fiduciary Duty Under Constructive and Equitable Trust

**(Against GreenSky, Avant, and Capital One)**
Defendants assumed fiduciary obligations by receiving negotiable instruments, representing lawful authority, and engaging in account servicing activities—yet refused lawful performance, ignored discharge tenders, and failed to act with loyalty, full disclosure, or good faith.

## Count V: Violation of UCC Article 3 – Lack of Lawful Consideration and Void Contracts

**(Against GreenSky, Avant, and Capital One)**
Defendants failed to provide full disclosure and lawful consideration, rendering any alleged agreements void under UCC §§ 3-303 and 3-305. Plaintiff received no lawful United States money as defined by Public Law 73-10 or 31 U.S.C. § 3123.
Further, Defendants concealed securitization, collateralization, and monetization of the notes, violating contract and trust principles. Plaintiff seeks declaratory judgment and rescission for failure of consideration, absence of mutual assent, and constructive fraud in the inducement.

## Count VI: Declaratory and Injunctive Relief Under Equity

**(Against All Defendants)**
Plaintiff seeks an equitable determination that all reported charge-offs, post-charge-off balances, and data entries made without verified authority are void ab initio and must be permanently rescinded from credit records. Injunctive relief is warranted to prevent further reporting and injury.

## Count VII: Civil Money Penalties

**(Against GreenSky, Avant, and Capital One)**
Defendants are subject to civil penalties under:

- **12 U.S.C. § 1818(i)** (violation of federal banking standards),
- **15 U.S.C. §§ 1681, 6801** (FCRA and GLBA violations),
- **Uniform Commercial Code Article 3** (discharge, dishonor, and unlawful enforcement).

Plaintiff seeks penalties in the amount of **$500,000 per Defendant**, due to ongoing willful injury, bad faith rejection of lawful discharge, and obstruction of redress.

## Count VIII: Integration of Prior Filings Under Rule 8(d)

Plaintiff incorporates by reference all prior filings, including the original state complaint, affidavit of facts, verified notices, conditional acceptances, memorandum of law, and supplemental submissions. This includes references to:

- Public Law 73-10;
- The Trading with the Enemy Act;
- The Federal Reserve Act and lawful tender statutes;
- Gramm-Leach-Bliley Act (15 U.S.C. § 6801);
- Fair Credit Reporting Act (15 U.S.C. § 1681);
- UCC Article 3;
- 12 U.S.C. § 1818(i);
- All unrebutted affidavits and lawful tenders.

This integration is made pursuant to **Federal Rule of Civil Procedure 8(d)** and shall not operate to waive, dismiss, or reset any defaults previously triggered.

**NOTICE OF TRUST DUTY AND PERFORMANCE REQUIREMENT**

Plaintiff places this Court on notice that this proceeding invokes equitable and trust-based principles. The presiding Judge, as trustee, holds fiduciary duties to safeguard the rights and equitable interests of the living beneficiary—Plaintiff—who appears privately, without consenting to commercial status or corporate assumption.

The legal entity named in the caption is entrusted to the Court for protection and equitable remedy. This action does not constitute consent to statutory jurisdiction or waiver of private status. The Court is reminded that judicial neutrality, not advocacy, is a requirement under fiduciary law and oath of office.

Defendants' failure to respond to each specific factual allegation, legal claim, and equitable assertion in this Amended Complaint shall constitute point-by-point tacit admission under equity and trust law. General denials, evasions, or refusals to provide verified rebuttals shall be deemed insufficient and dishonorable, invoking estoppel and commercial default.

All parties are bound to perform in good faith under the Federal Rules of Civil Procedure, including Rule 1, which mandates a just, speedy, and inexpensive determination of every action.

This amendment shall not be construed as resetting any deadlines, defaults, or procedural obligations already triggered. Equity bars the reward of delay or evasion through procedural reset. Defendants remain bound by their prior omissions and are estopped from claiming benefit from their own inaction or nonresponse.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands the following relief:

1. **Equitable rescission** and permanent deletion of all inaccurate, unverifiable, or unlawfully reported data from Plaintiff's credit reports, including false delinquencies, inconsistent charge-offs, and fabricated balances, pursuant to this Court's equitable authority and 15 U.S.C. § 1681c.
2. **Declaratory judgment** that Defendants Avant, GreenSky, and Capital One lack lawful standing to report post-charge-off balances, enforce collection, or furnish data where the alleged accounts have been securitized, discharged, or canceled by operation of law under IRS, GAAP, and UCC standards.
3. **Declaratory judgment** that Avant, GreenSky, and Capital One violated their duties under the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) and failed to comply with the FTC's Safeguards Rule (16 C.F.R. Part 314), resulting in unauthorized dissemination of Plaintiff's nonpublic personal information.
4. **Statutory, equitable, and punitive damages** in an amount not less than $500,000 **per furnisher**—Avant, GreenSky, and Capital One—pursuant to:
     o   12 U.S.C. § 1818(i) (civil money penalties),

- 15 U.S.C. § 6805 (GLBA enforcement),
- and applicable provisions of the UCC and equitable trust law, for repeated violations, misrepresentation of balances, refusal to honor lawful payment instruments, breach of fiduciary duty, and continued harm to Plaintiff's financial and personal welfare.

5. **Statutory, equitable, and punitive damages** in an amount not less than $500,000 **in the aggregate** against **Equifax, Experian, and TransUnion**, pursuant to 15 U.S.C. §§ 1681n and 1681o, for willful and negligent violations of the FCRA, including:
   - Reporting inaccurate, incomplete, or unverifiable information;
   - Failing to conduct reasonable reinvestigations in response to Plaintiff's disputes;
   - Furnishing disputed data without verification or legal justification;
   - Causing denial of credit, reputational damage, and emotional distress.

6. **Declaratory judgment** that any contract or alleged obligation lacking equal consideration, full disclosure, or lawful substance is void ab initio and unenforceable under UCC §§ 3-303, 3-305, and applicable equity doctrines.

7. **Enforcement of fiduciary obligations** against all officers of the court and parties under constructive trust principles, requiring that all proceedings adhere to the standards of equity, neutrality, and lawful delegation of authority.

