IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALICK-FARDY B. TRAORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC; AVANT, LLC; GREENSKY, LLC; CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02822-GJP |

**DEFENDANT AVANT, LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's "rebuttal" to Defendant Avant, LLC's ("Avant") motion to dismiss (ECF No. 85, the "Opposition") once again demonstrates why his First Amended Complaint (ECF No. 52, the "FAC") should be dismissed; it is rife with conclusions and short on facts. Worse yet, Plaintiff's Opposition asserts verifiably incorrect statements and attempts to add allegations not found in the FAC, all used to prop up his ill-fated claims.

Initially, Plaintiff's Opposition misconstrues the record. The Opposition references an Answer by Avant and states that the Court should construe Avant's response as various tacit admissions. (Opp'n ¶¶ 1-3.) To be clear, Avant has not answered Plaintiff's FAC (or Plaintiff's initial Complaint). Avant filed its motion to dismiss under Rule 12(b)(6) and, pursuant to Rule 12(a), was not required to file an answer. Worse yet, Plaintiff now fabricates statements—or, in Plaintiff's mind, "admissions"—by other defendants, which he asserts support his claims and arguments. Plaintiff states, "TransUnion has expressly stated, in its own filings in this case, that all tradeline data originates from the furnisher" and "Experian's written confirmation during this

1

litigation that it obtains Avant's data directly from Avant." (Opp'n ¶¶ 5, 11.) Based on Avant's review of the record in this case, these statements appear to be untrue. Experian has not entered an appearance or filed a responsive pleading or motion in this litigation. And TransUnion's Answer denied Plaintiff's allegations. (*See generally* ECF No. 69.) These statements are yet another illustration of Plaintiff's vexatious nature.[1]

For the reasons stated below, the reasons stated in Avant's memorandum in support of its motion to dismiss (ECF No. 71), and similar reasons outlined in the Court's memorandum dismissing Plaintiff's first Complaint (ECF No. 39), the Court should grant Avant's motion and dismiss the FAC with prejudice.

I. **Plaintiff Waived Counts II–VIII by Failing to Address Avant's Arguments in His Opposition.**

Plaintiff's Opposition does not address any substantive arguments set forth in Avant's motion to dismiss regarding Counts II through VIII. Plaintiff's Opposition merely claims these are "irrelevant legal theories." Not only is Plaintiff's assertion incorrect, but it does not address the substance of Avant's arguments supporting dismissal. Accordingly, Plaintiff waived Counts II–VIII.

Avant argued, *inter alia*, (1) Plaintiff's GLBA claim should be dismissed because the statute does not authorize a private right of action; (2) Plaintiff's constructive fraud and misrepresentation claim should be dismissed because the FCRA preempts this claim, and even if it did not, Plaintiff cannot plead the elements; (3) Plaintiff's breach of fiduciary duty claim should

---

[1] This is merely the tip of the iceberg. Plaintiff's Opposition contains numerous additional assertions and arguments that bear no relevance to his claims, e.g., that Avant "failed to prove lawful consideration" and failed to identify the true creditor. These assertions bear no relevance to Plaintiff's claims as pleaded. Accordingly, Avant has not responded to every single assertion by Plaintiff in the Opposition. This is consistent with Plaintiff's prior conduct in this litigation. (*See, e.g.,* ECF No. 81 (stating Avant waived unspecified rights by not responding "point-by-point" and accusing the Court of "irregular judicial conduct").)

be dismissed because Plaintiff cannot plead a confidential or fiduciary relationship between Plaintiff and Avant; (4) Plaintiff's UCC Article 3 claim should be dismissed because there is no cause of action; (5) Plaintiff's claim for declaratory and injunctive relief should be dismissed because it is a remedy, not a cause of action; and (6) Plaintiff's claim for money damages should be dismissed because they are not independent causes of action. A plaintiff waives a count when he fails to substantively respond to arguments filed in opposition. *See Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 778 (E.D. Pa. 2012) (dismissing claims as unopposed where plaintiff failed to address arguments raised in motion to dismiss); *Sube v. City of Allentown*, 974 F. Supp. 2d 754, 768-69 (E.D. Pa. 2013) ("[A] court may treat a motion, or portion of a motion, as unopposed if the nonmoving party fails to respond to the movant's arguments.").[2] Plaintiff's Opposition only addressed his FCRA claim (Count I)—albeit by restating the FAC's conclusory allegations—but did not address Avant's arguments supporting dismissal of any other claim. Because Plaintiff failed to address Avant's arguments supporting dismissal, he has waived opposition to the dismissal of Counts II–VIII.

