IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALICK-FARDY B. TRAORE,<br><br>    *Plaintiff,*<br><br>v.<br><br>TRANSUNION LLC, et al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 25-2822 |

**Pappert, J.**                                                                                                September 19, 2025

## MEMORANDUM

      Malick-Fardy B. Traore sued several credit bureaus and financial institutions for alleged violations of the Fair Credit Reporting Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, and Fair Debt Collection Practices Act. Capital One previously moved to dismiss all counts for failure to state a claim. The Court granted the motion but permitted Traore to amend his federal claims.

      Traore returned with an Amended Complaint. He sued the same credit bureaus and financial institutions alleging an array of federal and state claims. Capital One, Avant and Equifax now move to dismiss the Amended Complaint on the grounds that Traore fails to state claims against them. The Court grants the motions but will allow Traore to amend some of his claims again.

I

      Traore generally alleges that his credit reports contain "inaccuracies." (Am. Compl. ¶ 2, Dkt. No. 52.) Relevant here, Traore's credit reports show a closed Capital One account carrying a past-due balance of $3,408 in credit-card debt. (*Id.* Ex. A at 23.) TransUnion, Equifax and Experian report the debt as charged off and the account

status as "derogatory." (*Id.*) Traore's credit reports also show a closed Avant account carrying a past-due balance of $2,507 in loan debt. (*Id.* Ex B. at 38–39.) TransUnion, Equifax and Experian report this debt as charged off. (*Id.* at 38.) Traore says there are three "inaccuracies" with the information in his credit reports: "false late payments, unverifiable charge-off balances, and alleged delinquencies." (*Id.* ¶¶ 1, 2.) He claims Capital One and Avant "furnished" these inaccuracies to TransUnion, Equifax and Experian who used the information in assembling his credit reports. (*Id.* ¶ 2.). And, Traore says, he "submitted timely disputes" to TransUnion, Equifax and Experian "challenging" the "inaccuracies." (*Id.*)

## II

The Court assesses the sufficiency of a pleading before discovery under Federal Civil Rules 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted). In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2. Because Traore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III

Traore's Amended Complaint asserts seven Counts against Capital One, Avant and Equifax.[1] (Am. Compl. at 7–9.) The Court addresses each in turn.

### A

Traore first claims Capital One, Avant and Equifax violated the Fair Credit Reporting Act. (*Id.* at 8.) The FCRA seeks to ensure "accurate credit reporting." *Safeco Ins. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To achieve this goal, the FCRA regulates (relevant here) two types of entities: "furnishers of information" and

---

[1] Though Traore's Amended Complaint asserts eight Counts, the eighth—labelled "Integration of Prior Filings"—does not assert a claim. (Am. Compl. at 9.) Rather, it purports to "incorporate[]" into the Amended Complaint "all prior filings," including, for example, Traore's "original" complaint. (*Id.*)

3

"consumer reporting agencies." 15 U.S.C. §§ 1681s-2(b), 1681e(b). The FCRA imposes obligations on these entities "in a manner consistent with their respective roles in the credit reporting market." *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020). Furnishers—Capital One and Avant—provide consumer data to consumer reporting agencies "for inclusion in a [credit] report." *Harris v. P.A. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017) (per curiam). Consumer reporting agencies—Equifax—assemble the furnished data into credit reports, allowing others to evaluate the creditworthiness of a particular consumer. 15 U.S.C. § 1681a(f); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2201 (2021).

1

Section 1681s-2(b) of the FCRA imposes duties on "furnishers"—like Capital One and Avant—after they receive notice of a dispute about the "accuracy of any information" they provided to a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). The FCRA provides consumers with a private right of action against furnishers for failing to fulfill their obligations under § 1681s-2(b). *Id.* §§ 1681n, 1681o, & 1681a-2(c). To state a claim under § 1681s-2(b), a plaintiff must first show that the furnisher gave factually inaccurate, or *incorrect*, information to a consumer reporting agency. *Shareef v. Chrysler Cap.*, No. 21-3858, 2022 WL 1045533, at *3 (E.D. Pa. Apr. 7, 2022); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021).[2] If he can make that threshold showing, a plaintiff must also establish that (1) he filed a dispute about the inaccurate information with the relevant consumer reporting agency, (2) the consumer

---

[2] Courts outside of this Circuit have also found that to state a claim under § 1681s-2(b), a plaintiff must allege that the furnisher provided factually inaccurate, or incorrect, information to a consumer reporting agency. *See, e.g.*, *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024).

4

reporting agency notified the furnisher of the dispute triggering the furnisher's obligation to investigate, and (3) the furnisher failed to reasonably investigate the dispute and modify the inaccurate information. *Drame v. Capital Collection Servs.*, 414 F. Supp. 3d 715, 719 (E.D. Pa. 2019); *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014).

