IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALICK-FARDY B. TRAORE,<br><br>*Plaintiff,*<br><br>v.<br><br>TRANSUNION LLC, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 25-2822 |

### ORDER

**AND NOW**, this 19th day of September 2025, upon consideration of the Motions to Dismiss filed by Defendants Capital One (Dkt. No. 68), Avant (Dkt. No. 71) and Equifax (Dkt. No. 109), and Plaintiff Malick-Fardy B. Traore's Responses (Dkt. Nos. 85, 86, and 111), it is **ORDERED** that the Motions are **GRANTED**.

1. Traore's claim against Capital One under the FCRA; his claims against Capital One and Avant under the GLBA; his claims against Capital One and Avant under the FDIA; his claims against Capital One, Avant and Equifax for constructive fraud and misrepresentation under Pennsylvania law; his claims against Capital One and Avant for breach of fiduciary duty under Pennsylvania law; his claims against Capital One and Avant under the Pennsylvania Commercial Code; and his claims for declaratory relief and an injunction against Capital One, Avant and Equifax are **DISMISSED with prejudice**.

2. Traore's claims against Avant and Equifax under the FCRA are **DISMISSED without prejudice**.

3. Plaintiff may amend the claims dismissed without prejudice, consistent with the accompanying Memorandum, on or before October 20, 2025.

4. It is also **ORDERED** that Dkt. Nos. 106,[1] 113[2] and 115[3] are **DENIED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1] On August 14, Traore sought leave to file a sur-reply. (Petition for Leave to File a Sur-Reply at 1, Dkt. No. 100.) He then filed a sur-reply and an additional memorandum of law. (Sur-Reply at 1, Dkt. No. 101); (Additional Mem. of L. at 1, Dkt. No. 104). Avant thereafter filed a "motion to strike" Traore's "sur-reply." (Mot. to Strike Plaintiff's Sur-Reply and Memorandum of Law at 1, Dkt. No. 106.) The Court denies Avant's motion as moot.

[2] Traore filed a motion requesting default judgment against Experian and Equifax. (Mot. for Default Judgment at 1–3, Dkt. No. 113.) Even assuming Experian and Equifax were/are late in responding to Traore's Amended Complaint—the Court takes no position on the merits of this argument by Traore—default judgment is not warranted. The decision of whether to grant "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court refuses to grant default judgment here because Traore has not suffered prejudice, his initial and amended Complaints were meritless, and he has presented no evidence that Experian or Equifax acted with culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

[3] Traore filed a motion seeking a "declaration" that he has stated claims under the FCRA. (Mot. for Declaratory Relief at 2, Dkt. No. 115.) Because he has not stated plausible claims under the FCRA, as explained in the Memorandum, the Court denies this motion as moot.