2026 MAY 26 AM 8:51
USDC-EDPA RE'D CLERK

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| Defendants. | ) | |

# MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, respectfully submits the following in **Traore v. TransUnion et al.** (fed:2:25-cv-02822). Plaintiff's structural audit of the record identified 16 defects in adversary filings, of which 11 are facially non-binding under the precedent hierarchy governing this Court. For the reasons stated below, the relief requested should be granted.

## II. PROCEDURAL HISTORY

This action was commenced by Plaintiff in Traore v. TransUnion et al. (2:25-cv-02822). The current posture is active; Dkt 141 entered 2026-05-11.

The Court has entered dispositive orders in this matter. Plaintiff's structural audit of the adversary filings identified 16 defects, of which 11 are fatal under binding-precedent hierarchy rules. These defects are tabulated in the accompanying Scorecard Exhibit.

Plaintiff incorporates the full docket history by reference and confines this section to the matters material to the relief requested below.

Tracking : 9214 8 9014 2 9804 800 63 121

**STATEMENT OF FACTS**

This action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq.

The claims asserted by Plaintiff arise under the following statutes:

1.    FCRA — Willful Noncompliance (15 U.S.C. § 1681n).

2.    FCRA — Negligent Noncompliance (15 U.S.C. § 1681o).

3.    FDCPA — False or Misleading Representations (15 U.S.C. § 1692e).

4.    FDCPA — Unfair Practices (15 U.S.C. § 1692f).

5.    Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-2(4)).

The foregoing facts are established by the record and support each claim asserted by Plaintiff.

**III. STANDARD OF REVIEW**

The standard of review applicable to the relief requested depends on the nature of the underlying issue. Where the question concerns the **validity** of an order -- such as whether a court acted within its jurisdictional scope -- the standard is *de novo. See* FRCP 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Where the question concerns the **application** of binding-precedent hierarchy, the standard is also *de novo* because that hierarchy is a question of law. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991).

**SPECIFIC GROUNDS FOR RECONSIDERATION AS TO EXPERIAN**

**A. The Order at Dkt 141 Rests on a Misapprehension of the Service Record**

1.    The Order entered at Dkt 141 on 2026-05-11 finds that Experian Information Solutions, Inc. was not properly served. This finding misstates the service record.

2.    The primary mailing was deposited via USPS Certified Mail on 2025-07-22 to Experian's address of record and was filed of record the same day as Dkt 54 (Exhibit A, incorporated by reference). The certified mailing was never delivered and never returned to sender. There was no delivery confirmation and no return-to-sender notation.

3.    Subsequent mailings to the same correct address — including a Notice of Default and all other case-related documents — were received and signed for by Experian. Those subsequent receipts establish that the address was correct, deliverable, and consistently accepted by the defendant.

4.    Under the mailbox presumption established by *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884), and *Hagner v. United States*, 285 U.S. 427, 430 (1932), mail that is properly addressed and deposited and that is neither delivered with confirmation nor returned to sender is presumed received in the ordinary course of business.

5.    Under Federal Rule of Civil Procedure 4(l), service is established by the proof required by the means used. Under Federal Rule of Civil Procedure 4(h)(1)(B), service on a corporation may be effected by the methods permitted by Federal Rule of Civil Procedure 4(e)(1), which incorporates state-law service methods. Under Pennsylvania Rule of Civil Procedure 403, original process may be served by certified mail to the defendant's address of record. The address was correct; the presumption of receipt applies; Dkt 54 satisfies Rule 4(l).

IF certified mail was deposited to Experian's address of record on 2025-07-22, AND that mailing was neither delivered nor returned, AND Experian thereafter received and signed for every subsequent mailing to the same address, THEN service was effected, the address was correct, and the mailbox presumption of receipt attaches.

## B. The Order Conflates Two Distinct Legal Questions

6.    The Order at Dkt 141 treats the absence of a delivery confirmation on Dkt 54 as the absence of service. That conflates two distinct legal questions: first, whether service was attempted in a manner authorized by the rules; and second, whether the defendant was on notice.

7.    Both questions are answered in the affirmative by the record. Service was attempted in a manner authorized by Federal Rule of Civil Procedure 4 and Pennsylvania Rule of Civil Procedure 403, as evidenced by Dkt 54. Notice is established by the mailbox presumption and by Experian's receipt and signature for every subsequent mailing to the same address.

8.    Where the rules of service are satisfied and the mailbox presumption attaches, the burden shifts to the defendant to rebut by demonstrating actual non-receipt. Experian has not appeared in this action and has made no such showing. Default is therefore available.

## C. The Court's Reliance on Non-Binding Authority Was Misplaced

9. The Order relies on *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696 (3d Cir. 1996). That decision addresses attorney-client privilege waiver under Federal Rule of Evidence 502 and has no bearing on the sufficiency of service of process.

10. The Order further relies on *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007). Under Third Circuit Internal Operating Procedure 5.7, not-precedential opinions of the Third Circuit are not regarded as precedents that bind the Court. *Pruden* carries no binding authority on this question.

## D. Relief Requested

11. WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. VACATE the Order at Dkt 141 insofar as it finds Experian was not properly served;

b. ENTER a finding that Experian was properly served on July 22, 2025, as reflected at Dkt 54 and as established by the mailbox presumption and by Experian's receipt and signature on all subsequent mailings to the same address;

c. DIRECT the Clerk to enter default against Experian Information Solutions, Inc. on Plaintiff's FCRA willful and negligent claims;

d. AWARD Plaintiff costs and reasonable attorney's fees under 15 U.S.C. § 1681n(a)(3); and

e. GRANT such other and further relief as the Court deems just and proper.

## VIOLATION OF COURT RULES AND BINDING INTERNAL OPERATING PROCEDURES

### 1. Rule

A district court's order must conform to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, and — where the order rests on circuit authority — the Internal Operating Procedures of the United States Court of Appeals for the Third Circuit. A factual finding contradicted by the docket itself is a clear error of law subject to correction under Federal Rule of Civil Procedure 60(b)(1) and Local Rule 7.1(g) of the Eastern District of

Pennsylvania. *See* 28 U.S.C. § 1746 (declarations under penalty of perjury); Fed. R. Evid. 201(b)(2) (mandatory judicial notice of court records).

**2. Specific Violations of Binding Procedural Rules**

The Order at Dkt 141 rests on the following procedural deficiencies, each of which independently warrants reconsideration:

1.      **Federal Rule of Civil Procedure 4** governs the form and sufficiency of service. Where a proof of service is filed of record under Rule 4(l), the docket itself establishes service unless rebutted by competent evidence. The Order contains no such rebuttal and instead disregards the filed proof at Dkt 54.

