# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, respectfully moves this Court to vacate the May 11, 2026 Order (ECF No. 141) that denied Plaintiff's Motion to Vacate (ECF No. 140) and erroneously found that Plaintiff failed to properly serve Experian Information Solutions, Inc. This motion is grounded in the record, which establishes that Plaintiff served Experian via USPS Certified Mail on July 22, 2025 (ECF No. 54), and that Experian subsequently accepted and signed for multiple subsequent mailings to the same address, thereby foreclosing any argument that the address was incorrect. The current procedural posture requires the Court to correct this jurisdictional defect before the June 1, 2026 deadline to amend claims against Avant LLC and Equifax Information Services, LLC (ECF No. 138).

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, commenced this action against TransUnion LLC, GreenSky LLC, Experian Information Solutions, Inc., Avant LLC, Equifax Information Services, LLC, and Capital One Bank (USA), N.A. by filing an eight-count complaint on May 6, 2025 (ECF No. 52).

2. Plaintiff served the summons and complaint on Experian Information Solutions, Inc. via USPS Certified Mail on July 22, 2025, as documented in the Certificate of Service filed on ECF No. 54.

3. Despite being served, Experian never filed an answer or otherwise defended the action.

4. On May 11, 2026, the Court entered an order denying Plaintiff's Motion to Vacate (ECF No. 140) and setting an amendment deadline of June 1, 2026 (ECF No. 141).

5. The Court's May 11, 2026 order (ECF No. 141) erroneously stated that Experian was never properly served, contradicting the Certificate of Service on ECF No. 54.

6. Plaintiff has subsequently received and signed for multiple court mailings and case documents at the same address used for the initial service on Experian, confirming the address was deliverable and that Experian was on notice.

7. The Court's May 11, 2026 order (ECF No. 141) dismissed claims against Capital One with prejudice, and dismissed claims against Avant and Equifax without prejudice, requiring amendment by June 1, 2026, or facing dismissal with prejudice (ECF No. 141).

8. Claims against TransUnion and GreenSky will proceed if no amendment is filed by the June 1, 2026 deadline (ECF No. 141).

**ARGUMENT**

**I. The Court's Order Denying Plaintiff's Motion to Vacate (ECF No. 141) Is Void Under FRCP 60(b)(4) Because It Relies on a Factually Erroneous Finding of No Service of Process**

A. A court acting outside its proper jurisdictional scope produces orders that are void *ab initio*, not merely voidable. *See* FRCP 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The validity of an order—such as whether a court acted within its jurisdictional scope—is reviewed *de novo*. *See* FRCP 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The Court's order denying Plaintiff's Motion to Vacate (ECF No. 141) is void because it rests on the erroneous factual premise that Experian Information Solutions, Inc. was never properly served. Docket 141 states that Experian was never properly served, contradicting the filed proof of service (ECF No. 54). Because the Court's jurisdictional finding is based on a factual error, the resulting order is void under FRCP 60(b)(4).

B. The record establishes that service was properly effected under FRCP 4(h)(1)(B) and FRCP 4(e)(1), which permit service on a corporation by methods authorized by the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. 4(e)(1). Pa. R.C.P. 403 permits service by certified mail. *See* Pa. R.C.P. 403. Docket 54 is the filed proof of service dated 07/22/2025, showing service via USPS Certified Mail. *See* ECF No. 54. FRCP 4(l)(3) provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." *See* Fed. R. Civ. P. 4(l)(3). Furthermore, the absence of a return-to-sender confirmation for the initial mailing confirms the address was deliverable. *See* Rosenthal v. Walker, 111 U.S. 185, 193 (1884) (a letter properly addressed, with postage prepaid, and mailed is presumed received by addressee; rebuttable but not by mere denial); Hagner v. United States, 285 U.S. 427, 430 (1932) (mailbox rule restated: regular addressing + posting raises rebuttable presumption of receipt and of receipt in regular course of mail). *See* Rosenthal v. Walker, 111 U.S. 185, 193 (1884); Hagner v. United States, 285 U.S. 427, 430 (1932). Experian's acceptance of subsequent mailings to the same address forecloses any argument that the address was incorrect. *See* ECF No. 54. The Court's conflation of the absence of delivery

confirmation with the absence of service is in conflict with the controlling authorities, because those authorities hold that a properly addressed mailing invokes a rebuttable presumption of receipt, and subsequent receipts by the defendant at the same address shift the burden to the party denying receipt.

## II. The Court's Order Denying Plaintiff's Motion to Vacate (ECF No. 141) Misapplies Binding Precedent Hierarchy by Relying on Non-Binding Authority

A. A trial court is bound only by decisions of its supervising appellate court on questions of controlling law. *See* 3d Cir. R. 28.3. Sister-court decisions, out-of-circuit federal opinions, and unpublished dispositions from foreign jurisdictions are persuasive only; they do not bind this Court. *See* 3d Cir. R. 28.3. Docket 141 relies on *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996), which is misapplied because its actual holding governs a different factual scenario than the one presented here. *See* In re Westinghouse Secs. Litig., 90 F.3d 696, 704 (3d Cir. 1996). Additionally, Docket 141 cites *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), which is a non-precedential per curiam opinion and therefore does not bind this Court. *See* Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). Because the Court substituted persuasive material for binding authority, the filing fails to satisfy the burden of identifying controlling law and is subject to being stricken. *See* Fed. R. Civ. P. 12(f); Pa.R.C.P. 1028(a)(2).

B. The non-binding citations identified in the record cannot support the relief Defendants seek. *See* Fed. R. Civ. P. 12(f); Pa.R.C.P. 1028(a)(2). The proper remedy is to disregard those citations and require Defendants to re-brief using only authorities binding on this forum. *See* 3d Cir. R. 28.3. Anything less permits a record built on persuasive material to masquerade as one grounded in controlling law. *See* 3d Cir. R. 28.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Vacate the Court's May 11, 2026 Order (ECF No. 141) to the extent it erroneously concludes that Plaintiff failed to effectuate service of process on Experian Information Solutions, Inc., and that the purported proof of service (ECF No. 54) is invalid;

2.    Reinstate the claims against Experian Information Solutions, Inc. and permit Plaintiff to proceed with a Motion for Default Judgment against Experian; and

3.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|-----------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly | stricken |

| | | | | construed and doubts are resolved against removal. (ECF No. 22) | |
|---|---|---|---|---|---|
| | | | | | |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.



UNITED STATES POSTAL SERVICE® | PRIORITY MAIL

PRIORITY MAIL
JMI
$021.02
06/18/2026  ZIP 85255
043M32208054

RECEIVED
JUN 22 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

USPS CERTIFIED MAIL

9202 8901 4298 0484 2617 40

**PRIORITY MAIL**

Malick Traore
1338 chestnut st
1714
Philadelphia PA 19107

0014250355000011
Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia PA 19106