# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE  OF  A  PUBLIC-RECORDS  ACCOUNTABILITY  REVIEW  (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO VACATE VOID JUDGMENT

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully submits this Rule 60(b)(4) motion to vacate the Court's May 11, 2026 order (Dkt. 141) denying Plaintiff's prior motion to vacate (Dkt. 140) as void under Federal Rule of Civil Procedure 60(b)(4) because the Court lacked jurisdiction over Experian Information Solutions, Inc. Plaintiff has already established proper service on Experian through a Certificate of Service (Dkt. 54) filed on July 22, 2025, demonstrating that the summons and complaint were delivered via USPS Certified Mail to an address where Experian subsequently accepted all case mailings. The Court's contrary finding in Dkt. 141 that Experian was never properly served constitutes a jurisdictional defect rendering the order a legal nullity. This motion is filed while the case remains at the trial court pending FRCP 54(b) certification, with the Court having set a June 1, 2026 deadline for Plaintiff to amend claims against Avant LLC and Equifax Information Services, LLC.

### STATEMENT OF FACTS

1.    Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, brings this action against TransUnion LLC, GreenSky LLC, Experian Information Solutions, Inc., Avant LLC, Equifax Information Services, LLC, and Capital One Bank (USA), N.A. in the Eastern District of Pennsylvania.

2.    On May 11, 2026, the Court entered an order denying Plaintiff's Motion to Vacate (Dkt 141).

3.    In Dkt 141, the Court stated that Experian was never properly served.

4.    Contrary to the Court's finding in Dkt 141, Plaintiff filed a Certificate of Service (Dkt 54) dated July 22, 2025, effecting service on Experian via USPS Certified Mail.

5.    The record reflects that Experian accepted subsequent mailings to the same address used for the Dkt 54 service, including a Notice of Default request and supporting documents, as well as all subsequent court mailings and case documents.

6.    Plaintiff faces a June 1, 2026 deadline to amend claims against Avant and Equifax, or face dismissal with prejudice.

## ARGUMENT

**I. The Court's Finding That Experian Was Never Properly Served Is Void Under Rule 60(b)(4) Because It Is a Due-Process Defect Based on a Factual Error Contradicting the Record**

    A. A court that acts in a manner inconsistent with due process renders an order that is void under Rule 60(b)(4). Fed. R. Civ. P. 60(b)(4) holds: Relief from void judgment — no time bar; void judgment is a legal nullity. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) at 270-71 holds: Rule 60(b)(4) reaches only judgments

where rendering court (1) lacked subject-matter or personal jurisdiction, OR (2) acted in manner inconsistent with due process. Not for legal error. Marshall v. Bd. of Educ., 575 F.2d 417 (3d Cir. 1978) at 422 holds: No time limit on Rule 60(b)(4); void judgment may be attacked at any time. Due process requires that a defendant be given adequate notice and an opportunity to be heard. Fed. R. Civ. P. 4(h)(1)(B) holds: Service on corporation by delivering summons and complaint to officer, managing or general agent, or other agent authorized by appointment or law. Fed. R. Civ. P. 4(e)(1) holds: Service on individual permitted by following state-law service methods of state where district court located OR where service is made. Pa. R. C. P. 403 holds: Pennsylvania permits service by certified or registered mail; restricted-delivery, return-receipt requested.

B. The Court's order denying Plaintiff's Motion to Vacate (ECF No. 141) incorrectly states that Experian was never properly served, directly contradicting the proof of service filed by Plaintiff. ECF No. 54 is the filed proof of service dated 07/22/2025, which establishes that service was attempted via USPS Certified Mail to the address of record. The absence of a return-to-sender notification confirms that the address was deliverable. Fed. R. Civ. P. 4(l)(3) holds: 'Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.' Furthermore, the record shows that Experian accepted subsequent mailings to the same address, including a Notice of Default request and supporting documents, as well as all subsequent court mailings and case documents. Rosenthal v. Walker, 111 U.S. 185 (1884) at 193-94 holds: Letter properly addressed, with postage prepaid, and mailed is presumed received by addressee; rebuttable but not by mere denial. Hagner v. United States, 285 U.S. 427 (1932) at 430 holds: Mailbox rule restated: regular addressing + posting raises rebuttable presumption of receipt and of receipt in regular course of mail. Because the Court's finding that Experian was not served is a factual error that contradicts the record, the resulting order is void under Rule 60(b)(4) because it is a due-process defect.

**II. The Court's Reliance on Non-Binding Authority to Deny the Motion Is Void Under Rule 60(b)(4) Because It Is a Due-Process Defect Based on the Misapplication of Controlling Law**

A. The Court's order denying Plaintiff's Motion to Vacate (ECF No. 141) relies on non-binding authority to support its conclusions. Specifically, the Court cites In re Westinghouse Secs. Litig., 90 F.3d 696, 704 (3d Cir. 1996) and Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In re Westinghouse Secs. Litig. is misapplied because it does not govern the standard for evaluating proof of service or the presumption of receipt under Rule 4. Pruden is non-precedential per curiam and therefore cannot bind this Court. Because the Court's order rests on the misapplication of binding-precedent hierarchy and reliance on non-binding authority, it is void under Rule 60(b)(4) because it is a due-process defect.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. VACATE the order denying Plaintiff's Motion to Vacate (ECF No. 141) to the extent it relied on the misapplication of the binding-precedent hierarchy and the erroneous finding regarding service of process on Experian Information Solutions, Inc.;

2. VACATE the finding in ECF No. 141 that Experian was not properly served, because the record establishes service via USPS Certified Mail on 07/22/2025 (ECF No. 54) and subsequent mailings were received by Experian at the same address, invoking the mailbox presumption under *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) and *Hagner v. United States*, 285 U.S. 427, 430 (1932);

3. STRIKE the non-binding citations in Defendants' filings, including *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), as they misstate the binding-precedent hierarchy and are subject to being stricken under Fed. R. Civ. P. 12(f) and Pa.R.C.P. 1028(a)(2);

4.    AWARD Plaintiff costs reasonably incurred in this action; and

5.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.



PRIORITY MAIL

Malick Traore
1338 chestnut st
1714
Philadelphia PA 19107

Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia PA 19106