# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse


## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

**PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS**

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.   NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

- This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

- It will rely on publicly available information only.

- Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

- Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This motion requests that the Court grant summary judgment in favor of Plaintiff Malick-Fardy Traore against Defendant TransUnion LLC for willful and negligent noncompliance with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n(a) and 1681o(a), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2(a). Plaintiff has already filed answers by TransUnion LLC (ECF Nos. 14, 69) and a proof of service for a co-defendant (ECF No. 54), establishing the record of service and defendant participation. The Court's latest order, denying Plaintiff's Motion to Vacate (ECF No. 140) and denying the Motion to Vacate (ECF No. 141), confirms that Plaintiff's claims against TransUnion LLC will proceed to trial unless Plaintiff amends the complaint by the June 1, 2026 deadline. Because there is no genuine dispute of material fact regarding TransUnion LLC's FCRA and UTPCPL violations, summary judgment is appropriate under Fed. R. Civ. P. 56(a).

### STATEMENT OF FACTS

Page 1 of 18

1.  Plaintiff Malick-Fardy B. Traore is a pro se litigant in this action.

2.  Defendant TransUnion LLC is an active defendant in this case. TransUnion has filed answers to the complaint, as evidenced by ECF No. 14 and ECF No. 69.

3.  Plaintiff's claims against TransUnion include FCRA willful noncompliance, FCRA negligent noncompliance, and Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) claims.

4.  The Court has previously issued a memorandum opinion (ECF No. 121) and an order (ECF No. 122) addressing the status of other defendants in this action, including dismissing Capital One with prejudice and Avant and Equifax without prejudice.

5.  Plaintiff filed a motion to vacate (ECF No. 140), which the Court denied by order (ECF No. 141).

6.  Plaintiff's evidence discovery revealed that credit bureaus, including TransUnion, updated or revised credit reports during the pendency of this litigation, which constitutes an admission of prior error.

7.  Plaintiff's evidence discovery revealed cross-bureau inconsistencies in the reporting of derogatory marks and on-time payment percentages.

8.  Plaintiff's evidence discovery revealed that 1099-C forms were filed during the litigation, constituting admissions under the FCRA regarding debt cancellation.

9.  Plaintiff's evidence discovery revealed multiple instances of updated, revised, or corrected reports, as well as admissions by conduct found in the record.

10.    Plaintiff's evidence discovery revealed that TransUnion and other credit bureaus sent "updated" responses to disputes.

11.    Plaintiff's evidence discovery revealed 1099-C forms showing debt cancellation.

12.    Plaintiff's evidence discovery revealed multiple payment instruments and bureau response documents.

13.    Plaintiff's evidence discovery revealed 83 bureau references and 18 derogatory mark instances.

14.    Plaintiff's evidence discovery revealed 8 instances of updated/revised/corrected reports.

15.    Plaintiff's evidence discovery revealed 37 instances of admission keywords.

16.    Plaintiff's evidence discovery revealed 9 patterns of payment instruments found.

17.    Plaintiff's evidence discovery revealed 1099-C evidence for GreenSky.

18.    Plaintiff's evidence discovery revealed an Avant admission of noncompliance with FCRA law.

19.    Plaintiff's evidence discovery revealed multiple 1099-C forms showing debt cancellation.

20.    Plaintiff's evidence discovery revealed credit bureau updates during litigation constituting admissions of prior error.

21.    Plaintiff's evidence discovery revealed multiple

**ARGUMENT**

Page 3 of 18

**I. Summary judgment is warranted because TransUnion LLC's FCRA violations were willful, and no genuine dispute of material fact exists regarding its failure to follow reasonable procedures to assure maximum possible accuracy.**

A. Under the standard for summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute exists only if the evidence could lead a reasonable jury to return a verdict for the nonmoving party; the court does not weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 255 (1986). Once the movant meets its initial burden to identify the absence of a genuine issue, the burden shifts to the nonmovant. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). TransUnion LLC has failed to identify any genuine dispute of material fact regarding its willful noncompliance with the FCRA.

