# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4. NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### INTRODUCTION

Plaintiff moves the Court to compel discovery from Defendant TransUnion LLC pursuant to Federal Rule of Civil Procedure 37(a). Plaintiff has previously filed motions for default judgment against co-defendant Experian (ECF Nos. 22, 36, 72, 76) and motions to vacate (ECF Nos. 125, 134, 140), and has been granted leave to amend claims against Avant and Equifax by June 1, 2026 (ECF No. 141). The case is currently active against TransUnion LLC and GreenSky LLC, with Plaintiff's FCRA willful, FCRA negligent, and UTPCPL claims proceeding against TransUnion LLC pending the June 1, 2026 amendment deadline (ECF No. 141).

### STATEMENT OF FACTS

1.    Plaintiff Malick-Fardy B. Traore is proceeding pro se in this action.

Page 1 of 17

2.      Plaintiff filed a complaint asserting claims against TransUnion LLC for willful and negligent noncompliance with the Fair Credit Reporting Act, as well as claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

3.      TransUnion LLC has filed answers to the complaint (ECF Nos. 14, 69).

4.      Plaintiff has served discovery requests on TransUnion LLC seeking documents and responses necessary to prove its claims, including evidence of TransUnion's internal procedures, reinvestigation records, and furnisher data.

5.      TransUnion LLC has failed to fully comply with Plaintiff's discovery requests.

6.      Plaintiff has previously submitted evidence of credit bureau updates during litigation, which indicates prior errors by the credit reporting agencies (record).

7.      Plaintiff has a deadline to amend claims against other defendants by June 1, 2026 (ECF No. 138), but TransUnion's claims will proceed if no amendment is filed.

8.      Plaintiff seeks an order compelling TransUnion LLC to comply with its discovery obligations.

**ARGUMENT**

**I. TransUnion's failure to provide responsive discovery regarding its FCRA and UTPCPL compliance procedures is outcome-determinative on the scope of discovery, because FRCP 26(b)(1) applies to TransUnion's nonprivileged matter relevant to the plaintiff's claims.**

    A.  Under Fed. R. Civ. P. 26(b)(1), the scope of discovery is "any nonprivileged matter relevant to any party's claim or defense and proportional to needs of case." Because the plaintiff's claims against TransUnion allege willful and negligent noncompliance with the FCRA and the UTPCPL, discovery into TransUnion's internal procedures for

investigating disputes and reporting consumer data is directly relevant. The plaintiff's claims require proof of TransUnion's conduct, which is exclusively within TransUnion's knowledge and control. The proportionality factors—considering the importance of the issues at stake, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues—support the necessity of compelling this discovery.

B. TransUnion's failure to disclose under FRCP 26(a) or to answer interrogatories/produce documents warrants a motion to compel under FRCP 37(a)(3). The plaintiff has identified specific patterns of conduct by TransUnion, including "continued reporting, waiver/estoppel" and "Credit Bureau Updates During Litigation = Admission of prior error," which are material to the plaintiff's claims. TransUnion's refusal to produce its internal reinvestigation protocols and its dispute-handling records prevents the plaintiff from establishing the elements of willful and negligent noncompliance.

**II. Compelling discovery from TransUnion is outcome-determinative on the FCRA willful and negligent noncompliance claims, because the plaintiff must establish the specific elements of those claims through discovery into TransUnion's internal processes.**

A. To establish a claim for willful noncompliance under 15 U.S.C. § 1681n(a), the plaintiff must prove that TransUnion's violation was "willful within the meaning of Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007), because [specific facts showing knowing or reckless disregard]." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007) holds that 'Willful' under § 1681n reaches knowing AND reckless violations. 'Reckless disregard' = action 'entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.' The plaintiff's claims against TransUnion allege "continued reporting, waiver/estoppel" and "Credit Bureau Updates During Litigation = Admission of prior error," which are indicative of a reckless disregard for the accuracy of consumer reports. TransUnion's internal records regarding its reinvestigation protocols are necessary to prove that TransUnion knew

or should have known of the unjustifiably high risk of harm to the plaintiff's credit status.

