# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff moves for summary judgment against Defendant GreenSky LLC on its FCRA and UTPCPL claims because undisputed record evidence establishes GreenSky's willful noncompliance with its furnisher duties under 15 U.S.C. § 1681s-2(b) and its failure to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i. Plaintiff's discovery of conclusive payment evidence, specifically 1099-C forms filed by GreenSky during litigation, demonstrates that GreenSky's continued reporting of disputed debts constitutes a reckless disregard of the accuracy requirements mandated by 15 U.S.C. § 1681e(b) and Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010). Because GreenSky's conduct satisfies the definition of willfulness under Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007), and no genuine dispute of material fact remains under Fed. R. Civ. P. 56(a), Plaintiff is entitled to judgment as a matter of law. This motion is filed against GreenSky LLC, which remains an active defendant following the dismissal of other parties (ECF No. 122), and is submitted in compliance with the Court's June 1, 2026 amendment deadline (ECF No. 141).

## STATEMENT OF FACTS

1. Plaintiff Malick-Fardy Traore is a pro se litigant.

2. Plaintiff filed a complaint asserting claims under the Fair Credit Reporting Act (FCRA) and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) against GreenSky LLC and other defendants.

3. GreenSky LLC filed answers to the complaint, as reflected in the docket (ECF Nos. 20, 70).

4. Plaintiff's claims against Capital One Bank (USA), N.A. were dismissed with prejudice (ECF No. 122).

5. Plaintiff's claims against Avant, LLC were dismissed with prejudice (ECF No. 38).

6. Plaintiff's UTPCPL claim was dismissed with prejudice, while Plaintiff's FCRA and FDCPA claims were dismissed without prejudice, with leave to amend (ECF No. 40).

7. Plaintiff's motions for default judgment were denied (ECF Nos. 41, 54).

8. Plaintiff's claims against GreenSky LLC remain pending and are subject to the Court's upcoming amendment deadline.

## ARGUMENT

**I. GreenSky LLC's Willful and Negligent Noncompliance with the FCRA's Accuracy and Furnisher Duties Is Established as a Matter of Law.**

A. GreenSky LLC's willful and negligent violations of the Fair Credit Reporting Act ("FCRA") are outcome-determinative on the issue of liability, because the statute imposes strict liability for willful noncompliance and negligence for negligent noncompliance, and the record demonstrates GreenSky's knowing and reckless disregard for the accuracy of the information it furnished. Under 15 U.S.C. § 1681n(a), a consumer may recover actual damages or statutory damages of $100-$1,000 per violation, punitive damages, and attorney's fees and costs for WILLFUL noncompliance. Under 15 U.S.C. § 1681o(a), a consumer may recover actual damages, attorney's fees, and costs for NEGLIGENT noncompliance. The term 'willful' under § 1681n reaches knowing AND reckless violations. 'Reckless disregard' = action 'entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.' Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007). GreenSky's conduct constitutes reckless disregard because it continued to report inaccurate data despite the plaintiff's disputes, and because it filed 1099-C forms during litigation that admitted the debt was cancelled, yet failed to correct the credit reports. (record).

B. GreenSky's failure to follow reasonable procedures to assure maximum possible accuracy of consumer reports is outcome-determinative on the issue of liability, because 'maximum possible accuracy' requires more than technical correctness — report must be fair to consumer's true status; CRA must do more than parrot furnisher's data when accuracy contested. Cortez v. Trans Union, LLC, 617 F.3d 688, 708-09 (3d Cir. 2010). GreenSky's furnisher duties under 15 U.S.C. § 1681s-2(b) require it to conduct a reasonable investigation of disputes referred from a CRA. Furnisher's investigation must be reasonable. Rote confirmation of disputed data without examining underlying records is insufficient as a matter of law. Seamans v. Temple Univ., 744 F.3d 853, 864-65 (3d Cir. 2014). Once consumer disputes information under § 1681i, CRA must conduct reasonable reinvestigation; failure to do so supports inaccuracy claim. Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir. 1997). GreenSky's failure to investigate the plaintiff's disputes and its

continued reporting of inaccurate data constitutes a fatal violation of these duties. (record).

## II. GreenSky LLC's Unfair and Deceptive Acts or Practices Under the UTPCPL Are Established as a Matter of Law.

A. GreenSky LLC's conduct constitutes unfair or deceptive acts or practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), because it engaged in fraudulent or deceptive conduct that caused ascertainable loss and justifiable reliance. 73 P.S. § 201-2(4) holds that Twenty-one enumerated 'unfair or deceptive acts or practices' plus catchall (xxi) for fraudulent or deceptive conduct. 73 P.S. § 201-9.2(a) holds that Private cause of action: actual damages, court may award up to three times actual damages (minimum $100), plus costs and attorney's fees. Weinberg v. Sun Co., 565 Pa. 612, 619 (2001) holds that UTPCPL private action requires justifiable reliance and ascertainable loss caused by defendant's prohibited conduct. GreenSky's payment mischaracterization and failure to report the cancellation of the debt upon filing 1099-C forms constitutes fraudulent or deceptive conduct. (record).

B. GreenSky LLC's UTPCPL violations are outcome-determinative on the issue of liability, because its deceptive conduct directly caused the plaintiff's ascertainable loss, and the plaintiff's reliance on the accuracy of the credit reports was justifiable. The plaintiff's reliance on the accuracy of the credit reports was justifiable because the reports were disseminated to third parties, causing concrete intangible harm akin to defamation. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2204-07 (2021). GreenSky's failure to correct the reports after the debt was cancelled constitutes a fatal violation of the UTPCPL. (record).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Page 4 of 17

1. Grant summary judgment in favor of Plaintiff and against Defendant GreenSky LLC on Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2(a);

2. Award Plaintiff actual damages, statutory damages of up to $1,000 per FCRA violation, punitive damages, and treble damages under the UTPCPL (with a minimum of $100);

3. Award Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 73 P.S. § 201-9.2(a); and

4. Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes | stricken |

Page 5 of 17

| | | | | | |
|---|---|---|---|---|---|
| | | | | are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or | stricken This conduct breaches |

Page 6 of 17

| | | | | property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | stricken |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized | stricken This conduct breaches Opposing counsel's |

| | | | | injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
|---|---|---|---|---|---|
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal | stricken |

| | | | | statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | |
|---|---|---|---|---|---|
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any | stricken |

| | | | | party, or by the court sua sponte, and cannot be waived. | |
|---|---|---|---|---|---|
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable | stricken or disregarded as untimely This |

| | | | | deadline | conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
|---|---|---|---|---|---|
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court | stricken |

| | | | | lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | |
|---|---|---|---|---|---|
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial- | stricken |

| | | | | impartiality norms. | |
|---|---|---|---|---|---|
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | stricken |

| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107


Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

