# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

# PLAINTIFF'S MOTION TO VACATE VOID JUDGMENT UNDER RULE 60(B)(4)

## INTRODUCTION

Plaintiff moves this Court to vacate the void order regarding Defendant Experian Information Solutions, Inc.'s service under Federal Rule of Civil Procedure 60(b)(4), which erroneously concluded that service was never effected despite Plaintiff's proof of service via certified mail filed on July 22, 2025 (ECF No. 54). Plaintiff has previously filed motions for default judgment (ECF Nos. 22, 36, 72, 76) and motions for reconsideration of the denial of default and remand (ECF Nos. 43, 48) to address this fundamental jurisdictional defect. The Court's denial of Plaintiff's motion to vacate on May 11, 2026 (ECF No. 141) and its subsequent dismissal of claims against Capital One Bank (USA), N.A. with prejudice, while setting a June 1, 2026 deadline for amending claims against Avant, LLC and Equifax Information Services, LLC, have left Plaintiff without a remedy for the void service finding. Plaintiff respectfully requests that the Court correct this void order and allow the entry of default against Experian.

Page 1 of 8

## STATEMENT OF FACTS

1. Plaintiff Malick-Fardy Traore filed a complaint against Experian Information Solutions, Inc. and other defendants.

2. Plaintiff served Experian via USPS Certified Mail on July 22, 2025.

3. Plaintiff filed a Certificate of Service (ECF No. 54) on July 22, 2025, attesting to the service of the summons and complaint on Experian.

4. Experian never filed an answer or otherwise appeared in the case.

5. Plaintiff filed motions for default judgment against Experian (ECF Nos. 22, 36, 72, 76).

6. The Court denied the motions for default judgment (ECF No. 41, ECF No. 54).

7. On May 11, 2026, the Court issued an Order (ECF No. 141) denying Plaintiff's Motion to Vacate (ECF No. 140).

8. In ECF No. 141, the Court stated that Experian was never properly served.

9. The Court's finding in ECF No. 141 contradicts the Certificate of Service filed by Plaintiff (ECF No. 54).

10. Plaintiff's subsequent mailings to Experian at the same address were received and signed for, confirming the address was deliverable.

## ARGUMENT

**I. The Court's Finding of No Service in Dkt 141 Is Void Under Rule 60(b)(4) Because It Lacks a Factual Basis and Violates Due Process**

A.  Rule 60(b)(4) provides relief from a void judgment, which is a legal nullity, and imposes no time limit on such a motion. *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978); *Fed. R. Civ. P. 60(b)(4)*. A judgment is void only if the rendering court lacked subject-matter or personal jurisdiction, or acted in a manner inconsistent with due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010). The Court's order in Dkt 141, which finds that Experian was never properly served, is void because it is a factual nullity that contradicts the record and deprives Plaintiff of due process by denying notice and an opportunity to be heard.

B.  The Court's finding of no service is directly contradicted by the record. Plaintiff filed a proof of service via USPS Certified Mail in Dkt 54, dated 07/22/2025. Under Fed. R. Civ. P. 4(h)(1)(B), service on a corporation may be effected by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law. Fed. R. Civ. P. 4(e)(1) permits service on an individual by following the service methods of the state where the district court is located, which in Pennsylvania allows service by certified mail. Pa. R. C. P. 403. The absence of a return-to-sender notice confirms the address was deliverable. Furthermore, under the mailbox rule, a letter properly addressed and mailed is presumed received by the addressee. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884); *Hagner v. United States*, 285 U.S. 427, 430 (1932). This presumption is reinforced by the fact that subsequent mailings to the same address were received and signed for by Experian. Fed. R. Civ. P. 4(l)(3) further provides that "Failure to prove service does not affect the validity of service." The Court's reliance on the absence of a delivery confirmation to find no service is a factual error. The Court's citation of *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696 (3d Cir. 1996) is misapplied, as it does not support the proposition for which it was cited. Additionally, the Court's reliance on *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) is improper, as it is a non-precedential per curiam opinion under 3d Cir. I.O.P. 5.7.

## II. The Court's Due Process Violation in Denying Notice and Opportunity to Be Heard Renders the Order Void

A. A judgment is void if the rendering court acted in a manner inconsistent with due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010). The Court's order in Dkt 141 violates due process by denying Plaintiff notice and an opportunity to contest the finding that Experian was not served. The Court's finding is not supported by the record and is based on a misapplication of the law regarding service of process. The Court's order is a legal nullity because it is based on a factual error and a violation of due process.

B. The Court's order is void because it is based on a factual error and a violation of due process. The Court's finding of no service is a factual nullity that contradicts the record. The Court's order is a legal nullity because it is based on a factual error and a violation of due process. The Court's order is void because it is based on a factual error and a violation of due process.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the void order denying the motion to vacate (ECF No. 141) under Fed. R. Civ. P. 60(b)(4), because the rendering court lacked personal jurisdiction over Defendant Experian Information Solutions, Inc. by acting in a manner inconsistent with due process—specifically, by relying on a finding of no service that directly contradicts the proof of service filed on the docket (ECF No. 54);

2. Enter default judgment against Defendant Experian Information Solutions, Inc. under Fed. R. Civ. P. 55(b), because Defendant failed to plead or otherwise defend after being served, as established by the proof of service (ECF No. 54) and the absence of any responsive pleading on the docket;

3.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

Page 5 of 8

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

