# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALICK-FARDY B. TRAORE, | ) | Case No. 2:25-cv-02822 |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR RELIEF FOR FRAUD ON THE COURT

## UNDER RULE 60(D)(3)

### INTRODUCTION

Plaintiff moves this Court to set aside its prior orders under Federal Rule of Civil Procedure 60(d)(3) for fraud on the court, because the Court's reliance on a non-existent service record constitutes conduct that defiles the court itself by preventing the judicial machinery from performing impartially. (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-46 (1944)). Plaintiff previously filed a Certificate of Service (ECF No. 54) establishing that service on Experian was properly effected, yet the Court denied Plaintiff's Motion to Vacate (ECF No. 141) by erroneously concluding that service was never made, thereby ignoring the documentary proof of record. The Court's subsequent denial of Plaintiff's Motions for Default (ECF Nos. 22 & 36) (ECF No. 41) and its dismissal of claims with prejudice (ECF No. 122) were outcome-determinative on the issue of jurisdiction because the Court's misapplication of the service record deprived Plaintiff of a meaningful opportunity to be heard. Because the Court's factual findings regarding service directly conflict with the sworn proof of service filed by Plaintiff (ECF No.

Page 1 of 17

54), the Court's actions actually deceived the court and warrant relief under Rule 60(d)(3), which operates independently of the one-year limit of Rule 60(b)(3). (Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005); Fed. R. Civ. P. 60(d)(3)).

## STATEMENT OF FACTS

1.    Plaintiff Malick-Fardy B. Traore is a pro se litigant in this action.

2.    The Court dismissed Plaintiff's claims against Capital One Bank (USA), N.A. with prejudice. (ECF No. 122 at 2).

3.    The Court dismissed Plaintiff's claims against Avant, LLC with prejudice. (ECF No. 38 at 2).

4.    The Court dismissed Plaintiff's UTPCPL claim with prejudice, and his FCRA and FDCPA claims without prejudice, granting leave to amend. (ECF No. 40 at 2).

5.    Plaintiff filed motions for default judgment against certain defendants, which the Court denied. (ECF No. 41 at 2; ECF No. 54 at 2).

6.    The Court denied Plaintiff's motion for remand and his motions for default judgment, signed by District Judge Gerald J. Papper. (ECF No. 41 at 2; record).

7.    The Court granted a motion to dismiss for failure to state a claim, permitting Plaintiff to amend his federal claims. (ECF No. 121 at 2).

8.    The Court denied Plaintiff's motion for reconsideration, finding he set forth no basis for reconsideration. (ECF No. 54 at 2).

## ARGUMENT

**I. The Court's False Findings of Fact and Sua Sponte Dismissals Constitute Fraud on the Court Under the Third Circuit's Four-Element Test.**

 A. Applying the Third Circuit's four-element test for fraud on the court, the Court's actions satisfy each element. First, the Court committed intentional fraud by making a false finding of fact regarding service of process. The Court's order (ECF No. 141) stated that Experian was never properly served, directly contradicting the proof of service filed by Plaintiff (ECF No. 54). Second, this fraud was committed by an officer of the court—the District Judge. Third, the fraud was directed at the court itself, as the Court relied on its own false factual premise to deny Plaintiff's motions for default judgment (ECF Nos. 22 & 36) and remand (ECF No. 17), thereby preventing the judicial machinery from performing impartially. Fourth, the Court was actually deceived by its own false findings, as evidenced by its denial of Plaintiff's motion for reconsideration of the denial of default judgment (ECF No. 54).

 B. The Court's actions also satisfy the substantive definition of fraud on the court as conduct that defiles or attempts to defile the court itself, or fraud perpetrated by court officers preventing the judicial machinery from performing impartially. The Court's sua sponte invocation of GLBA preemption and federal statutory defenses never raised by any defendant, and its subsequent dismissal of Plaintiff's claims with prejudice, violated Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). By dismissing Plaintiff's claims on grounds never raised by the parties, the Court defiled the judicial process and prevented the judicial machinery from performing impartially.

**II. The Court's Misapplication of Controlling Authority and Reliance on Non-Precedential Decisions Renders Its Orders Void Under Rule 60(d)(3).**

 A. The Court's reliance on misapplied and non-precedential authority to deny Plaintiff's motions for default judgment and reconsideration constitutes fraud on the court. The Court's order (ECF No. 141) misapplied Westinghouse Electric Corp. v. Newman &

Holtzinger, P.C., 90 F.3d 696 (3d Cir. 1996), which does not support the proposition for which it was cited. Furthermore, the Court relied on Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007), a non-precedential per curiam decision under 3d Cir. I.O.P. 5.7, to deny Plaintiff's motion for reconsideration. By relying on misapplied and non-precedential authority to deny Plaintiff's motions for default judgment and reconsideration, the Court prevented the judicial machinery from performing impartially.

B. The Court's denial of Plaintiff's motion for reconsideration of the denial of default judgment (ECF No. 54) further demonstrates the Court's refusal to correct its own fraud. The Court's order (ECF No. 54) stated that Plaintiff's motion sets forth no basis for the Court to reconsider its denial, despite the Court's own false findings of fact and misapplication of authority. By refusing to correct its own fraud, the Court defiled the judicial process and prevented the judicial machinery from performing impartially.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Set aside the order entered on May 11, 2026 (ECF No. 141) and the dismissal of Plaintiff's claims against Experian Information Solutions, Inc. under Federal Rule of Civil Procedure 60(d)(3), because the Court's finding that Experian was never properly served constitutes fraud on the court—specifically, conduct that defiles or attempts to defile the court itself, or fraud perpetrated by court officers preventing the judicial machinery from performing impartially (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-46 (1944));

2. Vacate the Court's reliance on non-binding authority in ECF No. 141, which misapplied In re Westinghouse Electric Corp. v. Newman & Holtzinger, P.C., 90 F.3d 696 (3d Cir. 1996) and cited the non-precedential per curiam opinion Pruden v. SCI Camp Hill, 252 F.

App'x 436 (3d Cir. 2007), thereby actually deceiving the court regarding the binding nature of the cited precedents (Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005));

3.   Enter default judgment against Experian Information Solutions, Inc. under Federal Rule of Civil Procedure 55(b), because the Court's erroneous finding of improper service contradicts the filed proof of service (ECF No. 54) and the mailbox presumption that properly addressed and posted mail is presumed received (Rosenthal v. Walker, 111 U.S. 185, 193 (1884); Hagner v. United States, 285 U.S. 427, 430 (1932));

4.   Grant such other and further relief as this Court deems just and proper.

**DEFECTS IN THE RECORD SUPPORTING THIS MOTION**

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | violates stare decisis. | |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | stricken |

| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |

| | | | | substantive issues. | |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice | void under Fed. R. Civ. P. 60(b)(4) |

| | | | | and opportunity to be heard | |
|---|---|---|---|---|---|
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | exclusion violating due process and judicial-impartiality norms. | |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | track has distinct procedural requirements that must be satisfied. | |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
J.

