# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse


## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OMNIBUS EXPOSURE FILING — STATEMENT OF SYSTEMIC VIOLATIONS

### INTRODUCTION

This Omnibus Exposure Filing respectfully requests that the Court vacate its order denying the Motion to Vacate (ECF No. 141) and enter default judgment against Experian Information Solutions, Inc. for its failure to appear after proper service (ECF No. 54), while simultaneously addressing the willful and negligent noncompliance of TransUnion LLC under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Plaintiff has previously filed a Certificate of Service (ECF No. 54) establishing service on Experian, multiple motions for default judgment (ECF Nos. 22, 36) which were denied, and a Motion to Vacate (ECF No. 140) challenging the Court's prior rulings. The case is currently in an active litigation phase with a firm amendment deadline of June 1, 2026 (ECF No. 138), and Plaintiff seeks to cure procedural defects and expose the defendants' ongoing violations of federal consumer protection statutes.

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed the original complaint in this action on [FACT NOT IN RECORD - DRAFTER MUST VERIFY] (ECF No. 52), asserting claims under the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) against multiple defendants, including TransUnion LLC, GreenSky LLC, Experian Information Solutions, Inc., Avant LLC, Equifax Information Services, LLC, and Capital One Bank (USA), N.A.

2. Plaintiff served the complaint on Experian Information Solutions, Inc. via United States Postal Service Certified Mail on July 22, 2025 (ECF No. 54). The record reflects that the Certified Mail was never returned to sender, and Experian subsequently accepted and signed for subsequent court mailings and case documents at the same address used for the initial service.

3. The Court entered an order on July 14, 2025, denying Plaintiff's Motion for Remand and Motions for Default Judgment (ECF No. 41).

4. On September 19, 2025, the Court entered an order granting motions to dismiss, dismissing Plaintiff's claims against Capital One Bank (USA), N.A. with prejudice, and dismissing Plaintiff's claims against Avant LLC and Equifax Information Services, LLC without prejudice (ECF No. 122).

5. Plaintiff filed a Motion to Vacate on September 24, 2025 (ECF No. 125), which the Court denied on September 29, 2025 (ECF No. 126). Plaintiff subsequently filed a Notice of Appeal on October 4, 2025 (ECF No. 127), which was denied without prejudice on October 14, 2025 (ECF No. 130).

6. On December 6, 2025, the Court entered an order granting Plaintiff leave to amend his claims by January 5, 2026 (ECF No. 132). The Third Circuit Court of Appeals reinstated

Plaintiff's appeal on December 17, 2025, but later dismissed the appeal for lack of appellate jurisdiction on April 24, 2026 (ECF No. 137).

7.    On April 28, 2025, the Court entered an order granting Plaintiff leave to amend his claims against Avant LLC and Equifax Information Services, LLC by June 1, 2026 (ECF No. 138). Plaintiff's failure to amend by this deadline will result in the dismissal of the remaining claims with prejudice.

8.    Plaintiff filed a third Motion to Vacate on May 8, 2026 (ECF No. 140), which the Court denied on May 11, 2026 (ECF No. 141). In the May 11, 2026 order, the Court stated that Experian was never properly served, a finding that contradicts the proof of service filed by Plaintiff on July 22, 2025 (ECF No. 54).

9.    Plaintiff's claims against TransUnion LLC and GreenSky LLC remain active and will proceed if Plaintiff files the required amended claims by the June 1, 2026 deadline. Plaintiff's substantive allegations against the active defendants include continued reporting of inaccurate data, failure to reinvestigate disputes, and violations of the UTPCPL.

## ARGUMENT

**I. The Court's Finding That Experian Was Never Properly Served Is Void Under Rule 60(b)(4) Because It Contradicts the Proof of Service and the Rebuttable Presumption of Receipt.**

A. The Court's finding in Dkt. 141 that Experian was never properly served is void under Rule 60(b)(4) because it directly contradicts the proof of service filed in the record. Under Rule 4(h)(1)(B), service on a corporation may be effected by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law. For an individual, Rule 4(e)(1) permits service by following state-law service methods of the state where the district court is located. In

Pennsylvania, Rule 4(e)(1) incorporates Pa. R. C. P. 403, which permits service by certified or registered mail. The proof of service filed in the record (ECF No. 54) establishes that service was attempted via USPS Certified Mail to the address of record. Critically, Rule 4(l)(3) provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The Court's reliance on the absence of a delivery confirmation to find no service is in conflict with Rule 4(l)(3), because that rule explicitly dictates that the failure to prove service does not affect the validity of service.

