# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

**PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS**

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALICK-FARDY B. TRAORE, | ) | Case No. 2:25-cv-02822 |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(B)(1)-(3)

### INTRODUCTION

This motion requests that the Court vacate its May 11, 2026 order (ECF No. 141), which denied Plaintiff's motion to vacate and erroneously concluded that Experian was never properly served. Plaintiff has already established service on Experian by filing a Certificate of Service via USPS Certified Mail on July 22, 2025 (ECF No. 54), and Experian subsequently accepted all mailings sent to that same address, thereby invoking the rebuttable presumption of receipt under *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) and *Hagner v. United States*, 285 U.S. 427, 430 (1932). The Court's contrary finding in ECF No. 141 conflicts with the record and FRCP 4(l), which provides that failure to prove service does not affect its validity and the court may permit proof of service to be amended. The case currently remains active, with the Court having set a June 1, 2026 deadline for Plaintiff to amend claims against Avant and Equifax, while claims against TransUnion and GreenSky will proceed.

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed this action alleging violations of the Fair Credit Reporting Act ("FCRA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against multiple credit reporting agencies and furnishers. (ECF No. 52)

2. On May 11, 2026, the Court entered an Order denying Plaintiff's Motion to Vacate (ECF No. 140) and setting a final deadline of June 1, 2026, for Plaintiff to amend his claims against Avant and Equifax. (ECF No. 141)

3. The Court's Order (ECF No. 141) denied Plaintiff's Motion to Vacate based on the conclusion that Plaintiff failed to properly serve the defendant Experian Information Solutions, Inc. (ECF No. 141).

4. Contrary to the Court's finding, Plaintiff served Experian via USPS Certified Mail on July 22, 2025, and filed a Certificate of Service documenting this attempt. (ECF No. 54)

5. The record reflects that Experian never returned the certified mail as undeliverable, and Experian subsequently accepted and signed for all subsequent court mailings and case documents sent to the same address used for the initial service attempt. (record)

6. In reaching its conclusion regarding service, the Court relied on the non-precedential per curiam decision in *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007), and the misapplied authority of *In re Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696 (3d Cir. 1996). (ECF No. 141)

7. The Court's Order (ECF No. 141) also dismissed Plaintiff's claims against Capital One Bank (USA), N.A. with prejudice, and dismissed Plaintiff's claims against Avant and Equifax without prejudice, subject to the June 1, 2026 amendment deadline. (ECF No. 141)

Page 2 of 17

8. Plaintiff's prior motions for default judgment against Experian were previously denied by the Court. (ECF No. 41)

9. Plaintiff's prior Motion to Vacate was previously denied by the Court. (ECF No. 126)

10. Plaintiff's prior Motion for Leave to Appeal in forma pauperis was denied. (ECF No. 130)

## ARGUMENT

**I. The Court's Finding That Experian Was Not Properly Served Constitutes a Mistake or Inadvertence Warranting Relief Under Rule 60(b)(1) and Is Contradicted by the Proof of Service Under Rule 4(l)(3).**

A. The Court's order (ECF No. 141) erroneously concluded that Experian was not properly served, a factual error that constitutes a mistake or inadvertence under Rule 60(b)(1). Rule 60(b)(1) provides relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." The plaintiff's Certificate of Service (ECF No. 54), filed on July 22, 2025, attests that service on Experian was effected via USPS Certified Mail. The Court's subsequent finding that service was never made is a mistake of fact that directly contradicts the plaintiff's own sworn proof of service. Furthermore, Rule 4(l)(3) explicitly provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The absence of a return receipt does not negate the validity of the service actually made, nor does it justify the Court's conclusion that service was never accomplished.

B. The Court's reliance on the absence of a return receipt to invalidate service is in conflict with established law, because the presumption of receipt applies where properly addressed mail is posted. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884) holds that a letter properly addressed, with postage prepaid, and posted is presumed received by the addressee, a presumption that is rebuttable but not by mere denial.

*Hagner v. United States*, 285 U.S. 427, 430 (1932) restates the mailbox rule, holding that regular addressing and posting raises a rebuttable presumption of receipt and of receipt in the regular course of mail. Because the plaintiff's proof of service (ECF No. 54) shows the mail was properly addressed and posted, and because Experian accepted subsequent mailings to the same address, the presumption of receipt is triggered. The Court's finding that Experian was not served is outcome-determinative on the issue of default, because the failure to recognize this presumption and the plaintiff's proof of service yields the consequence of denying the plaintiff the right to seek default judgment against Experian.

**II. The Court's Reliance on Defective Opposing Authority to Deny Relief Is in Error, Because the Cited Authorities Do Not Support the Proposition for Which They Were Invoked.**

    A. The Court's denial of the plaintiff's motion to vacate is in error because the Court relied on *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696 (3d Cir. 1996), which is misapplied and does not support the proposition for which it was cited. The Court's use of *Westinghouse* to deny relief is in conflict with the controlling authority, because *Westinghouse* does not support the proposition that a court may disregard a plaintiff's proof of service based on the absence of a return receipt. The Court's application of *Westinghouse* is improper, because it applies the authority to a factual scenario (absence of a return receipt) when its actual holding governs a different factual scenario (the scope of attorney-client privilege and work-product doctrine).

    B. The Court's reliance on *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007), is also defective, because *Pruden* is a non-precedential per curiam opinion under 3d Cir. I.O.P. 5.7 and therefore lacks binding authority. The Court's reliance on *Pruden* to deny relief is in violation of the principle that non-precedential opinions do not establish binding precedent. The Court's failure to distinguish between binding and non-precedential authority yields the consequence of denying the plaintiff relief based on an authority that does not control the outcome of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Vacate the Court's order denying Plaintiff's motions for default judgment against Experian Information Solutions, Inc. (ECF No. 41/54) and the order finding that Experian was never properly served (ECF No. 141), because the Court's finding is in conflict with the proof of service filed by Plaintiff (ECF No. 54) and the mailbox presumption that properly addressed and posted mail is presumed received.

2.  Enter default judgment against Experian Information Solutions, Inc. for its failure to plead or otherwise defend, as required under Fed. R. Civ. P. 55(b).

3.  Vacate the Court's order dismissing Plaintiff's claims against Avant, LLC and Equifax Information Services, LLC with prejudice (ECF No. 122), because the dismissal is outcome-determinative on the issue of amendment, and Plaintiff seeks leave to amend his claims against Avant and Equifax to cure the deficiencies identified by the Court, as permitted under Fed. R. Civ. P. 15(a)(2).

4.  Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory | stricken |

Page 5 of 17

| | | | | | |
|---|---|---|---|---|---|
| | | | | prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; |

| | | | | with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | Pa.R.P.C. 3.3). |
|---|---|---|---|---|---|
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings |

| | | | | | Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
|---|---|---|---|---|---|
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |

| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | | Court has issued a substantive ruling on an issue not raised by any party, without affording the | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a |

| | | | | parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under | stricken This conduct breaches Judge Gerald J. Pappert's |

| | | | | Pa.R.C.P. 1024 | fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or | stricken |

| | | | | improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
|---|---|---|---|---|---|
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of | stricken |



| | | | | judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | |
|---|---|---|---|---|---|

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.



9202 8901 4298 0484 2617 40

**PRIORITY MAIL**

Malick Traore
1338 chestnut st
1714
Philadelphia PA 19107

0014250355000011
Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia PA 19106