# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

### AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

### Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFECTIVE FILINGS AND FOR SANCTIONS

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully submits this motion to strike non-binding citations from Defendants' adversary filings and to require Defendants to re-file using only authorities binding on this Court. Plaintiff has already filed a structural audit of the record identifying ninety-six defects in the adversary filings, of which thirty-eight are fatal under the binding-precedent hierarchy, and has submitted a Scorecard Exhibit tabulating these defects for the Court's review. The current procedural posture reflects that the Court has entered dispositive orders, including the May 11, 2026 order denying Plaintiff's Motion to Vacate (ECF No. 141), which relied on the very non-binding authority and misstated the service of process on Experian that Plaintiff has now identified. Because the record cannot be re-anchored without correcting these structural errors, Plaintiff respectfully requests that the Court strike the non-conforming citations and vacate the affected orders.

## STATEMENT OF FACTS

1.  Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, filed a Motion to Vacate (ECF No. 140).

2.  On May 11, 2026, the Court entered an order denying the Motion to Vacate (ECF No. 141).

3.  In ECF No. 141, the Court relied on *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007).

4.  *Pruden v. SCI Camp Hill* is a non-precedential per curiam opinion.

5.  In ECF No. 141, the Court stated that Experian was never properly served.

6.  ECF No. 54 is the filed proof of service for Experian dated July 22, 2025.

7.  The Court in ECF No. 141 conflated the absence of delivery confirmation with the absence of service.

8.  The Court set a deadline for Plaintiff to amend by June 1, 2026, threatening dismissal with prejudice if not amended (ECF No. 141).

9.  Plaintiff's structural audit identified 96 defects in adversary filings, of which 38 are fatal under the binding-precedent hierarchy.


## ARGUMENT

**I. The Court's Order Denying Plaintiff's Motion to Vacate Is Void Under Rule 60(b)(4) Because It Relies on a Defective Finding of Service That Contradicts the Record**

A.  A trial court acting outside its proper jurisdictional scope produces orders that are void *ab initio*, not merely voidable. *See* Fed. R. Civ. P. 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The Court's order (ECF No. 141) denies Plaintiff's Motion to Vacate (ECF No. 140) and erroneously states that Experian was never properly served. This finding is outcome-determinative on the issue of default, because a defendant who fails to plead or otherwise defend is subject to default under Fed. R. Civ. P. 55(a), but only if service of process has been validly effected. Fed. R. Civ. P. 4(h)(1)(B) permits service on a corporation by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law, and Fed. R. Civ. P. 4(e)(1) permits service on an individual by following state-law service methods. Pa. R. C. P. 403 authorizes service by certified or registered mail.

B.  The record establishes that Plaintiff served Experian via USPS Certified Mail on July 22, 2025, as documented in the Certificate of Service (ECF No. 54). Fed. R. Civ. P. 4(l)(3) provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The absence of a return-to-sender receipt does not negate service; rather, it confirms the address was deliverable. Under the mailbox rule, a letter properly addressed, with postage prepaid, and mailed is presumed received by the addressee, a presumption that is rebuttable but not by mere denial. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884); *Hagner v. United States*, 285 U.S. 427, 430 (1932). Furthermore, Experian accepted subsequent mailings to the same address, foreclosing any argument that the address was incorrect. Because the Court's order (ECF No. 141) rests on a factual finding that contradicts the record and misapplies the presumption of receipt, the order is void under Rule 60(b)(4) because of a specific due-process defect—the deprivation of notice and an opportunity to be heard based on a false premise.

**II. Defendants' Repeated Substitution of Non-Binding Authority for Controlling Law Is Outcome-Determinative and Requires Striking**

A. A trial court is bound only by decisions of its supervising appellate court on questions of controlling law. Sister-court decisions, out-of-circuit federal opinions, and unpublished dispositions from foreign jurisdictions are persuasive only; they do not bind this Court. Defendants' filings repeatedly substitute persuasive material for binding authority, failing to satisfy the burden of identifying controlling law. *See 3d Cir. R.* 28.3 (binding hierarchy in the Third Circuit). Defendants cite *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) as controlling. *Pruden* is a non-precedential per curiam opinion and does not bind this Court. *Westinghouse* is misapplied to the factual scenario of this case when its actual holding governs a different factual scenario. Because Defendants present these decisions as controlling rather than persuasive, the citations misstate the hierarchy of authority and the arguments they support must be disregarded.

