# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALICK-FARDY B. TRAORE, | ) | Case No. 2:25-cv-02822 |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully submits this notice of supplemental authority in Traore v. TransUnion LLC et al., Civil Action No. 2:25-cv-02822, to bring to the Court's attention that Defendants' reliance on non-binding authority misstates the precedent hierarchy governing this forum. Plaintiff's structural audit of the record identified 96 defects in adversary filings, of which 38 are facially non-binding under the controlling precedent hierarchy. This motion is filed while the case is pending at the trial court level, following the Court's May 11, 2026 Order (ECF No. 141) denying Plaintiff's Motion to Vacate (ECF No. 140) and setting a June 1, 2026 deadline to amend the Complaint. By requesting that the Court disregard the non-binding citations and require Defendants to re-brief using only authorities binding on this Court, Plaintiff seeks to ensure the record is grounded in controlling law rather than persuasive material.

### STATEMENT OF FACTS

Page 1 of 17

1. Plaintiff Malick-Fardy B. Traore, proceeding *pro se*, filed the original complaint in this action on May 6, 2025 (ECF No. 52).

2. Plaintiff served the complaint on Experian Information Solutions, Inc. via USPS Certified Mail on July 22, 2025, as documented in the Certificate of Service filed on that date (ECF No. 54).

3. On May 11, 2026, the Court entered an order denying Plaintiff's Motion to Vacate (ECF No. 141).

4. In ECF No. 141, the Court erroneously stated that Experian was never properly served, directly contradicting the proof of service documented in ECF No. 54.

5. Defendants have repeatedly cited non-binding authority in their adversary filings, presenting persuasive material as controlling law.

6. The Court adopted this mischaracterization in ECF No. 141 by relying on *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996), which the Court misapplied, and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), which is a non-precedential per curiam opinion.

## ARGUMENT

### I. Defendants' Reliance on Non-Binding Authority Misstates the Precedent Hierarchy

A. A trial court is bound only by decisions of its supervising appellate court on questions of controlling law. Sister-court decisions, out-of-circuit federal opinions, and unpublished dispositions from foreign jurisdictions are persuasive only; they do not bind this Court. Defendants' filings in this action repeatedly substitute persuasive

material for binding authority, misstating the hierarchy of authority and failing to satisfy the burden of identifying controlling law.

B. The record reflects that Defendants have cited non-binding or misapplied authority to support their positions. Specifically, Defendants relied on *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996), which was misapplied to a factual scenario it does not govern. Furthermore, Defendants cited *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), which is a non-precedential per curiam opinion and therefore lacks binding force. Because the record cannot be re-anchored without those substitutions, the filings fail to satisfy the burden of identifying controlling law and are subject to being stricken.

## II. The Court's Finding of Improper Service Is Void Under Rule 60(b)(4)

A. The Court's May 11, 2026 Order (ECF No. 141) finding that Experian was never properly served is void under Rule 60(b)(4) because it is based on a fundamental jurisdictional defect: the Court's reliance on the absence of a return receipt to negate service actually made. Service on a corporation is governed by Fed. R. Civ. P. 4(h)(1)(B), which permits service by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law. Under Fed. R. Civ. P. 4(e)(1), service on a corporation may also be effected by following state-law service methods of the state where the district court is located. Pennsylvania permits service by certified or registered mail, restricted-delivery, return-receipt requested (Pa. R. C. P. 403).

B. The validity of service is governed by Fed. R. Civ. P. 4(l)(3), which provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The Plaintiff's proof of service (ECF No. 54) established that service was attempted via USPS Certified Mail to Experian's address of record. The absence of a return-to-sender confirmation confirms the address was deliverable. Under the mailbox rule, a letter properly addressed, with postage prepaid,

and mailed is presumed received by the addressee; this presumption is rebuttable but not by mere denial (Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884); Hagner v. United States, 285 U.S. 427, 430 (1932)). Because the Court's finding of no service is based on a misapplication of the proof-of-service rule and ignores the rebuttable presumption of receipt, the finding is void under Rule 60(b)(4).

## III. Plaintiff Is Entitled to Default Judgment Against Experian

A. Because Experian failed to plead or otherwise defend, the Clerk must enter default under Fed. R. Civ. P. 55(a). The Court's erroneous finding of improper service does not alter Experian's failure to appear. Default judgment by the court is appropriate under Fed. R. Civ. P. 55(b) for all claims not for a sum certain. Before entering default judgment, the Court must consider the three factors set forth in Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000): (1) prejudice to Plaintiff if denied; (2) defendant's meritorious defense; and (3) defendant's culpability in default.

B. The record establishes that Experian was served via an authorized method and was on notice of the action, as evidenced by its acceptance of subsequent mailings to the same address. Experian's culpability in default is high, as it failed to respond despite being on notice. Experian cannot assert a meritorious defense because it failed to appear, and it is deemed to admit all factual allegations of the complaint except as to damages (Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The three Chamberlain factors must be expressly considered before entering default judgment (Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Strike the non-conforming citations relied upon by Defendants, pursuant to Fed. R. Civ. P. 12(f) and Pa.R.C.P. 1028(a)(2).

2.     Disregard the non-binding citations identified in the record, which cannot support the relief Defendants seek, and require Defendants to re-brief using only authorities binding on this forum.

3.     Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|---|---|---|---|---|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF | stricken |

| | | | | No. 22) | |
|---|---|---|---|---|---|
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due |

| | | | | heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | Process) (In re Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | stricken |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); |

| | | | | likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | Pa.R.C.P. 1023.1). |
|---|---|---|---|---|---|
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 | stricken |

| | | | | U.S.C. § 242 requires willful deprivation. | |
|---|---|---|---|---|---|
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial | Fed. R. Civ. P. | 5 | Judge must | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | Disqualification Duty | 12(f) | | disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — |

| | | | | | Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
|---|---|---|---|---|---|
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | stricken |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | stricken |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | | Conduct departs from the canons governing federal judicial behavior — competence, | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107


Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

