# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

### AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

### Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully requests that the Court vacate the May 11, 2026 order denying the Motion to Vacate and grant reconsideration based on the Court's misapplication of binding precedent and factual errors regarding service of process. Plaintiff previously filed a Motion to Vacate (ECF No. 140) and a proof of service for Experian Information Solutions, Inc. (ECF No. 54), which the Court erroneously disregarded in its May 11, 2026 order (ECF No. 141) by claiming Experian was never properly served. The matter is currently pending at the trial court level with FRCP 54b certification, and an appeal is pending before the Third Circuit (No. 25-2960).

### STATEMENT OF FACTS

1.     Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed the original complaint in this action on May 6, 2025 (ECF No. 52).

2.   Plaintiff served the summons and complaint upon Experian Information Solutions, Inc. via USPS Certified Mail on July 22, 2025, as evidenced by the Certificate of Service filed on May 6, 2025 (ECF No. 54).

3.   The certified mail was never returned to sender, confirming that the address used for service was deliverable.

4.   Experian accepted subsequent mailings to the same address, including a Notice of Default request and supporting documents, as well as all subsequent court mailings and case documents.

5.   On May 11, 2026, the Court entered an order denying Plaintiff's Motion to Vacate (ECF No. 141).

6.   In ECF No. 141, the Court stated that Experian was never properly served, which directly contradicts the proof of service filed in ECF No. 54.

7.   In ECF No. 141, the Court relied on non-binding authority, specifically *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), misapplying or relying on non-precedential per curiam decisions.

8.   Plaintiff has a firm deadline of June 1, 2026, to amend claims against Avant and Equifax, or face dismissal with prejudice (ECF No. 141).

9.   Plaintiff's claims against Capital One were dismissed with prejudice in ECF No. 141.

10.  Plaintiff's claims against TransUnion and GreenSky will proceed if no amendment is filed.

**ARGUMENT**

**I. The Trial Court Exceeded Its Jurisdictional Authority by Treating Non-Binding Authority as Controlling Law**

A. A court acting outside its proper jurisdictional scope produces orders that are void ab initio, not merely voidable. See FRCP 60(b)(4); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). When a dismissal is challenged, the trial court must apply the standard set forth in Haines v. Kerner, 404 U.S. 519 (1972), which requires that dismissal be proper only if "no set of facts could entitle the plaintiff to relief." In Traore v. TransUnion LLC et al., the record establishes that the trial court exceeded its review authority by treating non-controlling sister-court decisions as if they were binding precedent. This is structural error -- not a discretionary call subject to abuse-of-discretion review, but a defect in the court's authority to issue the underlying order.

B. Because the resulting order rests on misapplication of binding-precedent hierarchy, it cannot survive collateral attack under FRCP 60(b)(4) or Pa.R.C.P. 237.3. Where the court exceeds its jurisdiction, the maxim equity will not suffer a wrong without a remedy requires that the error be corrected, and the party prejudiced by the excess of authority be afforded appropriate relief.

**II. Defendants' Reliance on Non-Binding Authority Misstates the Precedent Hierarchy**

A. A trial court is bound only by decisions of its supervising appellate court on questions of controlling law. Sister-court decisions, out-of-circuit federal opinions, and unpublished dispositions from foreign jurisdictions are persuasive only; they do not bind this Court. In this case, Defendants cited In re Westinghouse Secs. Litig., 90 F.3d 696, 704 (3d Cir. 1996) and Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007) as controlling rather than persuasive. The citation to In re

Westinghouse Secs. Litig. is misapplied, and Pruden is a non-precedential per curiam opinion.

B. Because Defendants repeatedly substitute persuasive material for binding authority, the filing fails to satisfy the burden of identifying controlling law and is subject to being stricken. A motion to strike non-conforming citations is supported by Pa.R.C.P. 1028(a)(2) (state court — pleading or paper that fails to conform to law) and Fed. R. Civ. P. 12(f) (federal court — striking insufficient or immaterial matter); see also 3d Cir. R. 28.3 (binding hierarchy in the Third Circuit). The non-binding citations identified in the record cannot support the relief Defendants seek. The proper remedy is to disregard those citations and require Defendants to re-brief using only authorities binding on this forum. Anything less permits a record built on persuasive material to masquerade as one grounded in controlling law.

**III. The Court's Finding That Experian Was Not Properly Served Is Contradicted by the Record and Misapplied the Law Regarding Proof of Service and the Presumption of Receipt**

A. Service of process on a corporation may be effected by methods permitted by state law, which in Pennsylvania permits service by certified mail. Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. 4(e)(1); Pa. R. C. P. 403. Proof of service is governed by Rule 4(l)(1) (server's affidavit/return). Critically, Rule 4(l)(3) provides that 'Failure to prove service does not affect the validity of service' -- so any defect in the proof does not undo service actually made. In this case, Plaintiff filed a Certificate of Service via USPS Certified Mail on 2025-07-22 (ECF No. 54). The absence of a return-to-sender confirmation confirms the address was deliverable.

B. Where the record shows a properly addressed mailing (e.g., certified mail/USPS tracking to the address of record) that was not returned, and subsequent mailings reached the same address, the rebuttable PRESUMPTION OF RECEIPT applies: Rosenthal v. Walker, 111 U.S. 185, 193 (1884) (a letter properly directed and placed in the mail is presumed to have reached its destination and been received); accord

Page 4 of 9

Hagner v. United States, 285 U.S. 427, 430 (1932). The burden then shifts to the party denying receipt. This presumption is grounded in the PRESUMPTION OF REGULARITY -- official duties, including those of postal employees, are presumed to have been performed properly (omnia praesumuntur rite esse acta). Furthermore, where the opposing party slept on a service objection while the case proceeded, equity aids the vigilant, not those who slumber on their rights (vigilantibus non dormientibus aequitas subvenit). The Court's finding in Dkt 141 that Experian was never properly served conflates the absence of delivery confirmation with the absence of service, ignoring the subsequent mailings that were received and signed for at the same address.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Vacate the Order entered on May 11, 2026 (ECF No. 141) to the extent it erroneously finds that Plaintiff failed to properly serve Experian Information Solutions, Inc., because the finding is void under Rule 60(b)(4) due to the jurisdictional defect of misapplying the mailbox rule and Rule 4(l);

2.    Strike the non-binding citations to *In re Westinghouse Secs. Litig.* and *Pruden v. SCI Camp Hill* from Defendants' filings under Rule 12(f), because those authorities are persuasive only and do not bind this Court;

3.    Take judicial notice of the Scorecard Exhibit tabulating the 96 defects identified in the adversary filings;

4.    Award Plaintiff costs reasonably incurred; and

5.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

