# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS**

**INTRODUCTION**

Plaintiff respectfully moves this Court to impose sanctions against Defendant TransUnion LLC for its willful and reckless violations of the Fair Credit Reporting Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, as well as for its bad-faith conduct in abusing the judicial process. Plaintiff has previously filed multiple motions for default judgment against co-defendants that were denied without prejudice (ECF Nos. 22, 36, 41, 54), and the Court has repeatedly dismissed claims with prejudice (ECF Nos. 38, 40, 122) while misapplying non-binding and non-precedential authority to deny relief (ECF No. 121). The current procedural posture requires Plaintiff to amend its claims against Avant and Equifax by June 1, 2026, or face dismissal with prejudice, while TransUnion's ongoing noncompliance and obstruction continue to prejudice Plaintiff's ability to obtain a fair resolution.

**STATEMENT OF FACTS**

Page 1 of 17

1.    Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed a complaint asserting claims against TransUnion LLC under the Fair Credit Reporting Act (FCRA) and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). (ECF No. 52)

2.    TransUnion LLC filed an answer to the complaint. (ECF No. 14)

3.    The Court granted a motion to dismiss the complaint for failure to state a claim, but permitted Plaintiff to amend his federal claims. (ECF No. 121)

4.    The Court sua sponte invoked a legal theory and statute—15 U.S.C. § 1681t(b)(1)(F)—to dismiss Plaintiff's Pennsylvania Unfair Trade Practices claim, a defense never raised by any defendant. (ECF No. 121)

5.    The Court's sua sponte dismissal of the UTPCPL claim with prejudice violated the principle that adjudication must be confined to the grounds raised by the parties, constituting a procedural defect under Rule 12(b)(6) and a violation of Plaintiff's constitutional right to notice and opportunity to be heard. (ECF No. 121)

6.    The Court's assertions regarding Plaintiff's conduct included non-legal ideology such as "sovereign citizen" rhetoric, which Plaintiff contends is inaccurate and defamatory. (ECF No. 121)

7.    Plaintiff's claims involve equitable relief against willful reporting of false data and the right to redress and remedy under the Fifth Amendment. (ECF No. 121)

## ARGUMENT

**I. Defendant TransUnion LLC's filings were filed for an improper purpose and lack evidentiary support, warranting sanctions under Federal Rule of Civil Procedure 11(b).**

A. Federal Rule of Civil Procedure 11(b) requires that every pleading, motion, and other paper be certified by the signatory that it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation, and that the factual contentions have evidentiary support or will likely have it after a reasonable opportunity for further investigation or discovery. TransUnion LLC's filings in this case were filed for an improper purpose and lack factual support. The record reflects that TransUnion LLC filed a motion to dismiss for failure to state a claim against Plaintiff, which was granted with prejudice, and Plaintiff was permitted to amend. (ECF No. 121; ECF No. 122). Despite this, TransUnion LLC continued to advance the same legally deficient arguments in subsequent filings, including a motion to vacate and subsequent responses, which the Court denied. (ECF No. 140; ECF No. 141). TransUnion LLC's repeated pursuit of a legally deficient claim, despite being on notice of its failure, constitutes an improper purpose under Rule 11(b)(1).

B. Furthermore, TransUnion LLC's filings lack evidentiary support for its factual contentions, violating Rule 11(b)(3). TransUnion LLC's filings assert that Plaintiff failed to properly serve Defendant Experian, a factual assertion directly contradicted by the record. Plaintiff filed a Certificate of Service via USPS Certified Mail, which was never returned to sender, and Defendant Experian subsequently accepted and signed for multiple subsequent mailings to the same address. (ECF No. 54; record). TransUnion LLC's assertion that Experian was never properly served is factually unsupported and contradicts the presumption of receipt that attaches to properly addressed and posted mail. (Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884); Hagner v. United States, 285 U.S. 427, 430 (1932)). TransUnion LLC's failure to investigate these basic facts before filing its motions demonstrates a reckless disregard for the truth, warranting sanctions under Rule 11(b)(3).

**II. Defendant TransUnion LLC's conduct constitutes bad-faith litigation tactics and abuse of the judicial process, warranting sanctions under the Court's inherent power under Chambers v. NASCO, Inc.**

A.  The Court possesses inherent power to sanction bad-faith conduct that extends beyond the scope of Rule 11, including fraud on the court and abuses of process. Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991). TransUnion LLC's conduct in this case rises to the level of abuse of process. TransUnion LLC filed a motion to vacate the Court's order denying its motion to dismiss, arguing that the Court erred in denying default judgment against Defendant Experian. (ECF No. 140). This motion was based on a false premise—that Experian was not properly served—despite the record clearly showing that service was effected and accepted. (ECF No. 54; record). By advancing a materially false factual assertion to the Court, TransUnion LLC engaged in an abuse of the judicial process that warrants sanctions under the Court's inherent authority.

B.  Additionally, TransUnion LLC's conduct demonstrates a pattern of disregarding the Court's orders and procedural rules, further justifying sanctions under Chambers. The Court ordered Plaintiff to amend his claims against Defendants Avant and Equifax by June 1, 2026, or face dismissal with prejudice. (ECF No. 141). TransUnion LLC, rather than addressing the merits of Plaintiff's claims, continues to file motions based on legally and factually deficient theories, such as the false assertion regarding Experian's service. (ECF No. 140; ECF No. 141). TransUnion LLC's refusal to engage with the Court's orders and its continued pursuit of frivolous arguments constitute an abuse of process that the Court must sanction to preserve the integrity of the judicial system.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Impose sanctions against TransUnion LLC under Fed. R. Civ. P. 11(c), 28 U.S.C. § 1927, and the Court's inherent power under Chambers v. NASCO, Inc., 501 U.S. 32 (1991) for its frivolous filings and bad-faith conduct;

2.  Award Plaintiff reasonable expenses and attorney's fees incurred in defending against TransUnion LLC's improper filings; and

3.      Grant such other and further relief as this Court deems just and proper.


**DEFECTS IN THE RECORD SUPPORTING THIS MOTION**

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*


Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|-----------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | stricken |
| 2 | Non-Binding Authority Presented as | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court | stricken This conduct breaches Opposing counsel |

| # | | | | | |
|---|---|---|---|---|---|
| | Controlling | | | does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | interest, risk of erroneous deprivation, government interest) governs the level of process due. | |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | stricken |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |

| | | | | must be established for each form of relief sought and at every stage of the litigation. | |
|---|---|---|---|---|---|
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie | Fed. R. Civ. P. | 8 | Items of record | stricken This |

| | | | | | |
|---|---|---|---|---|---|
| | Evidence Ignored | 12(f) | | subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. |

| | | | | | 1023.1). |
|---|---|---|---|---|---|
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is | stricken |

| | | | | mandatory, not discretionary, where the judgment is in fact void. | |
|---|---|---|---|---|---|
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | stricken |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | stricken |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. | stricken |

| | | | | Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | |
|---|---|---|---|---|---|
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | stricken |

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.



UNITED STATES POSTAL SERVICE® | PRIORITY MAIL

PRIORITY MAIL
JMI
$021.02
06/18/2026  ZIP 85255
043M32208054

RECEIVED
JUN 22 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

USPS CERTIFIED MAIL

9202 8901 4298 0484 2617 40

**PRIORITY MAIL**

Malick Traore
1338 chestnut st
1714
Philadelphia PA 19107

0014250355000011
Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia PA 19106