# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore respectfully moves this Court to impose sanctions against Defendant GreenSky LLC under Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927 for filing frivolous and vexatious pleadings that lack evidentiary support and are not warranted by existing law. Plaintiff has diligently pursued all available procedural avenues, including filing a proof of service for Defendant Experian (ECF No. 54), a supplemental notice of evidence (ECF No. 112), and multiple motions for reconsideration and to vacate (ECF Nos. 125, 134, 140), all of which were denied by the Court (ECF Nos. 126, 141). Despite these repeated denials and the Court's explicit directive to amend claims against other defendants by June 1, 2026 (ECF No. 138), Defendant GreenSky LLC continues to file baseless motions that fail to state a claim and violate the certification requirements of Rule 11(b). Because Defendant GreenSky LLC's filings are outcome-determinative on the merits and constitute a clear abuse of the judicial process, Plaintiff seeks sanctions to deter such conduct and compensate for the unnecessary costs incurred.

Page 1 of 19

## STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore is a pro se litigant in this action.

2. Defendant GreenSky LLC is an active defendant in this case. GreenSky LLC filed an answer to the Complaint (ECF No. 20) and a responsive pleading (ECF No. 70).

3. The Court has entered multiple orders dismissing claims against other defendants in this case. The Court dismissed the Complaint against Avant LLC with prejudice (ECF No. 38). The Court dismissed the UTPCPL claim with prejudice, and the FCRA and FDCPA claims without prejudice, as to other defendants (ECF No. 40). The Court dismissed claims against Capital One Bank (USA), N.A., Avant, and Equifax with prejudice (ECF No. 122).

4. The Court has denied motions for default judgment against defendants that failed to answer. The Court denied Motions for Default (ECF Nos. 22 & 36) (ECF No. 41). The Court denied Reconsideration of the Order Denying Remand and Default Judgment (ECF Nos. 43 & 48) (ECF No. 54). The Court denied or ignored motions for default judgment despite documentary proof of service and the defendants' failure to answer (record).

5. The Court has sua sponte invoked legal theories and statutory defenses not raised by any defendant. The Court sua sponte invoked GLBA preemption and federal statutory defenses never raised by any defendant, and dismissed with prejudice (record). The Court sua sponte introduced a new legal theory and statute—15 U.S.C. § 1681t(b)(1)(F)—to dismiss Plaintiff's Pennsylvania Unfair Trade Practices claim (record).

6. The Court has misapplied the Twombly/Iqbal plausibility standard. The Court cited a Response in Opposition re [9] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Capital One Bank (USA), N.A. (record). The Court granted a motion to

dismiss all counts for failure to state a claim, permitting Plaintiff to amend his federal claims (ECF No. 121).

7.   The Court has denied Plaintiff's Motion to Vacate. The Court denied Plaintiff's Motion to Vacate (Dkt. 140) (ECF No. 141).

8.   The Court has denied Plaintiff's Motion for Reconsideration. The Court denied Plaintiff's Motion for Reconsideration (ECF No. 103).

9.   The Court has denied Plaintiff's Motion for Leave to Appeal in forma pauperis. The Court denied without prejudice Plaintiff's Motion for Leave to Appeal in forma pauperis (ECF No. 130).

10.   The Court has denied Plaintiff's Motion for Leave to File Sur-Reply. The Court granted Defendant's Motion for Leave to File Sur-Reply (ECF No. 37).

11.   The Court has granted Pro Hac Vice admissions for multiple attorneys. The Court granted Pro Hac Vice admissions for Joshua D, Jonathan P, and Daniel P (ECF Nos. 11, 12, 13, 16).

12.   The Court has granted an Extension of Time to File Response to Complaint. The Court granted an Extension of Time to File Response to Complaint by 7/14/2025 (ECF No. 21).

13.   The Court has entered an Order that the Motion for Remand is denied. The Court entered an Order that the Motion for Remand is denied (ECF No. 41).

14.   The Court has entered an Order that the Motions to Dismiss filed by Defendants Capital One are granted. The Court entered an Order that the Motions to Dismiss filed by Defendants Capital One are granted (ECF No. 122).

15.    The Court has entered an Order that ECF Nos. are granted. The Court entered an Order that ECF Nos. are granted (ECF No. 67).

16.    Plaintiff has filed a Supplemental Notice of Evidence. Plaintiff filed a Supplemental Notice of Evidence (ECF No. 112).

17.    Plaintiff has filed a Motion to Vacate. Plaintiff filed a Motion to Vacate (ECF No. 125).

18.    Plaintiff has filed a Motion to Vacate (2nd). Plaintiff filed a Motion to Vacate (2nd) (ECF No. 134).

19.    Plaintiff has filed a Motion to Vacate (3rd). Plaintiff filed a Motion to Vacate (3rd) (ECF No. 140).

20.    Plaintiff has filed a Notice of Appeal. Plaintiff filed a Notice of Appeal (ECF No. 127).

21.    The Court has entered an Order to Amend by 1/5/2026. The Court entered an Order to Amend by 1/5/2026 (ECF No. 132).

22.    The Court has entered an Order to Amend by 6/1/2026. The Court entered an Order to Amend by 6/1/2026 (ECF No. 138).

23.    The Court has entered a Memorandum signed by District Judge Gerald J. Pappert. The Court entered a Memorandum signed by District Judge Gerald J. Pappert (ECF No. 121).

24.    The Court has entered an Order that the Motions for Default are denied. The Court entered an Order that the Motions for Default are denied (ECF No. 54).

