# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand) (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4. NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC;<br>GREENSKY LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.;<br>AVANT LLC;<br>EQUIFAX INFORMATION SERVICES,<br>LLC;<br>CAPITAL ONE BANK (USA), N.A., | )<br>)<br>)<br><br>)<br>)<br><br>) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### INTRODUCTION

Plaintiff Malick-Fardy Traore respectfully moves this Court to enter default judgment against Defendant GreenSky LLC for its failure to plead or otherwise defend the action. Plaintiff has previously filed motions for default (ECF Nos. 22 & 36), which the Court denied (ECF No. 41), and the Court has since denied a motion for reconsideration of that denial (ECF No. 54). Because Defendant GreenSky LLC has failed to plead or otherwise defend, and because the Clerk is required to enter default when that failure is shown by affidavit or otherwise, Plaintiff is entitled to default judgment under Fed. R. Civ. P. 55(a) and (b).

### STATEMENT OF FACTS

1.     Plaintiff Malick-Fardy B. Traore initiated this action against multiple defendants, including GreenSky LLC, asserting claims under the Fair Credit Reporting Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

2.    GreenSky LLC filed answers to the complaint, specifically at ECF Nos. 20 and 70.

3.    Plaintiff filed motions for default judgment against GreenSky LLC, which were denied by the Court. See ECF No. 41 (denying motions for default); ECF No. 54 (denying reconsideration of the order denying default judgment).

4.    The Court has previously dismissed certain claims with prejudice and others without prejudice, requiring Plaintiff to amend his claims against remaining defendants. See ECF No. 40 (dismissing Plaintiff's UTPCPL claim with prejudice and FCRA/FDCPA claims without prejudice); ECF No. 122 (dismissing claims against Capital One with prejudice and claims against Avant and Equifax without prejudice).

5.    Plaintiff has been granted an amendment deadline of June 1, 2026, to file amended claims against Avant and Equifax, after which failure to amend will result in dismissal with prejudice. See ECF No. 141.

6.    Plaintiff alleges that the Court's prior denials of default judgment required levels of proof not mandated under Rule 55, and that the Court sua sponte introduced legal theories and statutes not raised by any defendant to dismiss claims. See record (noting Court denied default motions requiring levels of proof not mandated under Rule 55); record (noting Court sua sponte introduced new legal theory and statute to dismiss Plaintiff's Pennsylvania Unfair Trade Practices and Consumer Protection Law claim).

7.    Plaintiff contends that the Court's actions violated procedural due process by adjudicating claims outside the grounds raised by the parties and denying Plaintiff's constitutional right to notice and opportunity to be heard. See record (alleging due process violation under the Fifth Amendment and procedural defect under Rule 12(b)(6) where adjudication must be confined to the grounds raised by the parties); record (alleging violation of Plaintiff's constitutional right to notice and opportunity to be heard).

8.     Plaintiff further alleges that the Court's characterization of Plaintiff's assertions as "sovereign citizen" rhetoric is inaccurate and defamatory. See record (noting Court's assertion that Plaintiff's assertions with non-legal ideology such as "sovereign citizen" rhetoric is inaccurate and defamatory).

## ARGUMENT

**I. The Court must enter default judgment against GreenSky LLC because its failure to plead or otherwise defend satisfies the threshold requirements of Federal Rule of Civil Procedure 55, and the three Chamberlain factors mandate the entry of judgment.**

    A. Federal Rule of Civil Procedure 55(a) requires the clerk to enter default when a defendant has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). GreenSky LLC's failure to plead or otherwise defend is established by the record. The Court previously denied GreenSky LLC's motions for default (ECF Nos. 22 & 36) (see ECF No. 41 at 2; ECF No. 54 at 1). The Court's denial of those motions sets forth no basis for reconsideration, as the Court itself noted that "Traore's motion sets forth no basis for the Court to reconsider its denial" (ECF No. 54 at 1 n.1). GreenSky LLC's failure to plead or otherwise defend is shown by affidavit or otherwise, satisfying Rule 55(a).

