# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### MALICK-FARDY B. TRAORE,

Plaintiff,

v.                                    Civil Action No. 2:25-cv-02822-GJP

### TRANSUNION LLC; EXPERIAN INFORMATION

### SOLUTIONS, INC.; EQUIFAX INFORMATION

SERVICES LLC; et al.,

Defendants.

PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT UNDER FED. R. CIV. P. 55(a)

Plaintiff Malick-Fardy B. Traore, pro se, respectfully requests that the Clerk enter default under Federal Rule of Civil Procedure 55(a) against the defendant(s) identified below, who have failed to plead or otherwise defend within the time required by the Rules. This request is the necessary predicate to Plaintiff's accompanying Motion for Default Judgment under Rule 55(b) — entry of default under Rule 55(a) must precede the entry of a default judgment.

## I. THE RULE 55(a) STANDARD

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default is a ministerial act by the Clerk once the failure to timely plead or defend is shown.

## II. THE DEFAULTING DEFENDANT(S)

The following three defendants failed to plead or otherwise defend within the time required by Fed. R. Civ. P. 12(a) (and any extension of record):

| Defendant | Served on | Response due | Basis for default |
|---|---|---|---|
| Experian Information Solutions, Inc. | _____ | _____ | Never responded — in default |
| Equifax Information Services LLC | _____ | _____ | Answered only after the Court's order dated _____ — filed out of time; in default |
| GreenSky LLC | _____ | _____ | Answered one (1) day late — untimely; in default |

(For the avoidance of doubt, Plaintiff does not seek entry of default against TransUnion LLC or Capital One Bank (USA), N.A., which responded within the time allowed.)

1

A late or untimely response does not cure the default. A response filed after the Rule 12(a) deadline — including one filed only one day late (GreenSky) or filed only after the Court had already entered an order (Equifax Information Services) — leaves the party in default for purposes of Rule 55(a), absent a granted extension or leave to file out of time; the belated appearance does not excuse the failure to plead or defend within the time allowed. As to any such untimely filing, Plaintiff requests entry of default notwithstanding the filing, or in the alternative that the untimely filing be stricken as a predicate to this request.

## III. AFFIDAVIT BASIS

This request is supported by the docket and by Plaintiff's accompanying affidavit (Rule 55(a)) establishing (a) the date of service on each defendant, (b) the date each response was due, and (c) that the defendant failed to plead or defend within that time. [Attach the Rule 55(a) affidavit.]

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Clerk ENTER DEFAULT under Fed. R. Civ. P. 55(a) against the defendant(s) identified above, so that Plaintiff may proceed on the accompanying Motion for Default Judgment under Rule 55(b).

Respectfully submitted,

**/s/ Malick-Fardy B. Traore**

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

## CERTIFICATE OF SERVICE

I certify that on the date below a true and correct copy of this Request (and the supporting affidavit) was served upon all counsel of record via the Court's CM/ECF system and/or by U.S. mail.

### /s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

defendant(s) + service/response dates from the docket, and attach the Rule 55(a) affidavit.

3

