# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

**PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS**

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### MALICK-FARDY B. TRAORE,

Plaintiff,

v.                                    Civil Action No. 2:25-cv-02822-GJP

### TRANSUNION LLC; EXPERIAN INFORMATION

### SOLUTIONS, INC.; EQUIFAX INFORMATION

SERVICES LLC; et al.,

Defendants.

### PLAINTIFF'S MOTION TO CERTIFY THE ENTIRE ACTION FOR APPELLATE REVIEW UNDER 28 U.S.C. § 1292(b)

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully moves this Court to (1) rule on each and every motion Plaintiff has filed and that remains pending, and (2) certify the entire action for immediate appellate review by the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 1292(b). The relief sought is a single, clean exit to the Court of Appeals: whether the Court grants Plaintiff's pending motions or denies them, the controlling questions of law should be certified so that the case proceeds to the Third Circuit rather than remaining undecided below.

## I. INTRODUCTION AND RELIEF REQUESTED

This motion does two things in one:

• It asks the Court to dispose of every pending motion Plaintiff has filed — including his motion for reconsideration and his motions under Federal Rule of Civil Procedure 60(b), including Rule 60(b)(4) (void judgment). Plaintiff is entitled to a ruling on the matters he has placed before the Court.

• It asks the Court, upon doing so, to certify the controlling questions of law for immediate interlocutory appeal under 28 U.S.C. § 1292(b), so that the action can be reviewed by the Third Circuit. Plaintiff previously sought appellate review (C.A. No. 25-2960); the absence of a clean, appealable disposition is what prevented that review. Certification under § 1292(b) cures that defect.

Plaintiff respectfully frames the Court's choice plainly: the Court may agree with Plaintiff's pending motions and grant them, or disagree and deny them — but in either event the controlling questions should be certified so the matter advances to the Court of Appeals. Continued non-disposition denies Plaintiff the appellate review to which he is entitled.

## II. THE § 1292(b) STANDARD

1

Section 1292(b) authorizes certification when the Court is "of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three elements are satisfied here.

## A. Controlling Questions of Law

The dispositive rulings in this action turn on pure questions of law that control the outcome of the entire case:

1. Whether the Court lacked subject-matter jurisdiction over the claims; and

2. Whether Plaintiff lacked standing to pursue the claims.

These questions are "controlling" in the strictest sense: if resolved in Plaintiff's favor, the dismissals cannot stand and the action is reinstated; if a jurisdictional or standing defect exists, it goes to the power of the Court to have acted at all.

## B. Substantial Ground for Difference of Opinion

There is substantial ground for difference of opinion on these questions. The record reflects defects of constitutional and jurisdictional dimension — including subject-matter-jurisdiction and standing defects, a defective removal, denial of procedural due process, and fraud on the court — that bear directly on whether the dismissals were lawfully entered. Where the legality of the dispositive order is genuinely contestable on the controlling legal question, § 1292(b)'s "substantial ground" element is met.

## C. Immediate Appeal Will Materially Advance the Termination of the Litigation

Because the certified questions are dispositive of the whole action, an immediate appeal would materially advance — indeed would conclude — the ultimate termination of this litigation. Certification avoids piecemeal litigation and a second round of district-court proceedings after a later appeal.

### III. THE UNDERLYING JUDGMENT IS VOID, WHICH HEIGHTENS THE NEED FOR REVIEW

The controlling questions are not abstract. Where a court acts without subject-matter jurisdiction or over a party lacking standing, or in denial of due process, the resulting judgment is void — a nullity subject to relief at any time under Fed. R. Civ. P. 60(b)(4), reviewed de novo. Plaintiff's pending Rule 60(b)(4) motion raises exactly this. Certifying the controlling questions allows the Court of Appeals to resolve, on de novo review, whether the judgment is void — the most efficient and complete resolution of the case.

### IV. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. RULING on each and every pending motion filed by Plaintiff, including the motion for reconsideration and the motions under Fed. R. Civ. P. 60(b) and 60(b)(4);

2. CERTIFYING, under 28 U.S.C. § 1292(b), the controlling questions of law set forth above — (a) whether the Court lacked subject-matter jurisdiction, and (b) whether Plaintiff lacked standing — for immediate interlocutory appeal to the

United States Court of Appeals for the Third Circuit, and stating in the order that the Court is of the opinion that the § 1292(b) requirements are met; and

3.    GRANTING such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Malick-Fardy B. Traore**

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

[Email on file]

[Phone on file]

Dated: June 17, 2026

3

**CERTIFICATE OF SERVICE**

I, Malick-Fardy B. Traore, hereby certify that on June 17, 2026, a true and correct copy of the foregoing Motion to Certify the Entire Action for Appellate Review Under 28 U.S.C. § 1292(b) was served upon all counsel of record via the Court's CM/ECF system and/or by U.S. mail.

**/s/ Malick-Fardy B. Traore**

Malick-Fardy B. Traore, pro se

**PROPOSED ORDER**

AND NOW, this _____ day of _____, 20____, upon consideration of Plaintiff's Motion to Certify the Entire Action for Appellate Review Under 28 U.S.C. § 1292(b), it is hereby ORDERED that the Motion is GRANTED. All pending motions filed by Plaintiff are resolved as set forth herein. The Court CERTIFIES, under 28 U.S.C. § 1292(b), the following controlling questions of law for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit:

(a) Whether the Court lacked subject-matter jurisdiction over the claims; and

(b) Whether Plaintiff lacked standing to pursue the claims.

The Court is of the opinion that these questions involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation.

**BY THE COURT:**

_____

J.

4