8. • **Preservation of all rights, remedies, and defaults** previously triggered, including Plaintiff's right to pursue estoppel, judgment by admission, or additional sanctions for failure to answer the amended complaint or any prior conditional acceptances or notices.

Plaintiff further reserves all rights under UCC § 1-308, 28 U.S.C. § 1746, and any unrebutted factual or lawful presumptions already established on the record.

Respectfully submitted,

/s/ **Malick-Fardy Babah Traore**
Malick-Fardy Babah Traore
July21, 2025
2522 S Darien St, Philadelphia, PA 19148

# VERIFICATION

I, Malick-Fardy Babah Traore, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing facts stated in this Amended Complaint are true and correct to the best of my knowledge, understanding, and belief.

This verification is made in good faith, without waiver of any rights, remedies, or objections to jurisdiction, and with full reservation of all unalienable rights under UCC § 1-308. I verify that I am competent to make this declaration and that all factual assertions herein are based on personal knowledge, evidence, or properly supported inference.

Executed this 21th day of July, 2025
At: Philadelphia County, Pennsylvania

By:  _____

Malick-Fardy Babah Traore
Private living man, sui juris,
 without the United States

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**MALICK-FARDY BABAH TRAORE,**
*Plaintiff,*
v.
**EQUIFAX INFORMATION SERVICES LLC, et al.,**
*Defendants.*

**Civil Action No. 2:25-cv-02822-GJP**

Plaintiff Malick-Fardy Babah Traore, a living man appearing in proper person and not as a corporate fiction, respectfully submits this Memorandum in support of his Amended Verified Complaint. This filing preserves Plaintiff's equitable and statutory rights, asserts jurisdiction under trust and positive law, and clarifies procedural irregularities and commercial injuries resulting from Defendants' conduct.

## I. INTRODUCTION

This action seeks redress for credit reporting violations, constructive fraud, fiduciary breaches, and statutory noncompliance. It is brought pursuant to the Fair Credit Reporting Act (FCRA), the Gramm-Leach-Bliley Act (GLBA), applicable Uniform Commercial Code (UCC) provisions, and public law including Public Law 73-10 and the Trading with the Enemy Act. Plaintiff also invokes the equitable jurisdiction of this Court to enforce trust duties, prevent constructive conversion, and remedy harm from unverified claims and misreporting.

This action arises under the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), the Gramm-Leach-Bliley Act, and constitutional protections under the Fifth and Fourteenth Amendments guaranteeing due process in connection with government-delegated credit reporting systems.

## II. BASIS IN POSITIVE LAW AND EQUITY

Plaintiff's claims arise from violations of the following enforceable provisions of law:

- **FCRA (15 U.S.C. § 1681 et seq.)** – Misreporting, failure to correct errors, and refusal to investigate disputes;

- **GLBA (15 U.S.C. § 6801 et seq.)** – Failure to safeguard personal financial data;
- **Privacy Act (5 U.S.C. § 552a)** – Unauthorized use and dissemination of private records;
- **Uniform Commercial Code (UCC Articles 3 & 9)** – Absence of lawful consideration and defects in contract formation;
- **Public Law 73-10 and 31 U.S.C. § 3123** – Right of discharge using lawful tender, and prohibition against coercion to perform using debt-based currency;
- **Trading with the Enemy Act** – Restriction on enforcement of commercial obligations against private nationals absent clear statutory authority.

These laws are not theoretical; they are enforceable instruments of positive law, published in the Federal Register and Statutes at Large, and binding upon all actors.

## II-A. ENFORCEABILITY OF STATE COMMERCIAL CODE AND UCC EQUIVALENTS

Although some argue the Uniform Commercial Code (UCC) lacks independent legal force, Plaintiff invokes its provisions as codified and enforceable through the **Pennsylvania Commercial Code**. The Commonwealth of Pennsylvania has adopted the UCC, including Articles 3 and 9, through statutory enactment at **13 Pa. C.S. § 1101 et seq.** This incorporation grants full legal effect and enforceability to:

- **Article 3** (Negotiable Instruments), including §§ 3104–3118 and §§ 3301–3305 governing validity, negotiation, and defenses to instruments;
- **Article 9** (Secured Transactions), addressing collateralization and rights of parties in security interests.

This legal framework supports Plaintiff's position that alleged debts created through instruments lacking equal consideration, full disclosure, and lawful purpose are void or voidable under state law. Because jurisdiction was removed to this federal court sitting in Pennsylvania, the **Erie doctrine** requires the Court to apply **substantive state law** where applicable.

Therefore, the doctrines and defenses asserted under Pennsylvania's codified UCC provisions remain valid grounds for Plaintiff's claims of lack of contract formation, invalid consideration, and breach of fiduciary duties by financial entities.

The UCC is a model law adopted by all 50 states with minimal variation. Article 3 (negotiable instruments) and Article 9 (secured transactions) are codified respectively as 13 Pa. C.S., O.C.G.A. § 11, 810 ILCS 5, Va. Code § 8.3A, and Cal. Com. Code § 3.

## III. STANDING AND EQUITABLE JURISDICTION

Plaintiff is a private living man, not a statutory person, and has suffered direct harm from commercial reporting and misrepresentation. The Court sits in equity and thus must act as

**fiduciary trustee**, with Plaintiff as the equitable **beneficiary**. This obligates the Court to uphold fairness, protect rights, and ensure remedy.

**Maxims of Equity Applied:**

- Equity regards as done what ought to be done;
- A right without a remedy is no right at all;
- He who comes into equity must come with clean hands.

## IV. TRUST-BASED AND PROCEDURAL FRAMEWORK

This memorandum and complaint are submitted under special appearance and do not constitute voluntary submission to statutory jurisdiction.

- **Rule 1**: This proceeding must be conducted justly and without unnecessary cost.
- **Rule 8(d)**: All prior filings, facts, and notices are incorporated by reference.
- **Rule 15(a)(2)**: Amendment is filed in good faith and shall not reset prior defaults or trigger waivers.
- **28 U.S.C. § 1746 and UCC 1-308**: All rights are expressly reserved under penalty of perjury.