## II. Plaintiff Cannot Plead Facts Sufficient to Set Forth an FCRA Claim.

Though Plaintiff's Opposition only addresses two of Avant's arguments supporting dismissal of his FCRA claim, these arguments do not cure the FAC's pervasive deficiencies. Moreover, Plaintiff's Opposition alleges new facts and theories not pled in the FAC and are inconsistent with Plaintiff's earlier filings.

---

[2] E.D. Pa. Civ. R. 7.1(c) provides that any party opposing a motion shall serve a brief in opposition. In the absence of a timely response, the motion may be granted as uncontested. Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed. To put it simply, plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested. *Celestial Cmty. Dev. Corp.*, 901 F. Supp. 2d at 778.

3

### A. Plaintiff Ignores His Contradictory Pleading Regarding Notification to CRAs.

At the outset, Plaintiff's Opposition wholly ignores the contradictory positions he has taken with respect to notifying a credit reporting agency ("CRA") about the credit information he disputed. Plaintiff's silence on this issue speaks volumes. As with Plaintiff's failure to address Avant's arguments supporting dismissal of the FAC's other counts, this failure acts as a tacit admission that dismissal is warranted, and Plaintiff waives opposition on this basis.

Initially, as the Court noted in its memorandum dismissing Plaintiff's initial Complaint, Plaintiff did not allege that he notified a CRA of any alleged inaccurate information by the furnisher because he only alleged that he notified the U.S. Consumer Financial Protection Bureau ("CFPB"), which is not a CRA. (ECF No. 39, at 4.) As this Court held, duties of furnishers under the FCRA are only imposed *after* the furnisher receives notice from a CRA, pursuant to 15 U.S.C. § 1681i(a)(2), that a consumer disputed information that it furnished. (ECF No. 39, at 4; *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3rd Cir. 2011) ("Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer.").) Plaintiff devoted substantial time to arguing that his CFPB reports were enough to trigger Avant's duties. (*See, e.g.,* ECF No. 29, at 1 ("Case law and statutes affirming that CFPB functions as CRA intermediary.")) The Court correctly held that is incorrect because the CFPB is not a CRA. (ECF No. 39, at 4.)

Now, Plaintiff attempts to rewrite history to stave off dismissal. Plaintiff is bound by his earlier pleadings and by Rule 11. Plaintiff did not submit any notices to CRAs, who in turn notified Avant, and Avant had no duty under § 16814s-2(b) because any furnisher duties Plaintiff cites are inapplicable to Avant unless and until he notifies a CRA. Plaintiff has not and cannot plead that necessary fact, and his FCRA claim should be dismissed.

4

### B. Plaintiff's Attempts to Fabricate Notice to a CRA are Insufficient as a Matter of Law.

Plaintiff's Opposition, like the FAC, does nothing more than repeat the "mere restatements of the elements of a claim…not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (cleaned up). Plaintiff's Opposition provides no detail beyond stating he "documented disputes to TransUnion, Experian, and Equifax prior to the litigation." (Opp'n ¶ 11.) Plaintiff cannot point to what inaccurate or misleading information he reported to what credit reporting agency, *how* he allegedly reported to the credit reporting agency, or on what date, and that the credit reporting agency subsequently furnished that report to Avant. Moreover, Plaintiff himself tacitly admits that notice of his FCRA claim is based upon Avant's "*own data transmissions, payment records, or account status*." (Opp'n ¶ 3 (emphasis added).) That is insufficient to plead an FCRA claim. *See Beisel v. ABN Ambro Mortg., Inc.*, 2007 WL 2332494, at *1 (E.D. Pa. Aug. 10, 2007) (dismissing complaint where plaintiff alleged that notice to furnisher came from source other than CRA); *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) (dismissing FCRA claim where plaintiff did not explain how furnishers of her account information failed to investigate any dispute).

Critically here, Plaintiff's FAC alleges no more facts *than what the Court has already determined to be insufficient*. As noted *supra*, Plaintiff's initial Complaint relied on notice to the CFPB, and in Plaintiff's opposition to Capital One's motion to dismiss, Plaintiff then claimed that he submitted "multiple disputes to Credit Reporting Agencies." (Resp. 3, ECF No. 25.) The Court's memorandum dismissing Plaintiff's initial Complaint clearly stated that allegations like this would be insufficient. (ECF No. 39, at 4 n.5). The Court wrote that furnisher's obligations, like Avant's, under § 16814s-2(b) "extend only to the specific information it's been notified is disputed, so Traore must allege the specific information that is inaccurate or incomplete and allege

5

facts showing that he disputed that information to a consumer reporting agency." (*Id.*) Despite this Court's clear instruction, Plaintiff's FAC merely repeated this allegation stating, "Plaintiff submitted timely disputes to Equifax, Experian, and TransUnion, challenging specific inaccuracies tied to data furnished by GreenSky, Avant, and Capital One." (FAC at 3.) Plaintiff wholly ignored the Court's roadmap and has not alleged *any specific information* that is inaccurate or incomplete, as well as facts showing he disputed *that specific information* to a CRA. Thus, the Court should again dismiss Plaintiff's FAC.