Traore fails to state a claim against Capital One or Avant because he does not allege sufficient facts to support three of these elements. To begin, Traore fails to show that Capital One or Avant furnished "inaccurate information." He contends they provided factually incorrect information in three ways. He first claims Capital One and Avant reported past-due balances on his accounts after they charged off those accounts. (Am. Compl. ¶¶ 1, 4). But "charging off a debt does not diminish the legal right of the original creditor to collect the full amount of the debt." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016). When a creditor charges off debt, it simply treats the debt "as a loss" for accounting purposes because "payment is unlikely." *Charge Off*, BLACK'S LAW DICTIONARY (12th ed. 2024). Because a consumer's debt does not "disappear when a creditor charges off [his] debt," *Makela v. Experian Info. Sols., Inc.*, No. 21-386, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021), it is "factually accurate" for a creditor to report a correct past-due balance on a charged off account, *Artemov v. TransUnion, LLC*, No. 20-1892, 2020 WL 5211068, at *5 (E.D.N.Y. Sept. 1, 2020); *see also Shechter v. Experian Info. Sols., Inc.*, No. 20-5552, 2021 WL 323302, at *4 (D.N.J. Jan. 31, 2021). And Traore never alleges that Capital One or Avant reported an *incorrect* balance on his charged off accounts.

5

Traore next claims Capital One furnished false "late payments" and "delinquencies." (Am. Compl. ¶ 1). To support this argument, he claims he sent Capital One a "negotiable instrument" to settle his debt; Capital One rejected this "lawful payment"; and Capital One furnished information about this event to consumer reporting agencies. (*Id.* ¶ 20.) Traore, however, never sent Capital One any actual money to discharge his debt. He sent Capital One a signed piece of paper saying the amount due, $3,408.16, was "enclosed." (Capital One Mem. of L. in Supp. of its Mot. to Dismiss Ex. A at 2, Dkt. No. 68-2.)[3] Traore apparently thinks this piece of paper—which resembles a "promissory note[]"—is "the equivalent of money" because he signed it. *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010) (quotation marks and citation omitted). But saying a piece of paper is worth §3,408.16 does not make it so. *See, e.g.*, *Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (explaining that a consumer did not pass off to a creditor "valid legal tender" when she wrote a bunch of "financial buzzwords on her credit card statement"). Because Traore never actually discharged his debt with money, Capital One accurately reported that he still owed $3,408.16.

Traore lastly claims Capital One and Avant furnished inaccurate information by reporting that he had payments "90+ days" overdue for several months in a row. (Am. Compl. ¶ 7.) Yet he fails to allege any facts to suggest that this information was, in fact, inaccurate. He claims it is impossible for a consumer to have payments "90+ days"

---

[3]     Traore did not attach to his Amended Complaint the "negotiable instrument" he sent to Capital One. Capital One, however, did attach the "negotiable instrument" to its brief in support of its motion to dismiss. (Capital One Mem. of L. in Support of its Mot. to Dismiss Ex. A at 2.) In judging the sufficiency of Traore's Amended Complaint, the Court may consider the negotiable instrument because it is "*integral*" to the Amended Complaint. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in the original).

overdue for several consecutive months. (*Id.*) But he never explains why that is so. If a consumer does not pay a debt for over 90 days, it is accurate for a creditor to report the payment as "90+ days" overdue.

Second, assuming Capital One and Avant furnished "inaccurate" information, Traore fails to allege any facts to show they were obligated to investigate the accuracy of the information. Traore says he "submitted timely disputes" to Equifax, Experian, and TransUnion "challenging specific inaccuracies" in his credit reports "tied to data furnished by" Capital One and Avant. (*Id.* ¶ 2.) But he never says Equifax, Experian or TransUnion notified Capital One or Avant of his disputes. In the "absence" of any allegation of "notice," the Court cannot draw the inference that Capital One or Avant were "obligated under the FCRA to undertake any investigation under § 1681s-2(b)." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011).

Third, Traore does not allege sufficient facts to show that Capital One or Avant failed to reasonably investigate his dispute and modify inaccurate information. He claims Capital One and Avant "fail[ed] to conduct reasonable []investigations." (Am. Compl. at 8.) But the Court need not accept as true this "conclusory statement[]" if the Amended Complaint does not support it with enough alleged facts to plausibly suggest that Capital One and Avant, in fact, failed to reasonably investigate his dispute. *Iqbal*, 556 U.S. at 678. The Amended Complaint does not do so. It contains no factual allegations about the investigation Capital One or Avant conducted.

2

The FCRA also places a number of restrictions on "consumer reporting agencies"—like Equifax. Section 1681e provides that in preparing a consumer report, a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must show that (1) the agency's report contained factually inaccurate information, (2) the procedures it took in preparing the report weren't reasonable, and (3) the inaccurate information caused injury. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010).