2.      **Federal Rule of Evidence 201(b)(2)** requires a court to take judicial notice of facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" — including the court's own docket. A finding contradicted by Dkt 54 fails this mandatory standard.

3.      **Local Rule 7.1(g) of the Eastern District of Pennsylvania** establishes the procedural mechanism for reconsideration of a non-final order and a fourteen-day window for filing. This Motion is timely filed within that window.

4.      **Third Circuit Internal Operating Procedure 5.7** provides that not-precedential opinions of the Third Circuit "are not regarded as precedents that bind the court." Reliance on *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007), as binding authority therefore violates this Court's own controlling IOP.

**3. Application**

IF the Court's findings contradict the docket of the very case before it, AND the procedural rules governing this Court mandate judicial notice of the docket, THEN the findings violate Federal Rule of Evidence 201(b)(2) and must be corrected.

IF the Court relies on a not-precedential disposition as binding authority, AND Third Circuit IOP 5.7 forecloses such reliance, THEN the reliance violates the binding procedure of the supervising appellate court.

**4. Authority**

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (clear error of law standard); *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (grounds for reconsideration); Fed. R. Civ. P. 4(l), 60(b)(1); Fed. R. Evid. 201(b)(2); E.D. Pa. L.R. 7.1(g); 3d Cir. I.O.P. 5.7; 28 U.S.C. § 1746.

**5. Conclusion**

Where binding procedural rules are violated, the proper remedy is reconsideration and correction. The Court is respectfully requested to apply Federal Rule of Civil Procedure 60(b)(1) and Local Rule 7.1(g), take judicial notice of Dkt 54 under Federal Rule of Evidence 201(b)(2), disregard reliance on not-precedential dispositions as binding authority under Third Circuit IOP 5.7, and correct the procedural errors identified above.

## DEFENDANTS' RELIANCE ON NON-BINDING AUTHORITY MISSTATES THE PRECEDENT HIERARCHY

**Rule.** A trial court is bound only by decisions of its supervising appellate court on questions of controlling law. Sister-court decisions, out-of-circuit federal opinions, and unpublished dispositions from foreign jurisdictions are persuasive only; they do not bind this Court.

**Application.**

> **IF** Defendants cite a decision from a court that is not within the binding hierarchy of United States District Court for the Eastern District of Pennsylvania, **AND** Defendants present that decision as controlling rather than persuasive, **THEN** the citation misstates the hierarchy of authority and the argument it supports must be disregarded.

> **IF** Defendants' filing in **Traore v. TransUnion et al.** repeatedly substitutes persuasive material for binding authority, **AND** the record cannot be re-anchored without those substitutions, **THEN** the filing fails to satisfy the burden of identifying controlling law and is subject to being stricken.

**Authority.** A motion to strike non-conforming citations is supported by *Pa.R.C.P.* 1028(a)(2) (state court — pleading or paper that fails to conform to law) and *Fed. R. Civ. P.* 12(f) (federal

court — striking insufficient or immaterial matter); see also *3d Cir. R.* 28.3 (binding hierarchy in the Third Circuit).

**Conclusion.** The non-binding citations identified in the record cannot support the relief Defendants seek. The proper remedy is to disregard those citations and require Defendants to re-brief using only authorities binding on this forum. Anything less permits a record built on persuasive material to masquerade as one grounded in controlling law.

## PROCEDURAL DEFECTS IN OPPOSING FILINGS

### 1. Rule

Beyond the substantive deficiencies addressed above, a pleading or motion that is procedurally non-conforming is not entitled to consideration on the merits. Every party who appears before this Court is bound equally by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, and (where applicable) the Pennsylvania Rules of Civil Procedure.

### 2. Application

Opposing filings in this matter contain procedural defects that independently warrant the relief Plaintiff seeks, including:

1. Failures of proper service under Federal Rules of Civil Procedure 4 and 5 (or Pa.R.C.P. 440 in state court);

2. Missed deadlines imposed by the Federal Rules and the scheduling orders of this Court;

3. Absence of required verification under Pa.R.C.P. 1024 (where applicable); and

4. Form non-conformities under the Local Rules of this forum.

### 3. Authority

Where Plaintiff is held to strict compliance — and Plaintiff is — opposing counsel must be too. *See* Fed. R. Civ. P. 4, 5, 7, 11; E.D. Pa. L.R. 7.1; Pa.R.C.P. 440, 1024.

### 4. Equitable Principles

The maxim *equity aids the vigilant, not those who sleep on their rights* requires that parties who diligently pursue their claims be afforded relief when procedural defects by opposing counsel

prejudice their case. Similarly, the principle that *equity will not suffer a wrong without a remedy* supports sanctions where procedural non-conformities are repeated.

### 5. Conclusion

The Court is respectfully requested to enforce the procedural rules uniformly and to disregard, strike, or otherwise discount opposing filings that fail the threshold tests imposed by binding procedure.

## THE RECORD DEMONSTRATES VIOLATION OF MAXIMS OF LAW AND EQUITY

### 1. Rule

The common-law maxim *ubi jus ibi remedium* — where there is a right, there is a remedy — governs this Court's equitable powers. No wrong shall go unredressed when the law provides a remedy.

### 2. Application

IF the record in Traore v. TransUnion et al. demonstrates that Plaintiff has identified 16 structural defects in the adversary filings, of which 11 are fatal under the binding-precedent hierarchy, AND the Court's dispositive orders relied on authority affected by those defects, THEN equity requires that the Court correct the structural errors and afford Plaintiff the remedy to which the law entitles him.

IF Plaintiff has acted diligently in prosecuting this action and has not slept on his rights, AND the challenged orders permit a wrong to stand based on defective authority, THEN the maxim *equity aids the vigilant* supports granting the relief requested.

### 3. Authority

These maxims have been recognized by federal courts for centuries and independently support the relief requested herein. *See, e.g., Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803) ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.").

### 4. Conclusion

Where the law confers a right and the record establishes a wrong, equity supplies a remedy. The relief requested in this Motion accords with that ancient and unbroken principle.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this Court:

     1.     **GRANT** the relief sought in this motion;

     2.     **RECONSIDER, VACATE,** or **STRIKE** the orders or filings identified herein to the extent they rest on the defects described above;

     3.     **TAKE JUDICIAL NOTICE** of the accompanying Scorecard Exhibit tabulating the 16 defects identified in the adversary filings;

     4.     **AWARD** Plaintiff costs reasonably incurred; and

     5.     **GRANT** such further relief as the Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief described above and enter the proposed order submitted herewith.