B. TransUnion LLC's FCRA violations were willful within the meaning of Safeco Ins. Co. v. Burr, 551 U.S. 47, 57-60 (2007), because its actions entailed an unjustifiably high risk of harm that was either known or so obvious that it should have been known. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007). The FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" of consumer reports. 15 U.S.C. § 1681e(b). "Maximum possible accuracy" requires more than technical correctness; the report must be fair to the consumer's true status, and the CRA must do more than parrot furnisher's data when accuracy is contested. Cortez v. Trans Union, LLC, 617 F.3d 688, 708-09 (3d Cir. 2010). TransUnion LLC's failure to conduct a reasonable reinvestigation once the consumer disputed information under § 1681i supports an inaccuracy claim. Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir. 1997). The record reflects that TransUnion LLC failed to act in good faith and solely for the plaintiff's benefit, demonstrating reckless disregard for the accuracy of the consumer report. (ECF No. 121). Because TransUnion LLC's actions were reckless, its noncompliance is willful under § 1681n, entitling the plaintiff to actual damages, statutory damages of $100-$1,000 per violation, punitive damages, and attorney's fees. 15 U.S.C. § 1681n(a).

C. The Court's prior reliance on *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) to deny default or dismiss claims was in conflict with controlling authority, because *Westinghouse* was misapplied to a factual scenario it does not support, and *Pruden* is non-precedential per curiam under 3d Cir. I.O.P. 5.7. The Court's denial of default motions (ECF Nos. 41, 54) and its sua sponte invocation of GLBA preemption and federal statutory defenses never raised by any defendant (record) violated *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The Court's dismissal of claims with prejudice (ECF Nos. 38, 40, 122) based on *Twombly/Iqbal* misapplications (ECF No. 121) was outcome-determinative on the merits because the Court's application of those authorities was in conflict with the controlling standard that pro se pleadings must be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Summary judgment is warranted because TransUnion LLC's negligent noncompliance with the FCRA and its unfair or deceptive acts or practices under the UTPCPL are established by undisputed facts.

A. TransUnion LLC is also liable for negligent noncompliance under 15 U.S.C. § 1681o(a), which provides for civil liability for actual damages, attorney's fees, and costs. The record establishes that TransUnion LLC failed to follow reasonable procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681e(b). The failure to conduct a reasonable reinvestigation once the consumer disputed information under § 1681i supports an inaccuracy claim. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 224-25 (3d Cir. 1997). Because TransUnion LLC's failure to follow reasonable procedures was negligent, the plaintiff is entitled to actual damages, attorney's fees, and costs under § 1681o(a).

B. TransUnion LLC's conduct also constitutes unfair or deceptive acts or practices under the UTPCPL, 73 P.S. § 201-2(4), which includes a catchall provision for fraudulent or deceptive conduct. A private cause of action under the UTPCPL allows for actual

damages, court may award up to three times actual damages (minimum $100), plus costs and attorney's fees. 73 P.S. § 201-9.2(a). The plaintiff's UTPCPL claim requires justifiable reliance and ascertainable loss caused by defendant's prohibited conduct. Weinberg v. Sun Co., 565 Pa. 612, 619 (2001). The record reflects that TransUnion LLC's dissemination of false credit information to third parties constitutes a concrete intangible harm, akin to defamation. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2204-07 (2021). The plaintiff's justifiable reliance on the accuracy of the consumer report and the ascertainable loss caused by TransUnion LLC's prohibited conduct are undisputed, entitling the plaintiff to damages under the UTPCPL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter summary judgment in favor of Plaintiff against Defendant TransUnion LLC on the claim for willful noncompliance under 15 U.S.C. § 1681n(a), and award Plaintiff actual damages or statutory damages of $100-$1,000 per violation, punitive damages, and attorney's fees and costs;

2. Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|---|---|---|---|---|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional |

| | | | | trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | Conduct 3.3; Pa.R.P.C. 3.3). |
|---|---|---|---|---|---|
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |

| | | | | adequate showing. | |
|---|---|---|---|---|---|
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — |

| | | | | | |
|---|---|---|---|---|---|
| | | | | affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required | stricken This conduct breaches Judge Gerald J. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | verification under Pa.R.C.P. 1024 | Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. | stricken |

| | | | | The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | |
|---|---|---|---|---|---|
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified | stricken |

| | | | | protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | |
|---|---|---|---|---|---|
| | | | | | |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

**CERTIFICATE OF SERVICE**

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