B. To establish a claim for negligent noncompliance under 15 U.S.C. § 1681o(a), the plaintiff must prove that TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports. 15 U.S.C. § 1681e(b) holds that CRAs must 'follow reasonable procedures to assure maximum possible accuracy' of consumer reports. Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010) at 708-09 holds that 'Maximum possible accuracy' requires more than technical correctness — report must be fair to consumer's true status; CRA must do more than parrot furnisher's data when accuracy contested. The plaintiff's claims against TransUnion allege "continued reporting, waiver/estoppel" and "Credit Bureau Updates During Litigation = Admission of prior error," which are indicative of TransUnion's failure to follow reasonable procedures. TransUnion's internal records regarding its reinvestigation protocols are necessary to prove that TransUnion failed to follow reasonable procedures to assure maximum possible accuracy.

## III. Compelling discovery from TransUnion is outcome-determinative on the UTPCPL claim, because the plaintiff must establish the specific elements of that claim through discovery into TransUnion's internal processes.

A. To establish a claim under the UTPCPL, the plaintiff must prove justifiable reliance and ascertainable loss caused by TransUnion's prohibited conduct. 73 P.S. § 201-9.2(a) holds that private cause of action: actual damages, court may award up to three times actual damages (minimum $100), plus costs and attorney's fees. Weinberg v. Sun Co., 565 Pa. 612 (2001) at 619 holds that UTPCPL private action requires justifiable reliance and ascertainable loss caused by defendant's prohibited conduct. The plaintiff's claims against TransUnion allege "continued reporting, waiver/estoppel" and "Credit Bureau Updates During Litigation = Admission of prior error," which are indicative of TransUnion's prohibited conduct. TransUnion's internal records regarding its reinvestigation protocols are necessary to prove that

TransUnion's prohibited conduct caused the plaintiff's justifiable reliance and ascertainable loss.

B. The plaintiff's claims against TransUnion are further supported by the fact that TransUnion has filed answers (ECF 14, 69) and is actively participating in the litigation. The plaintiff's claims against TransUnion are not barred by any prior dismissal, as the plaintiff's claims against TransUnion were not dismissed with prejudice. The plaintiff's claims against TransUnion are active and pending. The plaintiff's claims against TransUnion are not barred by any prior dismissal, as the plaintiff's claims against TransUnion were not dismissed with prejudice. The plaintiff's claims against TransUnion are active and pending.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. An order compelling Defendant TransUnion LLC to respond to Plaintiff's outstanding discovery requests, because Fed. R. Civ. P. 37(a) provides the mechanism for a motion to compel where a party fails to disclose under Fed. R. Civ. P. 26(a) or fails to answer an interrogatory or produce documents, and because Fed. R. Civ. P. 26(b)(1) establishes that the scope of discovery includes any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, and Fed. R. Civ. P. 34 governs document production.

2. An award of expenses and costs incurred in bringing this motion to compel, pursuant to Fed. R. Civ. P. 37(a)(5), because the movant is entitled to expenses upon the grant of a motion to compel unless the opposition was substantially justified.

3. Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|---|---|---|---|---|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | stricken |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional |

| | | | | but cannot be presented as controlling. | Conduct 3.3; Pa.R.P.C. 3.3). |
|---|---|---|---|---|---|
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |

| | | | | process due. | |
|---|---|---|---|---|---|
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | stricken |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |

| 7 | | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal |

| | | | | findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | | Lower court has reached a result inconsistent with controlling precedent of a | stricken |

| | | | | binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | |
|---|---|---|---|---|---|
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. | 4 | Filing was not | stricken or |

|  |  | 4(h)(1), 4(e)(1), 4(l) |  | properly served on all parties as required | disregarded |
|---|---|---|---|---|---|
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | stricken |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness | stricken |

| | | | | tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | |
|---|---|---|---|---|---|
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | stricken |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council | stricken |

| | | | | complaint process. | |
|---|---|---|---|---|---|
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

**CERTIFICATE OF SERVICE**

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
J.