B.  The Court's finding is void because it ignores the rebuttable presumption of receipt that attaches to properly addressed mailings. A letter properly addressed, with postage prepaid, and mailed is presumed received by the addressee; this presumption is rebuttable but not by mere denial. Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884). The regular addressing and posting of mail raises a rebuttable presumption of receipt and of receipt in the regular course of mail. Hagner v. United States, 285 U.S. 427, 430 (1932). The record shows that the mailing was properly addressed and posted, and the absence of a return-to-sender confirms the address was deliverable. Furthermore, subsequent mailings to the same address were received and signed for, foreclosing any argument that the address was incorrect. The burden then shifts to the party denying receipt to overcome this presumption, which the Court did not do in Dkt. 141.

## II. The Court's Denial of Default Judgment Against Experian Is Outcome-Determinative Because It Relies on the Void Finding of No Service.

A.  The Court's denial of the Motion for Default Judgment against Experian is outcome-determinative on the issue of default, because the Court's reliance on the void finding of no service yields the consequence of denying a default judgment that is mandated by Rule 55. Under Rule 55(a), the clerk must enter default when a defendant has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. Rule 55(b) provides for default judgment by the court in all other cases. Because

Experian never answered, the Court's finding in Dkt. 141 that Experian was never served is in conflict with Rule 55, because that rule requires default when a defendant fails to plead, and the void finding of no service improperly prevents the entry of default. The Court's denial of default in Dkt. 41 and Dkt. 54 was based on the same flawed premise that service was not established, which is void under Rule 60(b)(4).

B. The Court's reliance on opposing authority to deny default and find no service is in conflict with controlling authority, because those authorities do not support the proposition for which they were cited. The Court cited In re Westinghouse Electric Corp. v. Newman & Holtzinger, P.C., 90 F.3d 696 (3d Cir. 1996), which is misapplied and does not support the proposition for which it was cited. The Court also cited Pruden v. SCI Camp Hill, 252 F. App'x 436 (3d Cir. 2007), which is non-precedential per curiam under 3d Cir. I.O.P. 5.7 and therefore cannot serve as binding authority for the proposition that Experian was not served. The Court's application of these authorities to deny default and find no service is void under Rule 60(b)(4) because the underlying finding of no service is void, and the authorities cited are either misapplied or non-precedential.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the Court's findings regarding service and dismissal, including the Order dated May 11, 2026 (ECF No. 141), pursuant to Fed. R. Civ. P. 60(b)(4) and Fed. R. Civ. P. 60(d)(3), because the Court's ruling is void due to a fundamental defect in the service of process and a procedural defect under Rule 12(b)(6) where adjudication must be confined to the grounds raised by the parties;

2. Grant leave to amend the Complaint to include claims against Avant and Equifax before the June 1, 2026 deadline, pursuant to Fed. R. Civ. P. 15(a);

3.  Enter default against Experian Information Solutions, Inc. and grant a default judgment against Experian pursuant to Fed. R. Civ. P. 55(a) and (b), because Experian has failed to plead or otherwise defend and that failure is shown by the record;

4.  Award Plaintiff actual damages, statutory damages, and attorney's fees and costs for willful noncompliance under 15 U.S.C. § 1681n(a) and negligent noncompliance under 15 U.S.C. § 1681o(a);

5.  Award Plaintiff actual damages, statutory damages up to $1,000, and attorney's fees and costs for violations of the FDCPA under 15 U.S.C. § 1692k(a);

6.  Award Plaintiff actual damages, treble damages under 73 P.S. § 201-9.2(a), and attorney's fees and costs for violations of the UTPCPL under 73 P.S. § 201-2(4); and

7.  Grant such other and further relief as this Court deems just and proper.

**DEFECTS IN THE RECORD SUPPORTING THIS MOTION**

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants | stricken |

| | | | | requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
|---|---|---|---|---|---|
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed | stricken |

| | | | | conflicts, or systematic deception of the court bearing on a central issue. | |
|---|---|---|---|---|---|
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking | stricken |

| | | | | federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | |
|---|---|---|---|---|---|
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of |

| | | | | appropriate for jurisdictional defects but generally requires fair process for substantive issues. | Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re |

Page 12 of 18

| | | | | | Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government | stricken |

Page 13 of 18

| | | | | movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | |
|---|---|---|---|---|---|
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of | stricken |

| | | | | jurisdiction do not enjoy immunity. (ECF No. 124) | |
|---|---|---|---|---|---|

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

\_\_\_\_\_

J.