B. The proper remedy for a filing that fails to conform to the law by relying on non-binding authority is to strike the non-conforming citations. *See* Fed. R. Civ. P. 12(f) (striking insufficient or immaterial matter); *Pa.R.C.P.* 1028(a)(2) (pleading or paper that fails to conform to law). The non-binding citations identified in the record cannot support the relief Defendants seek. The Court must disregard those citations and require Defendants to re-brief using only authorities binding on this forum. Anything less permits a record built on persuasive material to masquerade as one grounded in controlling law.

### III. The Court's Dispositive Orders Exceeded Its Jurisdictional Authority by Treating Non-Controlling Sister-Court Decisions as Binding Precedent

A. When a dismissal is challenged, the trial court must apply the standard set forth in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), which requires that dismissal be proper only if "no set of facts could entitle the plaintiff to relief." *See* also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints held to less stringent standards than formal pleadings drafted by lawyers). In **Traore v. TransUnion LLC et al.**, the

record establishes that the trial court exceeded its review authority by treating non-controlling sister-court decisions as if they were binding precedent. This is structural error—not a discretionary call subject to abuse-of-discretion review, but a defect in the court's authority to issue the underlying order.

B. Because the resulting order rests on the misapplication of binding-precedent hierarchy, it cannot survive collateral attack under Fed. R. Civ. P. 60(b)(4) or Pa.R.C.P. 237.3. Plaintiff respectfully submits that the order should be vacated and the matter remanded for proceedings under the proper authority hierarchy. Where the court exceeds its jurisdiction, the maxim *equity will not suffer a wrong without a remedy* requires that the error be corrected, and the party prejudiced by the excess of authority be afforded appropriate relief. *See* 28 U.S.C. § 1651; *see also* 42 Pa.C.S. § 5505.

## IV. Sanctions Are Warranted to Deter Recurrence of Procedural Non-Conformities

A. Federal Rule of Civil Procedure 11—and Pennsylvania Rule of Civil Procedure 1023.4—authorize this Court to impose sanctions when a party signs and presents to the tribunal papers that contain factual or legal contentions not warranted by existing law, or that are presented for an improper purpose. The defects identified above—non-binding authority cited as controlling, failure to disclose the contested status of cited orders, and procedural non-conformities—are not technical missteps. They are choices, made and re-made across multiple filings, that shifted to Plaintiff (and to this Court) the work of identifying infirmities that should never have entered the record.

B. Plaintiff respectfully requests sanctions sufficient to deter recurrence. At minimum: (1) an order requiring Defendants to re-file the contested papers with corrected authority and full disclosure of pending challenges; (2) Plaintiff's reasonable costs incurred in identifying and briefing the defects; and (3) such further relief as the Court deems just under Fed. R. Civ. P. 11(c) or Pa.R.C.P. 1023.4.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    GRANT the relief sought in this motion by striking the non-conforming citations identified herein, pursuant to Fed. R. Civ. P. 12(f) and Pa.R.C.P. 1028(a)(2);

2.    VACATE the order entered on May 11, 2026 (ECF No. 141) to the extent it rests on the misapplication of binding-precedent hierarchy and the void service finding, because the order is void under Fed. R. Civ. P. 60(b)(4) due to the structural error of relying on non-binding authority and the factual contradiction regarding service of process;

3.    ORDER Defendants to re-file the contested papers with corrected authority and full disclosure of pending challenges;

4.    AWARD Plaintiff costs reasonably incurred in identifying and briefing the defects; and

5.    GRANT such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the filing presents this as controlling authority, it violates stare decisis. | |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | deception of the court bearing on a central issue. | |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |

| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears | stricken |

| | | | | the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | |
|---|---|---|---|---|---|
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); |

| | | | | defects but generally requires fair process for substantive issues. | Tumey v. Ohio, 273 U.S. 510 (1927)). |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |

| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| --- | --- | --- | --- | --- | --- |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication | stricken |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. |  |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. | stricken |

Page 15 of 18

| | | | | (ECF No. 124) | |
|---|---|---|---|---|---|
| | | | | | |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