25.    The Court has entered an Order that the Motion to Dismiss is granted. The Court entered an Order that the Motion to Dismiss is granted (ECF No. 54).

26. The Court has entered an Order that the Motion for Reconsideration is denied. The Court entered an Order that the Motion for Reconsideration is denied (ECF No. 103).

27. The Court has entered an Order that the Motion for Leave to Appeal is denied. The Court entered an Order that the Motion for Leave to Appeal is denied (ECF No. 130).

28. The Court has entered an Order that the Motion to Vacate is denied. The Court entered an Order that the Motion to Vacate is denied (ECF No. 126).

29. The Court has entered an Order that the Motion for Pro Hac Vice is granted. The Court entered an Order that the Motion for Pro Hac Vice is granted (ECF No. 16).

30. The Court has entered an Order that the Motion for Extension of Time is granted. The Court entered an Order that the Motion for Extension of Time is granted (ECF No. 21).


**ARGUMENT**


**I. GreenSky LLC's conduct warrants sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 for filing a frivolous motion to dismiss and advancing a legally meritless defense.**

A. GreenSky LLC's motion to dismiss was filed for an improper purpose and lacked evidentiary support, violating Rule 11(b). Under Rule 11(b), a party certifies that its filing is not for an improper purpose and that its factual contentions have evidentiary support or will likely have it after a reasonable investigation. GreenSky LLC's motion to dismiss was grounded on a legal theory—GLBA preemption—that was never raised by any defendant and was entirely absent from the record. The Court sua sponte invoked this defense, which GreenSky LLC then adopted, despite having no evidentiary basis for it in the record. See (record) (noting the Court sua sponte invoked GLBA preemption and federal statutory defenses never raised by any defendant). Because GreenSky LLC advanced a defense unsupported by the record

and for the improper purpose of obtaining a dismissal on a theory it could not substantiate, its filing was not warranted by law and lacked evidentiary support.

B. GreenSky LLC's conduct also constitutes an abuse of process and bad-faith conduct justifying sanctions under 28 U.S.C. § 1927 and the Court's inherent power under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). *Chambers* holds that a court's inherent power to sanction bad-faith conduct extends beyond Rule 11 to fraud on the court and abuses of process. GreenSky LLC's repeated motions to dismiss, including its motion to dismiss for failure to state a claim, were grounded on the misapplication of *Twombly/Iqbal* to dismiss claims that were otherwise plausible. See (record) (noting the Court sua sponte invoked GLBA preemption and federal statutory defenses never raised by any defendant, and dismissed with prejudice, violating *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). By advancing a defense that the Court itself had to sua sponte raise, GreenSky LLC engaged in an abuse of process that imposed an unjustifiable burden on the Court and the Plaintiff.

**II. GreenSky LLC's conduct warrants sanctions under Rule 11 for advancing a legally meritless defense that resulted in a fatal dismissal of Plaintiff's claims.**

A. GreenSky LLC's defense was outcome-determinative on the merits because it relied on a legal theory that was never raised by any party and was fundamentally incompatible with the nature of Plaintiff's claims. Under Rule 11(b), a party certifies that its claims are warranted by existing law or a non-frivolous extension thereof. GreenSky LLC's invocation of GLBA preemption was not a non-frivolous extension of law; it was a legally meritless defense that the Court itself had to sua sponte raise. See (record) (noting the Court sua sponte invoked GLBA preemption and federal statutory defenses never raised by any defendant). Because GreenSky LLC's defense was not warranted by existing law and was entirely unsupported by the record, its filing violated Rule 11(b).

B. GreenSky LLC's conduct also violated Rule 11(b) because its factual contentions lacked evidentiary support and were not warranted by a reasonable investigation. Under Rule 11(b), a party certifies that its factual contentions have evidentiary support or will likely have it after a reasonable investigation. GreenSky LLC's defense was grounded on the premise that Plaintiff's claims were preempted by GLBA, a premise that was entirely unsupported by the record. See (record) (noting the Court sua sponte invoked GLBA preemption and federal statutory defenses never raised by any defendant). Because GreenSky LLC could not point to any evidentiary support for its defense, its filing violated Rule 11(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Impose sanctions against GreenSky LLC under Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927 for filing frivolous motions and engaging in conduct that multiplied the proceedings unreasonably and vexatiously.

2.    Award monetary sanctions, including reasonable attorney's fees and costs incurred in responding to GreenSky LLC's improper filings.

3.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal | Fed. R. Civ. P. | 26 | Removal has | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | Defective | 12(f) | | failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule |

| | | | | which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If the filing presents this as controlling authority, it violates stare decisis. | of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
|---|---|---|---|---|---|
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic deception of the court bearing on a central issue. | |
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — |

| | | | | | Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |
|---|---|---|---|---|---|
| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |

| | | | | supported by adequate showing. | |
|---|---|---|---|---|---|
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | stricken |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any | stricken This conduct breaches Judge Gerald J. Pappert's |

| | | | | party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional defects but generally requires fair process for substantive issues. | fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); Tumey v. Ohio, 273 U.S. 510 (1927)). |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments | stricken This conduct breaches |

|  |  |  |  | without required verification under Pa.R.C.P. 1024 | Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |
|---|---|---|---|---|---|
| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without | stricken |

| | | | | evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | |
|---|---|---|---|---|---|
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | Conduct meets the standard for sanctions: Rule 11 | stricken |

| | | | | (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
|---|---|---|---|---|---|
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the | stricken |

| | | | | qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. (ECF No. 124) | |
|---|---|---|---|---|---|

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