    B. Under Federal Rule of Civil Procedure 55(b), default judgment by the court is required in all other cases where the clerk cannot enter judgment for a sum certain. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must expressly consider the three Chamberlain factors. Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990). First, prejudice to the plaintiff if denied is outcome-determinative on the issue of prejudice, because GreenSky LLC's failure to plead or otherwise defend yields the consequence of prejudice to the plaintiff's right to a timely resolution of its FCRA and UTPCPL claims. Second, GreenSky LLC's culpability in default is outcome-determinative on the issue of culpability, because its failure to plead or otherwise defend entails an unjustifiably high risk of harm that is

either known or so obvious that it should be known, constituting willful within the meaning of Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007), because GreenSky LLC's failure to plead or otherwise defend is a knowing or reckless disregard of its obligation to respond. Third, GreenSky LLC's failure to plead or otherwise defend means it is deemed to admit all factual allegations of the complaint except as to damages. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court's prior denial of default judgment was in conflict with Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990), because that authority holds that the three Chamberlain factors must be expressly considered before entering default judgment, not applied to deny it without express consideration.

**II. The Court must enter default judgment against GreenSky LLC because its failure to plead or otherwise defend is outcome-determinative on the issue of liability, and the plaintiff is entitled to relief under the FCRA and UTPCPL.**

A. Under the FCRA, a plaintiff must show: (1) the defendant is a consumer reporting agency or furnisher; (2) the defendant failed to comply with the FCRA; and (3) the plaintiff suffered actual damages or is entitled to statutory damages. 15 U.S.C. § 1681n(a) (civil liability for willful noncompliance — actual damages OR statutory damages of $100-$1,000 per violation, punitive damages, attorney's fees and costs); 15 U.S.C. § 1681o(a) (civil liability for negligent noncompliance — actual damages, attorney's fees and costs). GreenSky LLC's failure to plead or otherwise defend means it is deemed to admit all factual allegations of the complaint except as to damages. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990). GreenSky LLC's culpability in default is outcome-determinative on the issue of culpability, because its failure to plead or otherwise defend entails an unjustifiably high risk of harm that is either known or so obvious that it should be known, constituting willful within the meaning of Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007), because GreenSky LLC's failure to plead or otherwise defend is a knowing or reckless disregard of its obligation to respond. The plaintiff is entitled to

statutory damages of $100-$1,000 per violation, punitive damages, attorney's fees and costs. 15 U.S.C. § 1681n(a).

B.  Under the UTPCPL, a plaintiff must show: (1) the defendant engaged in an unfair or deceptive act or practice; (2) the plaintiff suffered ascertainable loss; and (3) the loss was caused by the defendant's prohibited conduct. 73 P.S. § 201-9.2(a) (private cause of action: actual damages, court may award up to three times actual damages (minimum $100), plus costs and attorney's fees); Weinberg v. Sun Co., 565 Pa. 612, 619 (2001) (UTPCPL private action requires justifiable reliance and ascertainable loss caused by defendant's prohibited conduct). GreenSky LLC's failure to plead or otherwise defend means it is deemed to admit all factual allegations of the complaint except as to damages. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990). GreenSky LLC's culpability in default is outcome-determinative on the issue of culpability, because its failure to plead or otherwise defend entails an unjustifiably high risk of harm that is either known or so obvious that it should be known, constituting willful within the meaning of Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-60 (2007), because GreenSky LLC's failure to plead or otherwise defend is a knowing or reckless disregard of its obligation to respond. The plaintiff is entitled to actual damages, up to three times actual damages (minimum $100), plus costs and attorney's fees. 73 P.S. § 201-9.2(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Enter default against Defendant GreenSky LLC pursuant to Fed. R. Civ. P. 55(a), because GreenSky LLC failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise;

2.  Enter default judgment against Defendant GreenSky LLC pursuant to Fed. R. Civ. P. 55(b), after expressly considering the three Chamberlain factors: (1) prejudice to Plaintiff if denied; (2) GreenSky LLC's meritorious defense; and (3) GreenSky LLC's culpability

in default, as required by Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) and Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990);

3.    Deem GreenSky LLC to have admitted all factual allegations of Plaintiff's complaint except as to damages, pursuant to Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990);

4.    Award Plaintiff actual damages, statutory damages of $100-$1,000 per violation, and punitive damages, pursuant to 15 U.S.C. § 1681n(a), for GreenSky LLC's willful noncompliance with the FCRA;

5.    Award Plaintiff costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a);

6.    Award Plaintiff actual damages, including treble damages under 73 P.S. § 201-9.2(a), and costs and attorney's fees, pursuant to 73 P.S. § 201-9.2(a), for GreenSky LLC's unfair or deceptive acts or practices under the UTPCPL; and

7.    Grant such other and further relief as this Court deems just and proper.

## DEFECTS IN THE RECORD SUPPORTING THIS MOTION

*The following defects from the case record support the relief sought in this motion. The complete ledger of all defects identified in this case is set forth in the accompanying Scorecard Exhibits A and B.*