Plaintiff entrusts the legal fiction (ens legis) into the care of this Court solely for remedy—not for commercial exploitation or presumption of citizenship or indebtedness.

## V. CONDITIONAL ACCEPTANCE FRAMEWORK

The Amended Complaint contains a properly issued **Conditional Acceptance** against GreenSky, Avant, and Capital One. These Defendants are required to:

- Prove full disclosure of contract terms, securitization, and beneficial holders;
- Demonstrate lawful consideration under UCC §§ 3-303 and 3-305;
- Justify rejection of negotiable instruments and billing error reports issued in good faith;
- Provide lawful authority under Public Law 73-10 and 31 U.S.C. § 3123 to demand fiat-only repayment;
- Show valid FARA registration or legal authority to act on behalf of any foreign or undisclosed principals.

Failure to rebut the Conditional Acceptance within a reasonable time constitutes **tacit admission, dishonor,** and **breach of equity** and trust.

## VI. DAMAGES AND PRAYER FOR RELIEF

Plaintiff seeks the following:

- **Statutory, equitable, and punitive damages** of $500,000 per violating Defendant, including Capital One;
- **Declaratory judgment** confirming the absence of lawful standing, contract formation, or data authority;
- **Civil penalties** under **12 U.S.C. § 1818(i)** for ongoing GLBA, FCRA, and trust law violations;
- **Equitable rescission** of all derogatory entries and false reports from Plaintiff's credit file;
- **Fiduciary enforcement** against both private parties and the Court under trust principles.

## VII. CONCLUSION

This memorandum reaffirms Plaintiff's right to proceed under equity, not by statutory submission, but due to procedural removal. The Court must now perform its fiduciary role. All claims are grounded in law, equity, commercial practice, and documentary evidence. Relief is warranted as a matter of right and remedy.

**Respectfully submitted,**
**/s/ Malick-Fardy Babah Traore**
Malick-Fardy Babah Traore
2522 S. Darien St., Philadelphia, PA 19148
**Dated:** July 21, 2025

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Malick-Fardy Babah Traore,**
Plaintiff,
v.
**Equifax Information Services, LLC, et al.,**
Defendants.

Civil Action No. _____


# [PROPOSED] ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

AND NOW, this ____ day of _____, 2025, upon consideration of Plaintiff's timely filed **Amended Complaint**, submitted pursuant to the Court's Order granting leave to amend by August 4, 2025, and upon the Court's independent review of the record, it is hereby:

**ORDERED** that:

1. Plaintiff's **Amended Complaint** is accepted and deemed filed as of the date of this Order;
2. All prior filings, notices, and exhibits referenced under Federal Rule of Civil Procedure 8(d) are hereby incorporated by reference;
3. Any deadlines or defaults already triggered by prior service or non-response shall remain in effect unless expressly modified by further Order of this Court;
4. Defendants shall respond to the Amended Complaint within the time prescribed by the Federal Rules of Civil Procedure or any applicable prior Order;
5. The Clerk of Court is directed to enter the Amended Complaint on the docket accordingly.

**IT IS SO ORDERED.**


                                                          **Hon. Gerald J. Pappert**
                                                          United States District Judge

**EXHIBIT A**

**Capital One – Improper Closure, Post-Charge-Off Collection, Credit Reporting Errors, Billing Error, and 1099-C**

Plaintiff submits the following five violations committed by Capital One:

1. **Improper Account Closure After Payment (Adverse Action):**
   Capital One closed the Plaintiff's account and marked the payment as **fraudulent**, despite the fact that the negotiable instrument used satisfied the minimum amount due under the Pennsylvania Commercial Code. This constitutes **unlawful adverse action** and constructive dishonor.

2. **Third-Party Collections After Charge-Off (FDCPA & FCRA Violation):**
   After the charge-off, Plaintiff received a letter from a **third-party debt collector** attempting to collect on the account. This post-charge-off collection contradicts Capital One's own claim that the debt was written off, and **triggers requirements under 15 U.S.C. § 1681m(a)** for adverse action notice and **15 U.S.C. § 1692g** for debt validation.

3. **Inconsistent Credit Reporting (Metro 2 and GAAP Violation):**
   Capital One reported the account as "120 days late" **two times** and then marked it "OK" in a subsequent month—**after the account had been charged off**. This is internally inconsistent and violates FCRA accuracy standards and GAAP rules, which require account status to follow logical and financial continuity.

4. **Billing Error Notice Ignored (15 U.S.C. § 1666 Violation):**
   Plaintiff submitted a **certified billing error dispute** to Capital One. Despite proof of delivery, Capital One failed to respond in writing or correct its tradeline, violating obligations under the Fair Credit Billing Act and Regulation Z.

5. **1099-C Debt Cancellation Notification (IRS Compliance Violation):**
   Plaintiff submitted a **Form 1099-C** showing debt cancellation. Capital One did not update the tradeline to reflect the discharge and continued furnishing data with a balance, in violation of **26 CFR § 1.6050P-1** and **15 U.S.C. § 1681s-2(a)**.

**Attachments (summarized):**

- Credit report excerpts showing 120-day lates followed by "OK" status post charge-off.

- Debt collector letter from third party acting on Capital One's behalf.

- USPS tracking for billing error dispute.

- Redacted 1099-C submitted to Capital One.

These facts demonstrate a pattern of misreporting, non-responsiveness, and post-charge-off abuse, supporting Plaintiff's claims under FCRA, FDCPA, TILA, and IRS regulations.