### C. Plaintiff's New Theories of Inaccuracy Were Not Alleged in the FAC.

Knowing full-well his claims are again destined for dismissal, Plaintiff's Opposition now attempts to recharacterize his FCRA claim, alleging that Avant created a "false impression of ongoing delinquency" by "reporting repeated delinquencies for a closed, charged-off account" that were "consistent with a retaliatory furnishing pattern." (Opp'n ¶¶ 17-19.) These allegations either differ or were entirely absent from Plaintiff's FAC, where Plaintiff asserted an FCRA claim based on Avant reporting (1) a balance on a charged-off account and (2) late payments that exceeded mathematical possibility. (FAC at 4, 5.) Plaintiff cannot use his Opposition to amend his FAC, and the case law he cites does not support his new theories.[3]

Plaintiff cites *Seamans v. Temple University*, 744 F.3d 853 (3d Cir. 2014), to support his rewritten FCRA claim, but *Seamans* is inapposite. *Seamans* dealt with a student education loan where Temple University, the furnisher in that instance, purposefully omitted relevant facts in its reports to CRAs because Temple wanted to prevent the unpaid loan from "aging off" the plaintiff's credit reports. *Id.* at 862. The Third Circuit explained that this determination was to be made by

---

[3] Once again, even if it did, Plaintiff's FAC does not allege any facts that he contested this specific inaccurate or misleading information with a CRA.

the CRA, not the furnisher, and held that furnishers are obligated to fully and accurately report consumer credit data regarding the collection history and date of delinquency, even for a Higher Education Act loan. *Id.* at 862, 863. *Seamans* does not stand for the proposition that reporting repeated delinquencies for a closed, charged-off account is materially misleading as Plaintiff suggests.

Though the Opposition's allegations are conclusions, not facts, it is axiomatic that courts do not consider new facts raised in an opposition. *See Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)."). "[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Gov't Emps. In. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (cleaned up). Accordingly, the Court cannot consider these new allegations, but even if it did, Plaintiff's own exhibits contradict his new assertions. Plaintiff's credit reports demonstrate his Avant Account was reported as follows: "Account charged off. $2,507 written off. $2,507 past due as of Aug 2024." (ECF No. 1, at 115.) These are factual statements that Plaintiff has not disputed; his dispute is that Avant cannot continue reporting the balance on a charged-off account. Plaintiff may very well have his own recollection of events about Avant's reporting, (Opp'n ¶ 19), but this Court adjudicates claims as pleaded, not as contrived. The FAC's allegations control, and they do not set forth an FCRA claim. Thus, Count I should also be dismissed.

### III.   Conclusion.

For the reasons outlined in Avant's memorandum in support of its motion to dismiss and this reply, Plaintiff's claims fail as a matter of law and should be dismissed. Because Plaintiff has now had multiple opportunities to plead his case, the FAC should be dismissed with prejudice.

Dated: August 12, 2025				Respectfully submitted,

							By: /s/ Daniel P. Jackson
							Daniel P. Jackson (admitted *pro hac vice*)
							djackson@vedderprice.com
							Jonathon P. Reinisch (admitted *pro hac vice*)
							jreinisch@vedderprice.com
							Joshua D. Elliott (admitted *pro hac vice*)
							jelliott@vedderprice.com

							**Vedder Price P.C.**
							222 North LaSalle Street
							Chicago, IL 60601
							Tel:  (312) 609-7500
							Fax:  (312) 609-5005

							Joshua D. Hill
							jdh@pietragallo.com
							Gaetan J. Alfano
							gja@pietragallo.com

							**Pietragallo Gordon Alfano Bosick & Raspanti, LLP**
							1818 Market Street
							Suite 3402
							Philadelphia, PA 19103
							Tel:  (215) 988-1462
							Fax:  (215) 754-5195

							*Counsel for Defendant Avant, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that notice of such filing was electronically served on all counsel of record and upon *pro se* Plaintiff at:

Malick-Fardy B. Traore
2522 S Darien St.
Philadelphia, PA 19148

        Respectfully submitted,

        /s/ Daniel P. Jackson
        Daniel P. Jackson