Traore fails to state a claim because he does not allege sufficient facts to support at least two of these elements. First, he fails to allege any facts to show that Equifax included factually incorrect information in his credit report. He claims Equifax reported "false late payments, unverifiable charge-off balances, and alleged delinquencies." (Am. Compl. ¶ 1.) In so doing, he ties this § 1681e(b) claim against Equifax to his § 1681s-2(b) claims against Capital One and Avant. Because he fails to state plausible claims against Capital One and Avant under § 1681s-2(b), he cannot state a plausible claim against Equifax under § 1681e(b).

Second, even if Equifax included inaccurate information in Traore's credit report, Traore does not allege any facts to show that Equifax failed to follow reasonable procedures in preparing his report. He alleges that after receiving his dispute Equifax failed to "conduct[] [a] meaningful []investigation." (*Id.* ¶ 5.) But this "threadbare"

statement allows the Court only to speculate about the reasonableness of Equifax's investigation. *Iqbal*, 556 U.S. at 678.

Section 1681i(a)(1)(A) of the FCRA also provides that if a consumer disputes the accuracy of information contained in his file with a consumer reporting agency, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute, a plaintiff must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Whaley v. Wells Fargo*, No. 22-4324, 2023 WL 137454, at *4 (E.D. Pa. Jan. 9, 2023). To the extent Traore alleges a claim under § 1681i(a)(1)(A), he fails to plead sufficient facts to support it. As explained, he fails to show that Equifax included factually incorrect information in his credit report.

B

Traore next claims Capital One and Avant violated the Gramm-Leach-Bliley Act. (Am. Compl. at 8.) But he cannot state any claim under the GLBA because private plaintiffs do not have a cause of action to enforce the statute. *Clark v. TD Bank, NA*, No. 25-881, 2025 WL 1508019, at *2 (E.D. Pa. May 27, 2025); *Gray v. Cap. One Fin. Corp.*, No. 25-925, 2025 WL 1644421, at *5 n.3 (E.D. Pa. June 6, 2025); *Hayward v. Sw. Credit Sys.*, No. 23-3234, 2023 WL 5651987, at *4 n.4 (E.D. Pa. Aug. 31, 2023); *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007).

C

Traore next asserts that Capital One's, Avant's and Equifax's furnishing or reporting of inaccurate information constituted constructive fraud and misrepresentation under Pennsylvania law. (Am. Compl. at 8.) These claims fail for at least two reasons. First, Traore's claims against Capital One and Avant are preempted. Section 1681t(b)(1)(F) of the FCRA preempts state law claims to the extent they regulate "subject matter" under § 1681s-2 "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Here, Traore claims Capital One and Avant committed constructive fraud and misrepresentation by furnishing factually incorrect information about him to consumer reporting agencies. These claims seek to regulate the "responsibilities" of Capital One and Avant in furnishing information, so they are preempted. *Id.*; *see Carrion v. United Student Aid Funds, Inc.*, No. 15-829, 2015 WL 13914997, at *6 (C.D. Cal. Aug. 18, 2025) (holding that the FCRA preempted a state law fraud claim because the plaintiff based it on "the allegation that" a furnisher provided "credit bureaus with inaccurate information"); *see also Ball v. Barclays Bank Del.*, No. 24-1452, 2025 WL 20106, at *3 (D. Nev. Jan. 2, 2025); *Nation v. J.P. Morgan Chase Bank*, No. 22-6585, 2023 WL 4946983, at *4 (D.N.J. Aug. 3, 2023).

Second, in any event, Traore fails to allege sufficient facts to support his claims on the merits. He contends that Capital One, Avant and Equifax committed constructive fraud and misrepresentation by furnishing or reporting "false delinquencies" and "unlawful . . . charge-off balances." (Am. Compl. at 8.) But as

explained in Part III.A, *supra*, Traore fails to allege facts which could show that Capital One, Avant or Equifax furnished or reported inaccurate information.[4]

D

Traore next claims Capital One and Avant breached their fiduciary duties under Pennsylvania law. (Am. Compl. at 8.) To state a claim for breach of fiduciary duty, a plaintiff must show (1) a fiduciary relationship existed between himself and the defendant, (2) the defendant failed to act in good faith and solely for the plaintiff's benefit, and (3) the defendant's breach of his fiduciary duty caused the plaintiff an injury. *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. Ct. 2020).