## EXHIBIT LIST

**Exhibit A** — Proof of Service on Experian Information Solutions, Inc.. *Filed of record at Dkt 54 (2025-07-22); incorporated by reference. No paper copy attached.*

**Exhibit B** — Adversary Scorecard - Defects Attributable to the Court and Opposing Counsel (dated 2026-05-22). *Source document attached behind cover.*

Respectfully submitted,

___/s/Malick-Fardy B. Traore_____

Malick-Fardy B. Traore, *pro se* [1338 chestnut st 1714, Philadelphia, PA, 19107] [malickft@gmail.com]

Dated: ___05/26/2026_____

## CERTIFICATE OF SERVICE

I, Malick-Fardy B. Traore, hereby certify that on the date set forth below, the foregoing was served upon all counsel of record by ECF electronic notice (or by such other method as the Court's rules permit). All counsel of record are deemed to have consented to electronic service.

_/s/Malick-Fardy B. Traore_____

Malick-Fardy B. Traore,

Dated: _05/26/2026____

## PROPOSED ORDER

AND NOW, this _ day of ___, 20_, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED and DECREED that:

1.    The Motion is GRANTED;

2.    The Court's prior order is VACATED to the extent inconsistent with the relief granted herein;

3.    The Clerk shall take all administrative steps consistent with this Order; and

4.    Such further relief as the Court deems just and proper is GRANTED.

BY THE COURT:

_____

PAPPERT, J.

2025 MAY 26 AM8:51
USDC-EDPA REC'D CLERK

# EXHIBIT A

## STARE DECISIS HIERARCHY SCORECARD

*Automated, Rule-Based Audit of Defendants' Authority and Judge-Authored Orders*

**Case: MALICK-FARDY B. TRAORE v. TRANSUNION LLC ET AL.**

Docket No.: 2:25-cv-02822

Court: United States District Court for the Eastern District of Pennsylvania

Audit Generated: May 22, 2026 at 11:02 PM

Judge: Gerald J. Pappert

## EXECUTIVE SUMMARY (PLAIN LANGUAGE)

WHAT THIS DOCUMENT IS. This Scorecard is an automated, rule-based audit of (1) the legal authorities defendants cited in their filings, and (2) the conduct reflected in the judge-authored orders in this case. It does not draw conclusions; it counts citations and applies binding-precedent rules. Citations from the Supreme Court of the United States and the U.S. Court of Appeals for the Third Circuit are binding on this Court. Citations from any other court are not.

WHAT THE AUDIT FOUND. Across 33 adversary filings, the defendants cited 261 legal authorities. Of those, 154 (59%) come from courts whose decisions do not bind this Court. 116 are facially non-binding; 38 require verification. The audit also identified 0 specific findings in the judge-authored orders (e.g., prior-restraint filing bans, sua sponte rulings, labels applied without record support) and 4 additional violations inferred from observable conditions on the docket. 6 discrete legal issues are raised across these filings; for each, this Scorecard lists the binding Supreme Court and Third Circuit precedent that has already decided it.

WHY IT MATTERS. Under stare decisis, a court may not rely on non-binding authority to override binding precedent. Under Federal Rule of Civil Procedure 60(b)(4), an order that rests on a clear error of law — including reliance on non-binding authority, sua sponte rulings without notice, or invocation of constitutional clauses outside their scope — is void of legal effect and may be vacated at any time. The non-binding share in this audit is 59%. Reversibility score: 46/100.

WHAT THE COURT IS BEING ASKED TO DO. Reconsider and vacate the order(s) that rest on the non-binding authorities catalogued below; substitute the binding precedent that decides each issue; and proceed on the record as supplemented by the prima facie evidence already filed.

## METHODOLOGY

This Scorecard combines three analyses: (1) a citation audit across every adversary filing, classifying each citation by its issuing court and applying the binding-precedent hierarchy; (2) a judge-authored-order audit looking for procedural and constitutional issues such as prior-restraint filing bans, sua sponte rulings without notice, mislabeling, and immunity-waiver triggers; and (3) derived inferences from observable conditions (e.g., five or more non-binding citations in a single judicial memorandum supports an inference of Canon 3A(1) implication). Each finding includes its rule basis, the binding authority that controls, and the action the rule prescribes.

## 1. OVERALL SUMMARY

Adversary filings audited: 33   Discrete legal issues: 6   Total citations: 261   Non-binding: 154 (59%)   Binding (SCOTUS+3d Cir.): 107   Judge findings: 0   Derived: 4   Reversibility score: 46/100

## 2. BREAKDOWN BY ISSUING COURT

| Issuing Court | Total | FATAL | SERIOUS | Binding? |
|---|---|---|---|---|
| U.S. Court of Appeals (Third Circuit) | 73 | 0 | 0 | YES — binding |
| an unidentified court | 56 | 56 | 0 | NO — non-binding |
| U.S. District Court (outside Third Cir.) | 37 | 37 | 0 | NO — non-binding |
| Supreme Court of the United States | 34 | 0 | 0 | YES — binding |
| U.S. Court of Appeals (sister circuit) | 21 | 0 | 21 | NO — non-binding |
| U.S. District Court (unpublished) | 21 | 21 | 0 | NO — non-binding |
| Atlantic Reporter (state) | 10 | 0 | 10 | NO — non-binding |
| Pennsylvania Superior Court | 4 | 0 | 4 | NO — non-binding |
| Pennsylvania Commonwealth Court | 3 | 0 | 3 | NO — non-binding |
| U.S. Court of Appeals (unpublished) | 1 | 1 | 0 | NO — non-binding |
| U.S. Court of Appeals (non-precedential) | 1 | 1 | 0 | NO — non-binding |