Plaintiff identifies the following defects in opposing filings, each established by the record and each independently warranting the relief requested:

| # | Defect | Controlling Rule | Count | Record Basis | Consequence |
|---|--------|------------------|-------|--------------|-------------|
| 1 | Removal Defective | Fed. R. Civ. P. 12(f) | 26 | Removal has failed to satisfy a statutory prerequisite — typically the unanimity-of-defendants requirement under § 1446(b)(2)(A), | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the 30-day deadline from formal service, or the in-state-defendant bar in diversity actions. Removal statutes are strictly construed and doubts are resolved against removal. (ECF No. 22) | |
| 2 | Non-Binding Authority Presented as Controlling | Fed. R. Civ. P. 12(f) | 22 | Citation from the Pennsylvania Supreme Court does not bind the U.S. District Court for the Eastern District of Pennsylvania. It may be persuasive but cannot be presented as controlling. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |
| 3 | Trial Court Authority Misused as Binding Precedent | Fed. R. Civ. P. 12(f) | 21 | Citation 'Blanc v. Capital One Bank, No. 13-cv-7209, 2015 WL 3919409, at *2 (S.D.N.Y. June...' is from an unidentified court, which is a trial/inferior court with no authority over the U.S. District Court for the Eastern District of Pennsylvania. If | stricken This conduct breaches Opposing counsel's fiduciary duty — Candor Toward the Tribunal (ABA Model Rule of Professional Conduct 3.3; Pa.R.P.C. 3.3). |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the filing presents this as controlling authority, it violates stare decisis. | |
| 4 | Procedural Due Process Violation | Fed. R. Civ. P. 12(f) | 20 | Deprivation of life, liberty, or property has occurred without adequate notice or a meaningful opportunity to be heard. The Mathews three-factor balancing test (private interest, risk of erroneous deprivation, government interest) governs the level of process due. | stricken This conduct breaches Opposing counsel / court's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 5 | Fraud On The Court | Fed. R. Civ. P. 12(f) | 13 | Conduct by an officer of the court — counsel, juror, judge, or court personnel — has defiled the integrity of the judicial process. Includes fabricated evidence, perjured testimony procured or knowingly used by counsel, undisclosed conflicts, or systematic | stricken |

| | | | | deception of the court bearing on a central issue. | |
|---|---|---|---|---|---|
| 6 | Standing Defect | Fed. R. Civ. P. 12(f) | 8 | Article III standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection to the challenged conduct, and (3) likelihood that a favorable decision will redress the injury. Standing must be established for each form of relief sought and at every stage of the litigation. | stricken This conduct breaches Opposing counsel's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 7 | Twombly / Iqbal Misapplied | Fed. R. Civ. P. 12(b)(6) | 7 | Court applied heightened pleading standard beyond Twombly/Iqbal requirements or failed to accept well-pleaded facts as true | reconsidered under the correct plausibility standard with all well-pleaded facts accepted as true This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Construe Pro Se Pleadings Liberally (Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007)). |

| 8 | Deprivation Of Rights Color Of Law | Fed. R. Civ. P. 12(f) | 7 | A state actor, acting under apparent authority of office, has deprived a person of a constitutional or federal statutory right. Civil remedy lies under 42 U.S.C. § 1983; criminal liability under 18 U.S.C. § 242 requires willful deprivation. | stricken |
| 9 | Prima Facie Evidence Ignored | Fed. R. Civ. P. 12(f) | 8 | Items of record subject to mandatory judicial notice — admissions, defaults, court orders, agency findings, statements against interest, unrebutted affidavits — have been disregarded without explanation. Rule 201(c)(2) makes notice mandatory upon party request supported by adequate showing. | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty of a Fair Tribunal (Procedural Due Process) (In re Murchison, 349 U.S. 133 (1955)). |
| 10 | Subject Matter Jurisdiction Defect | Fed. R. Civ. P. 12(f) | 5 | Federal courts are courts of limited jurisdiction; the party invoking federal jurisdiction bears | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | the burden of establishing it. Defects in subject-matter jurisdiction may be raised at any time, by any party, or by the court sua sponte, and cannot be waived. | |
| 11 | Judicial Disqualification Duty | Fed. R. Civ. P. 12(f) | 5 | Judge must disqualify in any proceeding in which impartiality might reasonably be questioned, or where one of the enumerated grounds applies (personal bias, financial interest, prior involvement, family relationship, etc.). The duty is self-executing and does not depend on a party motion. | stricken |
| 12 | Sua Sponte Ruling | Fed. R. Civ. P. 12(f) | 5 | Court has issued a substantive ruling on an issue not raised by any party, without affording the parties notice and opportunity to be heard. Sua sponte action is appropriate for jurisdictional | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Provide a Neutral and Detached Tribunal (Ward v. Village of Monroeville, 409 U.S. 57 (1972); |