Closure

<        **Account Details**

This account was closed on Jun 10, 2024

## CAPITAL ONE
Last reported May 31, 2025

## $3,408
Reported balance

**Credit limit**             **$4,200**

You're using 81% of your account's limit

OVERVIEW

Credit limit           **$4,200**

Minimum monthly payment      --

Opened        **Apr 24, 2019 (6 yrs, 1 mos)**

PAYMENT HISTORY

You've made **86%** of payments on time

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ⚠ | ⚠ | ⚠ | ⚠ |   |   |   |   |   |   |   |   |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✕ | ✕ | ✕ | ✕ | ✕ |



For you     Cards     Loans     Insurance     Money

< **Account Details**

This account was closed on Jun 10, 2024

## CAPITAL ONE
Last reported Aug 23, 2024

# $0
Reported balance

**Credit limit**                                    **$500**

You're using    of your account's limit

OVERVIEW

Credit limit                                        **$500**

Minimum monthly payment                             --

Opened                    **Dec 04, 2018 (6 yrs, 6 mos)**

PAYMENT HISTORY

You've made **99%** of payments on time

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 |   |   |   |   |   |   |   |   |   |   |   |   |
| 2023 |   |   |   |   |   |   |   |   |   |   |   |   |

**Capital**One®    P.O. Box 30277
Salt Lake City, UT 84130-0277

June 10, 2024

MALICK TRAORE
A
2522 S DARIEN ST
PHILADELPHIA, PA 19148

Re: Account ending in 7153
Creditor: Capital One N.A.

Dear MALICK TRAORE,

We are closing this account because activity on this or another account is not consistent with our expectations for account usage and violates the Capital One Customer Agreement.

Please stop using this account immediately and destroy any cards and checks associated with it. Also, you should update any recurring payments you have set up using this account, such as gym memberships, subscriptions to online streaming services, etc.

You are still responsible for paying the full amount of any remaining account balance and you'll continue to receive billing statements until the balance reaches zero.

Sincerely,

Capital One

**EQUAL CREDIT OPPORTUNITY ACT**

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assitance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington, DC 20006.

© 2024 Capital One  Capital One is a federally registered service mark

Card_LtrCD0326/MAIL:AP/CD003698/P null/O.Y/EC Y,EM 000PG- 1/QA-1

Identity IQ 2/25/2025



CAPITAL ONE

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 517805942322**** | 51780594**** | 51780594**** |
| Account Type: | Revolving | Revolving | Revolving |
| Account Type - Detail: | Credit Card | Credit Card | - |
| Bureau Code: | Individual | Individual | Individual |

https://member.identityiq.com/CreditReport.aspx                                    12/18

2/25/25, 8:17 AM                                    Credit Report - IdentityIQ

|  | | | |
|---|---|---|---|
| Account Status: | Derogatory | Derogatory | Derogatory |
| Monthly Payment: | $0.00 | $0.00 | $0.00 |
| Date Opened: | 04/24/2019 | 04/01/2019 | 04/01/2019 |
| Balance: | $3,408.00 | $3,408.00 | $3,408.00 |
| No. of Months (terms): | 0 | 0 | 0 |
| High Credit: | $4,711.00 | $0.00 | $3,408.00 |
| Credit Limit: | $4,200.00 | $4,200.00 | $0.00 |
| Past Due: | $3,408.00 | $3,408.00 | $3,408.00 |
| Payment Status: | Collection/Chargeoff | Collection/Chargeoff | Collection/Chargeoff |
| Last Reported: | 02/10/2025 | 02/18/2025 | 02/01/2025 |
| Comments: | Charged off as bad debt Dispute resolved; reported by grantor | Account was in dispute - now resolved - reported by subscriber. Unpaid balance reported as a loss by the credit grantor. | Charged off account Accounts closed by credit grantor |
| Date Last Active: | 06/10/2024 | 01/01/2025 | 07/01/2024 |
| Date of Last Payment: | 05/25/2024 | 05/25/2024 | 07/01/2024 |

## Two-Year payment history

( Legend )

| Month | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 25 | 25 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |
| Experian | CO | CO | 150 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| Equifax | OK | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

DP OF EDUC

Equifax sep 6 2024



| Date | Comment |
|---|---|
| 02/2024 | Account previously in dispute – now resolved by data furnisher |
| 03/2024 | Account previously in dispute – now resolved by data furnisher |
| 04/2024 | Account previously in dispute – now resolved by data furnisher |
| 05/2024 | Account previously in dispute – now resolved by data furnisher |
| 06/2024 | Account previously in dispute – now resolved by data furnisher |
| 07/2024 | Account closed by credit grantor |
| 08/2024 | Account closed by credit grantor |

**Comments 2**

| Date | Comment |
|---|---|
| 06/2024 | Account closed by credit grantor |
| 07/2024 | Credit card |
| 08/2024 | Credit card |

**Comments 3**

| Date | Comment |
|---|---|
| 06/2024 | Credit card |
| 07/2024 | Account previously in dispute – now resolved by data furnisher |
| 08/2024 | Account previously in dispute – now resolved by data furnisher |

**Payment History**

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | | | | |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | | | | | | | | | | | | |

Experian 09/06/2024

**experian.**

Prepared For **MALICK F. TRAORE**   Date generated: Sep 6, 2024

**CAPITAL ONE**                                                                          $3,089
2 late payments                                                                          Closed

▤ Account Info

| | | | |
|---|---|---|---|
| Account name | **CAPITAL ONE** | Balance | $3,089 |
| Account number | **517805XXXXXX** | Balance updated | **Sep 02, 2024** |
| Original creditor | - | Credit limit | $4,200 |
| Company sold | - | Monthly payment | $151 |
| Account type | **Credit card** | Last Payment Date | **May 25, 2024** |
| Date opened | **Apr 24, 2019** | Past due amount | $263 |
| Open/closed | **Closed** | Highest balance | $4,711 |
| Status | Closed. $263 past due as of Sep 2024. | Terms | - |
| | | Responsibility | **Individual** |
| Status updated | **Sep 2024** | Your statement | - |

$ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | **30** | **60** | - | - | - |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

Experian jan 27 2025

1/27/25, 7.55 PM                                                    Experian

## experian.

Prepared For **MALICK F. TRAORE**   Date generated: Jan 27, 2025

**CAPITAL ONE**                                                    $3,408
5 potentially negative months                                      Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **CAPITAL ONE** | Balance | $3,408 |
| Account number | **517805XXXXXX** | Balance updated | **Jan 16, 2025** |
| Original creditor | - | Credit limit | $4,200 |
| Company sold | - | Monthly payment | - |
| Account type | **Credit card** | Last Payment Date | **May 25, 2024** |
| Date opened | **Apr 24, 2019** | Past due amount | $3,408 |
| Open/closed | **Closed** | Highest balance | $4,711 |
| Status | Account charged off. $3,408 written off. $3,408 past due as of Jan 2025. | Terms | - |
| | | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Jan 2025** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | - | - | - | - | - | - | - | - | - | - | - |
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