Traore fails to state a plausible claim because he does not allege sufficient facts to support two of these elements.[5] First, he does not allege any facts to show that Capital One and Avant owed him fiduciary duties. Under Pennsylvania law, a creditor ordinarily does not owe fiduciary duties to a borrower. *Pheasant Ridge Dev. Corp. v. Fulton Fin. Corp.*, No. 2356 EDA 2023, 2025 WL 1013370, at *13 (Pa. Super. Ct. Apr. 1, 2025); *Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Trust Co.*, 560 A.2d 151, 154–55 (Pa. Super. Ct. 1989). This principle stems from the fact that a creditor "acts in

---

[4] Traore's factual allegations do not fit neatly into constructive fraud and misrepresentation causes of action. Under Pennsylvania law, constructive fraud and misrepresentation require the plaintiff to plead (among other things) that the defendant made a false statement or representation on which the plaintiff relied. *Cohen v. Johnson & Johnson*, 634 F. Supp. 3d 216, 234 (W.D. Pa. 2022); *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 784 (E.D. Pa. 2008). Traore claims that Capital One, Avant and Equifax furnished or reported inaccurate information about him. Yet he does not claim that he *relied* on this information in any way.

[5] Neither Capital One nor Avant contend Traore's claims for breach of fiduciary duty are preempted by the FCRA. They are. Again, the FCRA preempts state law causes of action to the extent they seek to regulate "subject matter" under § 1681s-2 "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Traore ties his claims for breach of fiduciary duty to his FCRA claims. Thus, these claims are preempted because they seek to regulate the "responsibilities" of Capital One and Avant in furnishing information. *Id.*

his [own] financial interest." *Schnell v. Bank of N.Y. Mellon*, 828 F. Supp. 2d 798, 806 (E.D. Pa. 2011).  A fiduciary relationship may arise if "the creditor gains substantial control over the debtor's business affairs." *GE Cap. Mortg. Srvs., Inc. v. Pinnacle Mortg. Inv. Corp.*, 897 F. Supp. 854, 863 (E.D. Pa. 1995) (quotation marks and citation omitted).  Traore, however, alleges no facts to suggest that Capital One or Avant gained substantial control over his business affairs.

Second, Traore alleges no facts to show that Capital One or Avant breached fiduciary duties.  To begin, Traore does not provide any reasons why Avant breached its fiduciary duties.  (Am. Compl. at 8.)  Even *pro se* plaintiffs "cannot flout procedural rules"—they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Next, Traore says Capital One "refused" to accept a "negotiable instrument" that he sent to the company to discharge his debts.  (Am. Compl. at 8.)  But, as explained in Part III.A, *supra*, Traore's "negotiable instrument" was not real money.  So Capital One did not possibly breach any fiduciary duty by refusing to accept it.

E

Traore next claims Capital One and Avant violated the Pennsylvania Commercial Code by failing to provide him "full disclosure and lawful consideration" rendering his "agreements" with them "void."  (*Id.*); *see also* (Pl.'s Mem. of L. in Supp. of his Am. Compl. at 14, Dkt. No. 52).  These claims fail because Traore does not "reveal [the] factual or legal basis" for them.  *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (per curiam).  He neither identifies the "agreements" he made with Capital One and Avant, nor does he attach these "agreements" to his Amended

Complaint. To support his claim, he says only that he "received no lawful United States money" from Capital One and Avant and that these defendants "concealed securitization, collateralization, and monetization of . . . notes." (Am. Compl. at 8.) These allegations are too "ambiguous" and "vague" for the Court to decipher, making dismissal appropriate. *Ruther*, 556 F. App'x at 92 (quotation marks and citation omitted).

F

Traore next seeks a declaratory judgment that "all reported charge-offs" and "post-charge-off balances" are "void." (Am. Compl. at 9.) He also seeks an injunction requiring Capital One, Avant and Equifax to delete from their records any information about his "post-charge-off balances." (*Id.*) But Traore cannot state plausible claims for a declaration or an injunction[6] because, as explained, creditors and consumer reporting agencies may furnish or report accurate balances on charged off accounts. *See* Part III.A.

G

Traore, lastly, seeks "civil penalties" against Capital One and Avant under the Federal Deposit Insurance Act, the FCRA, the GLBA, and the Pennsylvania Commercial Code. First, private plaintiffs do not have a cause of action to enforce the Federal Deposit Insurance Act.[7] *Clark v. SoFi*, No. 25-909, 2025 WL 1582459, at *3

---

[6] Traore's claim for injunctive relief also fails because the FCRA does not allow private litigants to seek such relief. *Alexander v. Navy Fed. Credit Union*, No. 25-2833, 2025 WL 2535610, at *6 (E.D. Pa. Sept. 3, 2025).

[7] Even if Traore had a cause of action to enforce this statute, he fails to allege *any* facts to show that the defendants violated it. He also cites no provision of the Act that the defendants allegedly violated.

(E.D. Pa. June 4, 2025). And second, Traore fails to state plausible claims under the FCRA, GLBA, and Pennsylvania Commercial Code.

IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Traore may amend some of his claims consistent with the accompanying Order if he can allege facts which could overcome the shortcomings identified in this Memorandum.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.