## 3. BREAKDOWN BY DEFENDANT FILING

| Dkt | Filing | Total | FATAL | SERIOUS | Top Issuing Courts |
|---|---|---|---|---|---|
| Dkt 38-1 | show_temp (10).pdf | 56 | 31 | 10 | an unidentified court (17), U.S. District Court (outside T (13) |
| Dkt 121 | judges memorandum.pdf | 45 | 22 | 9 | an unidentified court (15), U.S. Court of Appeals (Third C (10) |
| Dkt 68-1 | 68-1.pdf | 33 | 20 | 8 | U.S. District Court (unpublish (15), U.S. District Court (outside T (5) |
| Dkt 109-1 | Equifax reply  4 show_temp (21).pdf | 22 | 13 | 1 | an unidentified court (11), Supreme Court of the United St (6) |
| Dkt 39 | show_temp (13).pdf | 14 | 1 | 0 | U.S. Court of Appeals (Third C (9), Supreme Court of the United St (4) |
| Dkt 94 | show_temp (21) avant reply.pdf | 9 | 4 | 1 | U.S. Court of Appeals (Third C (4), U.S. District Court (outside T (3) |
| Dkt 41 | trackletter.php (10).pdf | 7 | 1 | 4 | U.S. Court of Appeals (sister  (2), Supreme Court of the United St (1) |
| Dkt 88 | capital one 8-11.pdf | 7 | 7 | 0 | U.S. District Court (unpublish (5), U.S. District Court (outside T (1) |

| Dkt 27 | show_temp (9)cap one reply.pdf | 6 | 3 | 1 | U.S. Court of Appeals (Third C (2), U.S. District Court (outside T (2) |
| Dkt 126 | ecf 126.pdf | 4 | 3 | 0 | an unidentified court (3), U.S. Court of Appeals (Third C (1) |
| Dkt 130 | ecf 130.pdf | 4 | 4 | 0 | an unidentified court (4) |
| Dkt 50 | avant in support to its motion to dism... | 4 | 2 | 1 | U.S. District Court (outside T (2), Supreme Court of the United St (1) |
| Dkt 28 | transunion 6-17.pdf | 4 | 1 | 1 | Supreme Court of the United St (1), U.S. Court of Appeals (Third C (1) |
| Dkt 41 | show_temp (15).pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 41 | show_temp (16).pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 41 | show_temp (18).pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 41 | show_temp (19).pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 41 | ecf 41.pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 39 | Supplemental brief final.pdf | 3 | 0 | 0 | Supreme Court of the United St (3) |
| Dkt 112 | trackletter the ECF 112 full filling.pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| — | trackletter.php (12).pdf | 3 | 0 | 0 | U.S. Court of Appeals (Third C (3) |
| Dkt 1 | transunion notice.pdf | 3 | 2 | 0 | an unidentified court (2), Supreme Court of the United St (1) |
| Dkt 122 | judges order.pdf | 2 | 0 | 0 | U.S. Court of Appeals (Third C (2) |
| Dkt 122 | ecf 122.pdf | 2 | 0 | 0 | U.S. Court of Appeals (Third C (2) |
| — | NOTICE OF FOREIGN PRINCIPAL AND ATTORN... | 2 | 0 | 1 | Supreme Court of the United St (1), U.S. Court of Appeals (sister (1) |
| — | Avant answer for motion to dismiss ( f... | 2 | 0 | 0 | Supreme Court of the United St (2) |
| — | Avant answer for motion to dismiss ( f... | 2 | 0 | 0 | Supreme Court of the United St (2) |
| — | opposition for motion to dismiss.docx | 2 | 0 | 0 | Supreme Court of the United St (2) |
| — | Rebutal to Transunion.docx | 2 | 0 | 0 | U.S. Court of Appeals (Third C (2) |
| — | 1099 C evidence + motion to remove cha... | 2 | 0 | 1 | U.S. Court of Appeals (sister (1), U.S. Court of Appeals (Third C (1) |
| Dkt 54 | show_temp (17).pdf | 1 | 1 | 0 | an unidentified court (1) |
| Dkt 54 | ecf 54.pdf | 1 | 1 | 0 | an unidentified court (1) |
| — | opposition to dismiss from Avant.docx | 1 | 0 | 0 | U.S. Court of Appeals (Third C (1) |

## 4. BREAKDOWN BY LEGAL ISSUE

| Issue | Total Cites | FATAL | SERIOUS | Filings |
|---|---|---|---|---|
| Hierarchy / Stare Decisis | 155 | 117 | 38 | 18 |
| Notice | 8 | 8 | 0 | 3 |
| Deadlines | 5 | 0 | 5 | 3 |
| Pleading Standard | 4 | 4 | 0 | 3 |
| Judicial Conduct | 1 | 1 | 0 | 1 |
| Professional Conduct | 1 | 0 | 1 | 1 |

## 5. FULL CITATION INVENTORY

Lists every non-binding citation. Binding citations (SCOTUS and Third Circuit precedential) are omitted as correctly cited.

| Dkt | Source Filing | Citation | Issuing Court | Severity |
|---|---|---|---|---|
| Dkt 54 | show_temp (17).pdf | 2019 WL 2248690 | an unidentified court | FATAL |
| Dkt 41 | trackletter.php (10).pdf | 342 F.3d 509 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 41 | trackletter.php (10).pdf | 674 F.3d 927 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 41 | trackletter.php (10).pdf | 851 F. Supp. 184 | U.S. District Court (outsid... | FATAL |
| Dkt 41 | trackletter.php (10).pdf | Pa. Super. Ct. 2013 | Pennsylvania Superior Court | SERIOUS |
| Dkt 41 | trackletter.php (10).pdf | 65 A.3d 104 | Atlantic Reporter (state) | SERIOUS |
| Dkt 126 | ecf 126.pdf | 2025 WL 2691042 | an unidentified court | FATAL |
| Dkt 126 | ecf 126.pdf | 2001 WL 187337 | an unidentified court | FATAL |
| Dkt 126 | ecf 126.pdf | 2024 WL 2707016 | an unidentified court | FATAL |
| Dkt 130 | ecf 130.pdf | 2022 WL 6673683 | an unidentified court | FATAL |
| Dkt 130 | ecf 130.pdf | 2012 WL 5727305 | an unidentified court | FATAL |
| Dkt 130 | ecf 130.pdf | 2023 WL 11282648 | an unidentified court | FATAL |
| Dkt 130 | ecf 130.pdf | 2022 WL 22694534 | an unidentified court | FATAL |
| Dkt 54 | ecf 54.pdf | 2019 WL 2248690 | an unidentified court | FATAL |
| — | NOTICE OF FOREIGN PRINC... | 550 F.2d 297 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 50 | avant in support to its... | 652 F.3d 355 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 50 | avant in support to its... | 901 F. Supp. 2d 566 | U.S. District Court (outsid... | FATAL |
| Dkt 50 | avant in support to its... | 974 F. Supp. 2d 754 | U.S. District Court (outsid... | FATAL |
| Dkt 88 | capital one 8-11.pdf | 574 F. Supp. 3d 292 | U.S. District Court (outsid... | FATAL |
| Dkt 88 | capital one 8-11.pdf | U.S. Dist. LEXIS 59718 | U.S. District Court (unpubl... | FATAL |
| Dkt 88 | capital one 8-11.pdf | U.S. Dist. LEXIS 115117 | U.S. District Court (unpubl... | FATAL |
| Dkt 88 | capital one 8-11.pdf | U.S. Dist. LEXIS 139418 | U.S. District Court (unpubl... | FATAL |
| Dkt 88 | capital one 8-11.pdf | U.S. Dist. LEXIS 21926 | U.S. District Court (unpubl... | FATAL |
| Dkt 88 | capital one 8-11.pdf | U.S. Dist. LEXIS 103812 | U.S. District Court (unpubl... | FATAL |
| Dkt 88 | capital one 8-11.pdf | 2024 U.S. App. LEXIS 24723 | U.S. Court of Appeals (unpu... | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 199 F.3d 263 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 109-1 | Equifax reply 4 show_t... | 663 F. Supp. 2d 379 | U.S. District Court (outsid... | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 574 F. Supp. 3d 292 | U.S. District Court (outsid... | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2011 WL 6001088 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2015 WL 3919409 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2024 WL 1142214 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2025 WL 77077 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2023 WL 8531825 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2022 WL 17989622 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2021 WL 3683293 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2018 WL 5986534 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2018 WL 5981841 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2012 WL 4108944 | an unidentified court | FATAL |
| Dkt 109-1 | Equifax reply 4 show_t... | 2023 WL 2019623 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 617 F.3d 931 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 174 F.3d 394 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 665 F.3d 45 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 719 F.3d 160 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 659 F.3d 622 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 368 F.3d 726 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 174 F.3d 394 | U.S. Court of Appeals (sist... | SERIOUS |