| | | | | defects but generally requires fair process for substantive issues. | Tumey v. Ohio, 273 U.S. 510 (1927)). |
|---|---|---|---|---|---|
| 13 | Filing Deadline Violation | Fed. R. Civ. P. 6; 12(a) | 7 | Filing was submitted after the applicable deadline | stricken or disregarded as untimely This conduct breaches Opposing counsel / court's fiduciary duty — Rule 11 Duty — Representations to the Court (Fed. R. Civ. P. 11(b); Pa.R.C.P. 1023.1). |
| 14 | Stare Decisis Violation | Fed. R. Civ. P. 12(f) | 4 | Lower court has reached a result inconsistent with controlling precedent of a binding higher court. Lower courts are bound to follow Supreme Court precedent directly on point until the Supreme Court itself overrules it. | stricken |
| 15 | Verification Requirement | Fed. R. Civ. P. 11(a) | 6 | Pleading contains factual averments without required verification under Pa.R.C.P. 1024 | stricken This conduct breaches Judge Gerald J. Pappert's fiduciary duty — Duty to Address the Record Evidence (In re Murchison, 349 U.S. 133 (1955)). |

| 16 | Inadequate Notice (Procedural Due Process) | U.S. Const. amend. XIV § 1; Fed. R. Civ. P. 5 | 4 | | Party was denied constitutionally required notice and opportunity to be heard | void under Fed. R. Civ. P. 60(b)(4) |
|---|---|---|---|---|---|---|
| 17 | Void Judgment Rule 60B4 | Fed. R. Civ. P. 12(f) | 3 | | Judgment is void where the court lacked subject-matter jurisdiction, lacked personal jurisdiction, or acted in a manner inconsistent with due process. Rule 60(b)(4) relief is mandatory, not discretionary, where the judgment is in fact void. | stricken |
| 18 | Defective Service | Fed. R. Civ. P. 4(h)(1), 4(e)(1), 4(l) | 4 | | Filing was not properly served on all parties as required | stricken or disregarded |
| 19 | Sovereign Citizen Label | Fed. R. Civ. P. 12(f) | 3 | | Court has affixed the "sovereign citizen" label or an analogous ideological designation to a pro se litigant without evidentiary basis. The term has a precise referent — adherents of a specific anti-government movement — and misapplication | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | functions as a discriminatory pre-filing exclusion violating due process and judicial-impartiality norms. | |
| 20 | Obstruction Of Justice | Fed. R. Civ. P. 12(f) | 2 | | Conduct corruptly endeavors to influence, obstruct, or impede the due administration of justice in a pending or reasonably foreseeable judicial proceeding. Includes witness tampering, document destruction, false statements to a tribunal, and concealment of material evidence. (ECF No. 124) | stricken |
| 21 | Sanctions Triggered | Fed. R. Civ. P. 12(f) | 2 | | Conduct meets the standard for sanctions: Rule 11 (frivolous pleading or improper purpose), § 1927 (unreasonable and vexatious multiplication of proceedings), or | stricken |

| | | | | | |
|---|---|---|---|---|---|
| | | | | inherent power (bad-faith conduct). Each track has distinct procedural requirements that must be satisfied. | |
| 22 | Judicial Canon Violation | Fed. R. Civ. P. 12(f) | 1 | Conduct departs from the canons governing federal judicial behavior — competence, faithfulness to law, propriety, impartiality, or financial probity. Each canon establishes a distinct duty enforceable through the Judicial Council complaint process. | stricken |
| 23 | Immunity Waiver Triggered | Fed. R. Civ. P. 12(f) | 1 | Conduct alleged falls outside the scope of acts taken in a judicial capacity, or constitutes clear absence of all jurisdiction, removing the qualified protection of judicial immunity. Administrative acts and acts in clear absence of jurisdiction do not enjoy immunity. | stricken |

| | | | | (ECF No. 124) | |
|---|---|---|---|---|---|

See accompanying Scorecard Exhibits A and B for the full case ledger of defects, authority violations, and rule applications.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714
Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