Exprian Nov 17 2024

11/17/24, 6:24 PM                                                    Experian

## experian.

Prepared For MALICK F. TRAORE   Date generated: Nov 17, 2024

**CAPITAL ONE**                                                      $3,245

4 late payments                                                      Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | CAPITAL ONE | Balance | $3,245 |
| Account number | 517805XXXXXX | Balance updated | Nov 02, 2024 |
| Original creditor | - | Credit limit | $4,200 |
| Company sold | - | Monthly payment | $115 |
| Account type | Credit card | Last Payment Date | May 25, 2024 |
| Date opened | Apr 24, 2019 | Past due amount | $560 |
| Open/closed | Closed | Highest balance | $4,711 |
| Status | Closed. $560 past due as of Nov 2024. | Terms | - |
| | | Responsibility | Individual |
| Status updated | Oct 2024 | Your statement | - |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | **30** | **60** | **90** | **120** | - |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | NR | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

https://usa.experian.com/mfe/credit/printable-report/experian/now                    16/38

Full credit Jan 12 2025



| 2/23/25, 6:46 PM | | Credit Report | | |
|---|---|---|---|
| | **TransUnion** | **Experian** | **Equifax** |
| **Account Number** | 51780594**** | 51780594**** | 51780594**** |
| **Creditor Name** | CAPITAL ONE | CAPITAL ONE | CAP ONE |
| **Date Opened** | Apr 24 2019 | Apr 1 2019 | Apr 1 2019 |
| **Date Closed** | Jun 10 2024 | Not Available | Not Available |
| **Credit Limit** | $4,200.00 | $4,200.00 | $4,200.00 |
| **Monthly Payment** | $116.00 | $116.00 | $116.00 |
| **Account Balance** | $3,325.00 | $3,325.00 | $3,325.00 |
| **Last Reported** | Dec 2 2024 | Dec 2 2024 | Dec 1 2024 |
| **Account Status** | 120 Delinq | 150 Delinq | 120 Delinq |
| **Account Past Due** | $670.00 | $670.00 | $670.00 |

⊘0  ⊖30-60  ⊘Negative  Unknown

**TransUnion**                                                    Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | | | | | | | | | ⊘ |
| 2021 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ |
| 2022 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | | ⊘ |
| 2023 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ |
| 2024 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊖ | ⊖ | ⊘ | ⊘ | |

**Experian**                                                    Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | ⊘ |
| 2023 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ |
| 2024 | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊘ | ⊖ | ⊖ | ⊘ | ⊘ | ⊘ |

about:blank                                                              21/37

| 2/23/25, 6:46 PM | | Credit Report | |
|---|---|---|---|

**Equifax**                                                    Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | ⊖ | ⊖ | ⊘ | ⊘ | | |

Transunion  1 / 27 2025

1/27/25, 7:46 PM                                                Credit Report

**TransUnion**

| Account Number | 51780594**** |
| Creditor Name | CAPITAL ONE |
| Date Opened | Apr 24 2019 |
| Date Closed | Jun 10 2024 |
| Credit Limit | $4,200.00 |
| Monthly Payment | $0.00 |
| Account Balance | $3,408.00 |
| Last Reported | Jan 16 2025 |
| Account Status | Coll/Chargeoff |
| Account Past Due | $3,408.00 |

⊙0  ⊖30-60  ⊘Negative    Unknown

TransUnion                                                       Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|

about blank                                                      7/25

Third party collection



Capital one disputes

| 7/10/24  Capital one<br>04:47 pm Job# 9923488 | 9214890142980405094032<br>Capital one<br>1680 Capital One Drive,<br>McLean, VA 22102 | Delivered<br>Signature | View<br>Letter |
| 7/10/24  Capital one<br>04:47 pm Job# 9923488 | 9214890142980405094049<br>The Bank of New York Mellon Trust Company<br>333 South Hope Street Suite 2525 | Delivered<br>Signature | View<br>Letter |

7/14/25, 3:22 PM                                   Easily Send Certified Mail Online with Delivery Tracking

| 7/12/24  Cap one billing error<br>10:32 am Job# 9935329 | 9214890142980405176691<br>Capital one<br>Billing Rights<br>P.O. Box 30285<br>Salt Lake City UT 84130 | Delivered<br>Signature | View<br>Letter |

| 2/2/25   Notice to Capone<br>01:44 pm Job# 10994681 | 9214890142980412929556<br>Robert Mulligan Jr.<br>Compliance Officer<br>1680 Capital One Drive<br>McLean VA 22102-3491 | Delivered<br>Signature | View<br>Letter |

**EXHIBIT B**

**Avant, LLC – Credit Reporting Violations, Billing Error, and 1099-C**

Plaintiff identifies the following three issues in support of the claims against Avant:

1. **Inaccurate Credit Reporting (FCRA Violation):**
   Avant reported Plaintiff's account as **"90+ days late" for multiple consecutive months,** which is mathematically impossible. A consumer cannot be *simultaneously* over 90 days late for more than three months unless reporting is repeated in error. This misrepresentation harms creditworthiness and violates 15 U.S.C. § 1681s-2.

2. **Billing Error Notice (15 U.S.C. § 1666):**
   Plaintiff sent Avant a billing error dispute by certified mail, challenging account accuracy and demanding verification of the obligation. **USPS tracking shows confirmed delivery.** Avant failed to respond, violating the Fair Credit Billing Act.

3. **1099-C Debt Discharge Notification:**
   Plaintiff issued a **Form 1099-C** under 26 U.S.C. § 6050P to document discharge of the alleged debt. Avant continued furnishing adverse information and failed to rebut or validate the obligation post-discharge, further compounding liability.

**Attachments (summarized):**

- Credit report screenshot showing 90+ day late payments.

- USPS tracking confirming billing error notice delivery.