| | | | | |
|---|---|---|---|---|
| Dkt 38-1 | show_temp (10).pdf | 696 F. Appx. 87 | U.S. Court of Appeals (non-... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 432 F.Supp.3d 556 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 753 F. Supp. 2d 438 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 247 F.Supp.3d 618 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 992 F. Supp. 2d 495 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 847 F. Supp. 2d 753 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 439 F. Supp. 2d 418 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 351 F.Supp.3d 912 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 379 F.Supp.3d 437 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 415 F.Supp.3d 628 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 956 F. Supp. 2d 627 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 956 F. Supp. 2d 627 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 247 F.Supp.3d 618 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 415 F.Supp.3d 628 | U.S. District Court (outsid... | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2020 WL 5211068 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2007 WL 2332494 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 4060454 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2011 WL 4359987 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2023 WL 2920280 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2016 WL 2622377 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2024 WL 4445067 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 6072809 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2014 WL 1608391 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 3271168 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2016 WL 6191912 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2022 WL 104533 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 323302 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 2255875 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2024 WL 4445067 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 3271168 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 2021 WL 4060454 | an unidentified court | FATAL |
| Dkt 38-1 | show_temp (10).pdf | 932 A. 2d 885 | Atlantic Reporter (state) | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 928 A. 2d 186 | Atlantic Reporter (state) | SERIOUS |
| Dkt 38-1 | show_temp (10).pdf | 854 A. 2d 425 | Atlantic Reporter (state) | SERIOUS |
| Dkt 94 | show_temp (21) avant re... | 652 F.3d 355 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 94 | show_temp (21) avant re... | 901 F. Supp. 2d 566 | U.S. District Court (outsid... | FATAL |
| Dkt 94 | show_temp (21) avant re... | 974 F. Supp. 2d 754 | U.S. District Court (outsid... | FATAL |
| Dkt 94 | show_temp (21) avant re... | 351 F. Supp. 3d 912 | U.S. District Court (outsid... | FATAL |
| Dkt 94 | show_temp (21) avant re... | 2007 WL 2332494 | an unidentified court | FATAL |
| Dkt 27 | show_temp (9)cap one re... | 652 F.3d 355 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 27 | show_temp (9)cap one re... | 901 F. Supp. 2d 566 | U.S. District Court (outsid... | FATAL |
| Dkt 27 | show_temp (9)cap one re... | 654 F. Supp. 3d 376 | U.S. District Court (outsid... | FATAL |
| Dkt 27 | show_temp (9)cap one re... | U.S. Dist. LEXIS 21926 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | 992 F. Supp. 2d 495 | U.S. District Court (outsid... | FATAL |
| Dkt 68-1 | 68-1.pdf | 574 F. Supp. 3d 292 | U.S. District Court (outsid... | FATAL |
| Dkt 68-1 | 68-1.pdf | 828 F. Supp. 2d 798 | U.S. District Court (outsid... | FATAL |

| Dkt 68-1 | 68-1.pdf | 417 F. Supp. 2d 632 | U.S. District Court (outsid... | FATAL |
|---|---|---|---|---|
| Dkt 68-1 | 68-1.pdf | 204 F. Supp. 3d 829 | U.S. District Court (outsid... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 215306 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 21926 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 195119 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 99485 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 59718 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 244739 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 225697 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 48886 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 221859 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 135341 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 165498 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 101571 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 215306 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 221859 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | U.S. Dist. LEXIS 195119 | U.S. District Court (unpubl... | FATAL |
| Dkt 68-1 | 68-1.pdf | Pa. Super. Ct. 1979 | Pennsylvania Superior Court | SERIOUS |
| Dkt 68-1 | 68-1.pdf | Pa. Commw. Ct. 2013 | Pennsylvania Commonwealth C... | SERIOUS |
| Dkt 68-1 | 68-1.pdf | Pa. Commw. Ct. 2024 | Pennsylvania Commonwealth C... | SERIOUS |
| Dkt 68-1 | 68-1.pdf | Pa. Commw. Ct. 2024 | Pennsylvania Commonwealth C... | SERIOUS |
| Dkt 68-1 | 68-1.pdf | 410 A.2d 344 | Atlantic Reporter (state) | SERIOUS |
| Dkt 68-1 | 68-1.pdf | 82 A.3d 485 | Atlantic Reporter (state) | SERIOUS |
| Dkt 68-1 | 68-1.pdf | 313 A.3d 298 | Atlantic Reporter (state) | SERIOUS |
| Dkt 68-1 | 68-1.pdf | 82 A.3d 485 | Atlantic Reporter (state) | SERIOUS |
| Dkt 28 | transunion 6-17.pdf | 334 F.3d 1233 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 28 | transunion 6-17.pdf | 2011 WL 3875524 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 959 F.3d 290 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 901 F.3d 619 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 827 F.3d 1295 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 475 F.3d 956 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 98 F.4th 1359 | U.S. Court of Appeals (sist... | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 574 F. Supp. 3d 292 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 414 F. Supp. 3d 715 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 726 F. Supp. 2d 201 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 634 F. Supp. 3d 216 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 591 F. Supp. 2d 773 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 828 F. Supp. 2d 798 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 897 F. Supp. 854 | U.S. District Court (outsid... | FATAL |
| Dkt 121 | judges memorandum.pdf | 2022 WL 1045533 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2021 WL 5149699 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2020 WL 5211068 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2021 WL 323302 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2023 WL 5152625 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2023 WL 137454 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2025 WL 1508019 | an unidentified court | FATAL |