- Redacted copy of 1099-C sent to Avant.

These combined facts support Plaintiff's claims for statutory damages, injunctive relief, and equitable remedy.

## Credit report pull Feb 2025



| | | |
|---|---|---|
| Account #: | 43096** | 43096** |
| Account Type: | Installment | Installment |
| Account Type - Detail: | Unsecured loan | . |
| Bureau Code: | Individual | Individual |
| Account Status: | Derogatory | Derogatory |
| Monthly Payment: | $0.00 | $0.00 |
| Date Opened: | 08/25/2021 | 08/01/2021 |
| Balance: | $2,507.00 | $2,507.00 |
| No. of Months (terms): | 36 | 36 |
| High Credit: | $5,000.00 | $2,507.00 |
| Credit Limit: | $0.00 | $0.00 |
| Past Due: | $2,507.00 | $2,507.00 |
| Payment Status: | Collection/Chargeoff | Collection/Chargeoff |
| Last Reported: | 02/17/2025 | 02/01/2025 |
| Comments: | Charged off as bad debt Dispute resolved; customer disagrees | Consumer disputes this account information Consumer disputes after resolution |
| Date Last Active: | 02/17/2025 | 02/01/2023 |
| Date of Last Payment: | 12/25/2023 | 02/01/2023 |

### Two-Year payment history

( Legend )

2/25/25, 8:17 AM    Credit Report - IdentityIQ

| Month | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 25 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 24 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 | 23 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |

Sept 06 2024  equifax



| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | CO | | | | | |
| 2023 | ✔ | 30 | 60 | 90 | 90 | 90 | 90 | 90 | 90 | 90 | 90 | 90 |
| 2022 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2021 | | | | | | | | | ✔ | ✔ | ✔ | ✔ |

| | | |
|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | | Payment Responsibility | INDIVIDUAL |
| Credit Limit | | Account Type | INSTALLMENT |
| Terms Frequency | MONTHLY | Term Duration | 36 MONTHS |
| Balance | $2,507 | Date Opened | Aug 25, 2021 |
| Amount Past Due | $2,507 | Date Reported | Aug 16, 2024 |
| Actual Payment Amount | $0 | Date of Last Payment | Dec 2023 |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 28 | Delinquency First Reported | |
| Activity Designator | | Creditor Classification | FINANCIAL |
| Deferred Payment Start Date | | Charge Off Amount | $2,507 |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Unsecured | Date Closed | |

**EQUIFAX**    MALICK-FARDY TRAORE | Sep 06, 2024    Page 31 of 57

Summary    Revolving    Mortgage    Installment    Other    Statements    Personal Info    Inquiries    Public Records    Collections

| | |
|---|---|
| Date of First Delinquency | Feb 01, 2023 |

| Comments | Contact |
|---|---|
| Charged off account | AVANT INC |
| Account previously in dispute -- now resolved by data furnisher | 222 N LA SALLE ST STE 1700 |
| Unsecured | CHICAGO, IL 60601-1101 |
| | (800) 712-5407 |

Sept 6 Experian





Jan 27 2025



1/27/25, 7:55 PM                                                                                          Experian

**experian.**                                                   Prepared For **MALICK F. TRAORE**   Date generated: Jan 27, 2025

# Closed accounts

| AVANT | $2,507 |
|---|---|
| 24 potentially negative months | Closed |

**Account info**

| Account name | AVANT | Balance | $2,507 |
|---|---|---|---|
| Account number | 430960X | Balance updated | Jan 21, 2025 |
| Original creditor | - | Original balance | $5,000 |
| Company sold | - | Monthly payment | - |
| Account type | Unsecured | Last Payment Date | Dec 26, 2023 |
| Date opened | Aug 25, 2021 | Past due amount | $2,057 |
| Open/closed | Closed | Terms | 36 Months |
| Status | Account charged off. $2,057 written off. $2,057 past due as of Jan 2025. | Responsibility | Individual |
| | | Your statement | - |
| Status updated | Jan 2024 | | |

**$ Payment history**

https://usa.experian.com/mfe/credit/printable-report/experian/now                                                                 12/38

1/27/25, 7:55 PM                                                                                          Experian

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | - | - | - | - | - | - | - | - | - | - | - |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | ✓ | 30 | 60 | 90 | 90 | 90 | 90 | 90 | 90 | 90 | 90 | 90 |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | - | - | - | - | - | - | - | - | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met        CO Charge off        30 Past due 30 days

60 Past due 60 days        90 Past due 90 days        - Data Unavailable

**Contact info**

| Address | 222 W MERCHANDISE MART P CHICAGO, IL 60654 |
|---|---|
| Phone number | (800) 712-5407 |

**Comments**

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

Jan 27  Transunion

## Credit History

| | TransUnion |
|---|---|
| Account Number | 43096** |
| Creditor Name | AVANT |
| Date Opened | Aug 25 2021 |
| Date Closed | Jan 31 2024 |
| Credit Limit | $0.00 |
| Monthly Payment | $0.00 |
| Account Balance | $2,507.00 |
| Last Reported | Jan 24 2025 |
| Account Status | Coll/Chargeoff |
| Account Past Due | $2,507.00 |

○0  ⊖30-60  ⊘Negative    Unknown

TransUnion                                              Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Full report 2/23/25

2/23/25, 6:46 PM                                          Credit Report

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Account Number** | 43096** | 43096** | 43096** |
| **Creditor Name** | AVANT | AVANT | AVANT |
| **Date Opened** | Aug 25 2021 | Aug 1 2021 | Aug 1 2021 |
| **Date Closed** | Jan 31 2024 | Not Available | Not Available |
| **Credit Limit** | $0.00 | $0.00 | $0.00 |
| **Monthly Payment** | $0.00 | $0.00 | $0.00 |
| **Account Balance** | $2,507.00 | $2,507.00 | $2,507.00 |
| **Last Reported** | Dec 31 2024 | Dec 31 2024 | Aug 1 2024 |
| **Account Status** | Coll/Chargeoff | Coll/Chargeoff | Coll/Chargeoff |
| **Account Past Due** | $2,507.00 | $2,507.00 | $2,507.00 |