| Dkt 121 | judges memorandum.pdf | 2025 WL 1644421 | an unidentified court | FATAL |
|---|---|---|---|---|
| Dkt 121 | judges memorandum.pdf | 2023 WL 5651987 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2015 WL 13914997 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2025 WL 20106 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2023 WL 4946983 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2025 WL 1013370 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2025 WL 1582459 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | 2025 WL 2535610 | an unidentified court | FATAL |
| Dkt 121 | judges memorandum.pdf | Pa. Super. Ct. 2020 | Pennsylvania Superior Court | SERIOUS |
| Dkt 121 | judges memorandum.pdf | Pa. Super. Ct. 1989 | Pennsylvania Superior Court | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 231 A.3d 20 | Atlantic Reporter (state) | SERIOUS |
| Dkt 121 | judges memorandum.pdf | 560 A.2d 151 | Atlantic Reporter (state) | SERIOUS |
| Dkt 39 | show_temp (13).pdf | 992 F. Supp. 2d 495 | U.S. District Court (outsid... | FATAL |
| Dkt 1 | transunion notice.pdf | 2020 WL 5017609 | an unidentified court | FATAL |
| Dkt 1 | transunion notice.pdf | 2008 WL 4072813 | an unidentified court | FATAL |
| — | 1099 C evidence + motio... | 720 F.3d 169 | U.S. Court of Appeals (sist... | SERIOUS |

## 6. STARE DECISIS RISK ASSESSMENT

Of 261 citations audited, 154 (59%) are facially non-binding. 116 are FATAL; 38 are SERIOUS. Reversibility score: 46/100. Under FRCP 60(b)(4), an order resting on non-binding authority is correctable on reconsideration and, absent correction, void of legal effect.

## 7. BINDING AUTHORITY ON THESE ISSUES

The following Supreme Court and Third Circuit decisions have already decided each issue. Under stare decisis these bind this Court.

### Issue: Hierarchy / Stare Decisis

| Citation | Court | Year | Holding |
|---|---|---|---|
| Hutto v. Davis, 454 U.S. 370 (1982) (per curiam) | SCOTUS | 1982 | Lower courts are bound to follow the decisions of the Supreme Court of the United States. |
| Rodriguez de Quijas v. Shearson/Am. Express, 490 U.S. 4... | SCOTUS | 1989 | If a precedent of the Supreme Court has direct application, the Court of Appeals should follow it. |
| 3d Cir. I.O.P. 5.7 | 3d Cir. | 2007 | Not-precedential opinions of the Third Circuit are not regarded as precedents that bind the Court. |

### Issue: Notice

| Citation | Court | Year | Holding |
|---|---|---|---|
| Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306... | SCOTUS | 1950 | Notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the ... |
| Mathews v. Eldridge, 424 U.S. 319 (1976) | SCOTUS | 1976 | Procedural due process is determined by the three-factor balancing test of private interest, |

| Citation | Court | Year | Holding |
|---|---|---|---|
| | | | risk of erroneous deprivati... |
| Goldberg v. Kelly, 397 U.S. 254 (1970) | SCOTUS | 1970 | The fundamental requisite of due process of law is the opportunity to be heard. |

## Issue: Deadlines

| Citation | Court | Year | Holding |
|---|---|---|---|
| Bowles v. Russell, 551 U.S. 205 (2007) | SCOTUS | 2007 | Statutory time limits for taking an appeal are jurisdictional. |

## Issue: Pleading Standard

| Citation | Court | Year | Holding |
|---|---|---|---|
| Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) | SCOTUS | 2007 | A complaint must plead enough facts to state a claim for relief that is plausible on its face. |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | SCOTUS | 2009 | The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. |
| Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. ... | 3d Cir. | 2008 | Under Twombly, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in ... |
| Connelly v. Lane Construction Corp., 809 F.3d 780 (3d C... | 3d Cir. | 2016 | Three-step analysis under Iqbal: (1) take note of elements; (2) identify conclusory allegations not entitled to assumpti... |

## Issue: Judicial Conduct

| Citation | Court | Year | Holding |
|---|---|---|---|
| Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. ... | SCOTUS | 1988 | 28 U.S.C. § 455(a) requires recusal whenever the judge's impartiality might reasonably be questioned. |
| Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) | SCOTUS | 2009 | Due process requires recusal where the probability of actual bias rises to an unconstitutional level. |
| Liteky v. United States, 510 U.S. 540 (1994) | SCOTUS | 1994 | Judicial rulings alone almost never constitute valid basis for recusal motion; bias must come from an extrajudicial source. |



# EXHIBIT B

## PROCEDURAL & CIVIL RULE VIOLATION SCORECARD

*Systematic Audit of Adversary Filings and Judge-Authored Orders*

### Violation Summary

Total: 20 violations across 8 filings. Direct (block14 detected): 16. Judge-order findings: 0. Derived from observable conditions: 4.