⊙ 0    ⊖ 30-60    ⊙ Negative    Unknown

TransUnion                                                Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Experian                                                 Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 |  |  |  |  |  |  |  |  |  |  |  | ⊙ |
| 2023 | ⊙ | ⊖ | ⊖ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ |
| 2024 | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ |

Equifax                                                  Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 |  |  |  |  |  |  |  |  |  |  |  |  |
| 2023 | ⊖ | ⊖ |  | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ | ⊙ |  |

about blank                                                              4/37

2/23/25, 6:46 PM                                          Credit Report

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 |  |  |  |  |  |  |  |  |  |  |  |  |

Transunion 9/6/24

## Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current, Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### Account Name

AVANT 43096''

### Account Information

| | |
|---|---|
| Address | 222 W MERCHANDISE MART PLAZA SUITE 900<br>CHICAGO, IL 60654 |
| Phone | (800) 712-5407 |

https://annualcreditreport.transunion.com/dss/disclosure.page                                    8·80

| | |
|---|---|
| Monthly Payment | $0 |
| Date Opened | 08/25/2021 |
| Responsibility | Individual Account |
| Account Type | Installment Account |
| Loan Type | UNSECURED |
| Balance | $2,507 |
| Date Updated | 08/15/2024 |
| Payment Received | $0 |
| Last Payment Made | 12/26/2023 |
| High Balance | $5,000 |
| Original Creditor | AVANT LLC |
| Past Due | $2,507 |
| Pay Status | >Charge-off< |
| Terms | $0 per month, paid Monthly for 36 months |
| Date Closed | 01/31/2024 |
| Estimated month and year this item will be removed | 01/2030 |
| Remarks | Account previously in dispute-now resolved, reported by credit grant. UNPAID BALANCE CHARGED OFF |

https://annualcreditreport.transunion.com/dss/disclosure.page                                    9·80

Payment History

| September 2021 | October 2021 | November 2021 | December 2021 | January 2022 | February 2022 |
|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK |

| March 2022 | April 2022 | May 2022 | June 2022 | July 2022 | August 2022 |
|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK |

| September 2022 | October 2022 | November 2022 | December 2022 | January 2023 | February 2023 |
|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | 30 |

| March 2023 | April 2023 | May 2023 | June 2023 | July 2023 | August 2023 |
|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating |
| 60 | 90 | 90 | 90 | 90 | 90 |

https://annualcreditreport.transunion.com/dss.disclosure.page                                    1540

Proof of billing error and 1099 C

| 2/2/25    Notice to Avant 01:38 pm Job# 10994666 | Atlanta GA 30342 **9214890142980412929532** Karoline Andris Compliance Officer 222 W Merchandise Mart Plaza, Suite 900 Chicago, IL 60654 | Mailed Signature | View Letter |
|---|---|---|---|
| 11/17/24 Avant billing error 03:14 pm Job# 10621150 | **9214890142980410248659** Avant - Disputes 222 W Merchandise Mart Plaza, Suite 900, Chicago Il 60654 | Mailed | View Letter |
| 7/6/24    Avant- Charge off 07:17 am Job# 9901192 | Atlanta GA 30342 **9214890142980404979781** WebBank c/o Avant Matt Bochenek 222 N. LaSalle Street, Suite 1700 Chicago IL 60601 | Returned | View Letter |

7/14/25, 3:22 PM                              Easily Send Certified Mail Online with Delivery Tracking

| 7/6/24     Avant- Charge off<br>07:17 am Job# 9901192 | 92148901429804049797998<br>WELLS FARGO<br>Attention to: MICHAEL P. SANTOMASSIMO<br>420 Montgomery Street<br>San Francisco CA 94104 | Delivered<br>Signature | View<br>Letter |

**EXHIBIT C**

**GreenSky, LLC – Credit Reporting Conflicts, Billing Error, and 1099-C**

Plaintiff submits the following three violations committed by GreenSky:

1. **Conflicting Credit Reporting Across Bureaus (FCRA Violation):**
   GreenSky reported the account as **charged off** while simultaneously reporting a **non-zero balance** across multiple credit bureaus. This contradicts GAAP, IRS guidelines, and Metro 2 standards, which require a $0 balance upon charge-off or issuance of a 1099-C.
   Additionally, GreenSky's reporting to **TransUnion** showed "OK" payment statuses post charge-off, further indicating **false or manipulated data**.

2. **Billing Error Notice (15 U.S.C. § 1666):**
   Plaintiff submitted a **billing error dispute** to GreenSky via certified mail, challenging the balance and requesting verification. USPS tracking confirms delivery. GreenSky failed to respond in writing and refused to provide resolution in the format requested (email/mail), violating the Fair Credit Billing Act and 12 CFR § 1026.13.

3. **Form 1099-C Filing – Debt Discharge:**
   Plaintiff issued a **Form 1099-C** to document discharge of the alleged account. Despite notice, GreenSky continued negative reporting and failed to update the tradeline to reflect discharge, in violation of 15 U.S.C. § 1681s-2(a)(1)(A) and IRS regulations under 26 CFR § 1.6050P-1.

**Attachments (summarized):**

- Credit report excerpts showing charged-off status with remaining balance.

- USPS tracking confirmation of billing error delivery.

- Redacted copy of Plaintiff's 1099-C sent to GreenSky.

These facts support Plaintiff's claim for statutory damages and equitable relief under FCRA, TILA, and related federal statutes.