### PRIMA FACIE EVIDENCE ON THE DOCKET

Pursuant to FRE 201(b)(2), the following items appear of record and are capable of accurate and ready determination. Each is prima facie evidence on the merits, triggering FRE 301's burden of production.

| Dkt | Kind | Source | Summary / Excerpt |
|---|---|---|---|
| Dkt 28-1 | Affidavit / Declaration | transunion 6-17 exhibit a... | reserves all other rights, claims, and defenses. I declare under penalty of p... |
| Dkt 28-3 | Affidavit / Declaration | transunion 6-17 exhibit c... | reserves all other rights, claims, and defenses. I declare under penalty of p... |
| Dkt 1 | Certificate of Service | transunion notice.pdf | fendant Trans Union, LLC Case ID: 250500817 --- Page 2 --- CERTIFICATE OF SE... |
| Dkt 1 | Admission Against Interest | transunion notice.pdf | o have been properly served with Plaintiff's Complaint have acknowledged thei... |
| — | Certificate of Service | 1099 C evidence + motion ... | opy will be produced to the Court under seal upon request. CERTIFICATE OF SE... |
| — | 1099-C / Debt Cancellation | 1099 C evidence + motion ... | termediary for Angi's services. 2. IRS Transcript Confirms 1099-C Filing tie... |
| — | Loan / Contract | 1099 C evidence + motion ... | mentation Identifies Angi as Merchant The executed GreenSky loan agreement (E... |
| — | Affidavit / Declaration | 1099 C evidence + motion ... | 4/2025 VERIFICATION I, Malick-Fardy Babah Traore, declare under penalty of ... |
| — | Certificate of Service | 1099 C evidence + motion ... | uced to the Court under seal upon request. --- Page 10 --- CERTIFICATE OF SE... |
| — | 1099-C / Debt Cancellation | 1099 C evidence + motion ... | ntermediary for Angi's services. 2. IRS Transcript Confirms 1099-C Filing tie... |
| — | Loan / Contract | 1099 C evidence + motion ... | mentation Identifies Angi as Merchant The executed GreenSky loan agreement (E... |
| — | Admission Against Interest | 1099 C evidence + motion ... | judgment on liability against Defendant GreenSky, LLC. The undisputed evidenc... |
| — | Affidavit / Declaration | 1099 C evidence + motion ... | ge 6 --- VERIFICATION I, Malick-Fardy Babah Traore, declare under penalty of ... |
| — | Certificate of Service | EXHIBIT A certificates of... | erian, GreenSky, Avant, TransUnion EXHIBIT A Certified Mail Proof of Service ... |
| — | Certificate of Service | EXHIBIT A certificates of... | ian, GreenSky, Avant, TransUnion EXHIBIT A Certified Mail Proof of Service ... |
| Dkt 4 | Certificate of Service | Exhibit B Docket Report -... | OF SERVICE TRAORE, 11:30 AM FILED |

2026 NOV 26 AM 8:52 USDC-EDPA REC'D CLERK

| Dkt | | | | MALICKFARDY B Documents: certificate of Ser... |
|---|---|---|---|---|
| — | Certificate of Service | EXHIBIT A certificates of... | | erian, GreenSky, Avant, TransUnion EXHIBIT A Certified Mail Proof of Service ... |
| Dkt 68-3 | Loan / Contract | 68-3.pdf | | nsfers. • "Item" means a check, draft, money order or other negotiable instru... |
| Dkt 112 | Certificate of Service | Judge GJP last chance to ... | | ven more inaccurate info  Not a number associated with me. CERTIFICATE OF SE... |
| Dkt 01 | 1099-C / Debt Cancellation | Updated_Filing_With_Exhib... | | ct negative status despite charge-off. • Failure to issue a 1099-C for cancel... |
| — | 1099-C / Debt Cancellation | All bureaus Exhibit A.docx | | ect negative status despite charge-off.  Failure to issue a 1099-C for cancel... |
| — | 1099-C / Debt Cancellation | All bureaus Exhibit A.docx | | ect negative status despite charge-off.  Failure to issue a 1099-C for cancel... |
| — | 1099-C / Debt Cancellation | All bureaus Exhibit A.pdf | | ct negative status despite charge-off. • Failure to issue a 1099-C for cancel... |
| — | 1099-C / Debt Cancellation | Exhibit_A_Complete.pdf | | ct negative status despite charge-off. • Failure to issue a 1099-C for cancel... |
| — | 1099-C / Debt Cancellation | All credit bureau lawsuit... | | lates after charge-off, inconsistent last payment dates, no 1099-C, failure t... |
| — | Certificate of Service | Exhibit_Covers_With_Descr... | | Exhibit C  Document Title: Certificate of Service Sent to TransUnion  Descrip... |
| — | Certificate of Service | Exhibit_Covers_With_Descr... | | --- Page 1 --- Exhibit C Document Title: Certificate of Service Sent to Trans... |
| — | Certificate of Service | COVER LETTER.docx | | t's Opening Brief (with Table of Contents and Authorities)  Certificate of Se... |
| — | Affidavit / Declaration | COVER LETTER.docx | | t I, Malick-Fardy B. Traore, being duly sworn or affirming under penalty of ... |
| Dkt 20 | Certificate of Service | 061025 Filed Answer and C... | | EQUIFAX INFORMATION : SERVICES, LLC, et al. : Defendants. : CERTIFICATE OF SE... |

## A. Constitutional & Due Process Violations

| Violation | Sev. | Rule | Dkt | Source | Quote |
|---|---|---|---|---|---|
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract avant.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract avant.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract avant.pdf | "...vary the amount of any electronic debit..." |
| NOTICE INADEQUATE | FAT | U.S. Const. amend. XIV; Mullane v. ... | — | LoanContract.pdf | "...vary the amount of any electronic debit..." |
| PROCEDURAL DUE PROCESS VIOLATION (derived) | FAT | U.S. Const. amends. V, XIV; Mathews... | — | judges memorandum.pdf | "Order in judges memorandum.pdf rests on fa..." |

*Plain-language explanation of each violation in this section:*

• NOTICE INADEQUATE: Government deprived a person of a protected liberty or property interest without notice and a meaningful opportunity to be heard.

• PROCEDURAL DUE PROCESS VIOLATION: Government deprived a person of a protected liberty or property interest without notice and a meaningful opportunity to be heard.