Greensky

IdentityIQ 02/25/2025



| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 710000620618**** | 710000620618**** | 710000620618**** |
| Account Type: | Installment | Installment | Installment |
| Account Type - Detail: | Unsecured loan | Unsecured loan | - |
| Bureau Code: | Individual | Individual | Individual |
| Account Status: | Derogatory | Derogatory | Derogatory |
| Monthly Payment: | $0.00 | $0.00 | $0.00 |
| Date Opened: | 07/08/2022 | 07/01/2022 | 07/01/2022 |
| Balance: | $13,949.00 | $13,949.00 | $13,949.00 |
| No. of Months (terms): | 96 | 96 | 96 |
| High Credit: | $15,000.00 | $15,000.00 | $13,949.00 |
| Credit Limit: | $0.00 | $0.00 | $0.00 |
| Past Due: | $13,949.00 | $13,949.00 | $13,949.00 |
| Payment Status: | Collection/Chargeoff | Collection/Chargeoff | Collection/Chargeoff |
| Last Reported: | 11/30/2024 | 02/13/2025 | 02/01/2025 |

https://member.identityiq.com/CreditReport.aspx    15/18

2/25/25, 8:17 AM                                   Credit Report - IdentityIQ

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Comments: | Charged off as bad debt Account information disputed by consumer, meets FCRA requirements | Customer disputed account - reported by subscriber. Unpaid balance reported as a loss by the credit grantor. | Consumer disputes this account information Charged off account |
| Date Last Active: | 11/30/2024 | 11/01/2024 | 08/01/2024 |
| Date of Last Payment: | 05/25/2024 | 04/25/2024 | 08/01/2024 |

### Two-Year payment history

( Legend )

| Month | Feb Jan Dec Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec Nov Oct Sep Aug Jul Jun May Apr Mar |
|---|---|
| Year | 25 25 24 24 24 24 24 24 24 24 24 24 24 24 23 23 23 23 23 23 23 23 23 23 |
| TransUnion | |
| Experian | CO    CO CO  90  60  30       OK OK OK OK OK OK |
| Equifax | OK OK OK  90  60  30  OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK |

2/23/2025 full credit report

Cleary see a 0 balance here.



Transunion website report

1/27/25, 7.46 PM

Credit Report

**TransUnion**

| | |
|---|---|
| **Account Number** | 710000620618**** |
| **Creditor Name** | BMOHSBK/GSKY |
| **Date Opened** | Jul 8 2022 |
| **Date Closed** | Nov 30 2024 |
| **Credit Limit** | $0.00 |
| **Monthly Payment** | $0.00 |
| **Account Balance** | $0.00 |
| **Last Reported** | Nov 30 2024 |
| **Account Status** | Coll/Chargeoff |
| **Account Past Due** | $0.00 |

⊙0  ⊖30-60  ⊘Negative    Unknown

TransUnion                                                            Days past due: 0

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|

about:blank                                                                        8/25

---

## Proof of billing error + 1099C

| | | | |
|---|---|---|---|
| 7/6/24   Greensky Loan 1099 C<br>09:21 am Job# 9901331 | <u>9214890142980404979712</u><br>GreenSky<br>Attention to: Angela Nagy CFO<br>5565 Glenridge Connector Suite 700<br>Atlanta GA 30342 | <u>Delivered</u><br><u>Signature</u> | <u>View</u><br><u>Letter</u> |
| 7/13/24  Greensky Billing Error 2<br>12:24 pm Job# 9940321 | <u>9214890142980405202321</u><br>GreenSky Attention: Disputes<br>Disputes<br>P.O BOX 2730<br>Alpharetta GA 30023 | <u>Mailed</u> | <u>View</u><br><u>Letter</u> |
| 7/13/24  Greensky Billing Error<br>12:17 pm Job# 9940317 | <u>9214890142980405202314</u><br>GreenSky Disputes<br>Disputes<br>PO Box 29429<br>Atlanta, GA 30359 | <u>Forwarded</u><br><u>Signature</u> | <u>View</u><br><u>Letter</u> |
| 11/17/24 Greensky billing error<br>02:49 pm opportunity to cure<br>     Job# 10621135 | <u>9214890142980410248635</u><br>GreenSky Attention: Disputes<br>Disputes<br>P.O BOX 2730<br>Alpharetta GA 30023 | <u>Delivered</u><br><u>Signature</u> | <u>View</u><br><u>Letter</u> |

| 1/5/25    Greensky charge off 1099-C<br>11:50 am Job# 10851210 | **9214890142980411903496**<br>GreenSky Disputes<br>Disputes<br>PO Box 29429<br>McLean VA 22102-3491 | Mailed | View<br>Letter |
|---|---|---|---|
| 2/2/25    Notice to Greensky<br>01:41 pm Job# 10994669 | **9214890142980412929549**<br>William Still<br>Compliance Officer<br>5565 Glenridge Connector, Suite 700 | Delivered<br>Signature | View<br>Letter |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Malick-Fardy Babah Traore**
Plaintiff,
v.
Equifax Information Services LLC, et al.,
Defendants.

**Civil Action No.** 2:25-cv-02822-GJP

# CERTIFICATE OF SERVICE

I, Malick-Fardy Babah Traore, hereby certify that on this 25th day of **July 2025**, I will serve true and correct copies of the following documents:

- Amended Complaint
- Memorandum of Law in Support of Plaintiff's Amended Complaint
- Proposed Order (Amended Complaint)
- Exhibits A–C (Capital One, Avant, GreenSky Credit Reporting/Billing Error/1099-C Evidence)
- Supplemental Declaration ( notice of early filling)
- This Certificate of Service

upon the following parties by **United States Mail** (certified), with postage prepaid:

**Joshua D. Hill, Esquire (93772)**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Counsel for Avant, LLC

**Kevin Cornish, Esquire (No. 206698)**
High Swartz LLP
40 East Airy Street
Norristown, PA 19404
kcornish@highswartz.com
Counsel for GreenSky, LLC

**Preston Spadaro, Esquire**
SpadaroP@ballardspahr.com
**Elanor Mulhern, Esquire**
MulhernE@ballardspahr.com

Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Attorneys for Capital One, N.A.

**Equifax Information Services LLC**
P.O. Box 105788
Atlanta, GA 30348-5788

**Experian Information Solutions, Inc.**
P.O. Box 4500
Allen, TX 75013

**Jayme C. Bronson, Esquire (PA ID No. 325481)**
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Jayme.bronson@bipc.com
Counsel for TransUnion LLC

Respectfully submitted,
/s/ **Malick-Fardy B. Traore**
Malick-Fardy B. Traore, Pro Se
2522 S. Darien Street
Philadelphia, PA 19148
malickft@gmail.com

**Dated:** 21th July 2025