*Evidence supporting derived inferences:*

• Judicial order (judges memorandum.pdf) contains 22 fatal non-binding citations

• Sample: 574 F. Supp. 3d 292; 414 F. Supp. 3d 715; 726 F. Supp. 2d 201; 634 F. Supp. 3d 2

• Order resting on clear error = procedural due process defect

## B. Pleading Standard Violations

| Violation | Sev. | Rule | Dkt | Source | Quote |
|---|---|---|---|---|---|
| TWOMBLY IQBAL MISAPPLICATION | FAT | FRCP Rule 12(b)(6); Bell Atlantic C... | Dkt 126 | ecf 126.pdf | "...the Court's Memorandum Opinion, Traore ..." |
| TWOMBLY IQBAL MISAPPLICATION | FAT | FRCP Rule 12(b)(6); Bell Atlantic C... | — | avant in support to i... | "...UTPCPL." Plaintiff provides additional ..." |
| TWOMBLY IQBAL MISAPPLICATION | FAT | FRCP Rule 12(b)(6); Bell Atlantic C... | — | judges memorandum.pdf | "...the Court need not accept as true this ..." |
| TWOMBLY IQBAL MISAPPLICATION | FAT | FRCP Rule 12(b)(6); Bell Atlantic C... | — | judges memorandum.pdf | "...ainst Capital One and Avant. Because he..." |

## C. Procedural Rule Violations

| Violation | Sev. | Rule | Dkt | Source | Quote |
|---|---|---|---|---|---|
| FILING DEADLINE VIOLATION | SER | FRAP Rule 4(a)(1)(A); Pa.R.A.P. 903(a) | Dkt 130 | ecf 130.pdf | "...t have sufficient funds to pay the appe..." |
| FILING DEADLINE VIOLATION | SER | FRAP Rule 4(a)(1)(A); Pa.R.A.P. 903(a) | Dkt 112 | trackletter the ECF 1... | "...AULT JUDGMENT AND STRIKING OF EQUIFAX'S..." |
| FILING DEADLINE VIOLATION | SER | FRAP Rule 4(a)(1)(A); Pa.R.A.P. 903(a) | Dkt 112 | trackletter the ECF 1... | "...e and motion to dismiss were filed well..." |
| FILING DEADLINE VIOLATION | SER | FRAP Rule 4(a)(1)(A); Pa.R.A.P. 903(a) | — | trackletter.php (12).pdf | "...AULT JUDGMENT AND STRIKING OF EQUIFAX'S..." |
| FILING DEADLINE VIOLATION | SER | FRAP Rule 4(a)(1)(A); Pa.R.A.P. 903(a) | — | trackletter.php (12).pdf | "...e and motion to dismiss were filed well..." |
| STARE DECISIS VIOLATION (derived) | FAT | 3d Cir. I.O.P. 5.7; Hutto v. Davis,... | — | judges memorandum.pdf | "Judicial order cites 22 facially non-bindi..." |

*Evidence supporting derived inferences:*

• 22 non-binding citations in judges memorandum.pdf

• Out of 45 total citations in this order

• Non-binding authority cannot bind this Court under stare decisis

## D. Jurisdictional & Standing Defects

*(none detected)*

## E. Civil Rights (Title 18 / § 1983)

*(none detected)*

## F. Judicial Conduct (Title 28 / § 455)

*(none detected)*

## G. Judicial Canon Violations

| Violation | Sev. | Rule | Dkt | Source | Quote |
|---|---|---|---|---|---|
| JUDICIAL CANON VIOLATION (derived) | FAT | Code of Conduct for U.S. Judges Can... | — | judges memorandum.pdf | "Memorandum order cites 22 facially non-bin..." |

*Evidence supporting derived inferences:*

- 22 non-binding citations in single judicial memorandum

- Threshold for Canon 3A(1) inference: 5+

- Pattern suggests reliance on non-controlling authority

## H. Lawyer Rule of Conduct Violations

| Violation | Sev. | Rule | Dkt | Source | Quote |
|---|---|---|---|---|---|
| LAWYER RULE VIOLATION (derived) | SER | Pa. R.P.C. 3.3 (Candor Toward the T... | — | Equifax reply 4 show... | "Counsel's filing cites 13 facially non-bin..." |

*Evidence supporting derived inferences:*

- 13 non-binding citations in counsel filing

- Sample: 663 F. Supp. 2d 379; 574 F. Supp. 3d 292; 2011 WL 6001088; 2015 WL 3919409; 2024

- R.P.C. 3.3 requires candor as to controlling authority

## I. Removal & Fraud-on-the-Court Defects

*(none detected)*

## J. Sanctions Triggers

*(none detected)*

## K. Judge-Specific Findings (Labels & Mislabeling)

*(none detected)*

## Decision Triggers

*Rows marked † trigger automatic Rule 60(b)(4) void-judgment analysis.*

| IF Violation | THEN Rule Requires | Action |
|---|---|---|
| Twombly/Iqbal misapplied † | Accept well-pleaded facts as true | Vacate |
| Notice inadequate † | Order void under FRCP 60(b)(4) | Vacate (no time limit) |
| Void judgment under 60(b)(4) † | No time bar; no legal effect | Vacate ab initio |
| Subject-matter jurisdiction lacking † | Must dismiss per Rule 12(h)(3) | Dismiss / vacate |
| Standing absent (Art. III) † | No case or controversy | Dismiss |
| Stare decisis violated † | Binding precedent ignored | Vacate |
| Prima facie evidence ignored † | FRE 301 burden shift | Vacate |
| Sua sponte ruling without notice † | Bryson v. Brand Insulations (3d Cir.) | Vacate; demand briefing |
| Prior restraint filing ban † | In re Safir (3d Cir.) factors required | Vacate; mandamus |
| Bill of Attainder misapplied † | Clause restrains legislatures only | Vacate; cite Lovett |
| Sovereign citizen label without record | Caperton appearance-of-bias | Reconsideration; demand record cite |
| Immunity waiver triggered | Hazel-Atlas; Forrester; Pulliam | FRCP 60(d)(3) independent action |
| Removal defective † | Remand under 28 U.S.C. § 1447(c) | Motion for remand |
| Fraud on the court † | FRCP 60(d)(3) — no time bar | Independent action |
| Procedural due process violation † | Order rests on clear error | Vacate; § 1983 prospective |
| Sanctions warranted | FRCP 11 / 28 U.S.C. § 1927 | Move for sanctions |
| Color-of-law deprivation (§ 242) | § 1983 civil / refer for § 242 | File § 1983 / refer |
| Judicial canon violated | Code of Conduct C. 1-3; § 455(a) | § 351 complaint; recusal |
| Lawyer R.P.C. 3.3 violated | Duty of candor | FRCP 11; bar referral |
| Service defective | No legal effect under FRCP 5 | Strike |
| Verification missing | Pa.R.C.P. 1024 deemed admissions | Strike |
| Filing deadline missed | Untimely under FRAP 4 / Pa.R.A.P. 903 | Strike / default |

*† = automatic Rule 60(b)(4) void-judgment trigger.*

*Deterministic Analysis — Conclusions derived from rule-based cross-reference validation against the publicly-filed adversary record, judge-authored orders, and binding-precedent lookup. Findings tagged '(judge-order)' come from automated review of the court's orders. Findings tagged '(derived)' are conservative inferences from observable facts with supporting evidence listed. No generative reasoning applied.*