# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

• Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

• Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

• Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

• Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

• Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| | ) | |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CERTIFICATION UNDER RULE 54(B)

### INTRODUCTION

This motion requests that the Court enter a Rule 54(b) certification directing the entry of final judgment as to the claims against Capital One Bank (USA), N.A., which were dismissed with prejudice in the Order of September 19, 2025 (ECF No. 122). Under Federal Rule of Civil Procedure 54(b), a court may direct the entry of final judgment as to fewer than all claims or parties only upon an express determination that there is no just reason for delay. Because the Court must articulate its reasoning for such a determination, see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8-10 (1980), Plaintiff respectfully submits that there is no just reason to delay the entry of final judgment as to Capital One. Plaintiff has already filed a Notice of Appeal (ECF No. 127) regarding the remaining claims, which the Third Circuit subsequently dismissed for lack of appellate jurisdiction due to the absence of a final decision under 28 U.S.C. § 1291 and no Rule 54(b) certification (ECF No. 137).

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore initiated this action against multiple defendants, including Capital One Bank (USA), N.A., Avant, Equifax, TransUnion, and GreenSky.

2. On September 19, 2025, the Court entered an order dismissing Capital One with prejudice. (ECF No. 122).

3. The same order dismissed Plaintiff's claims against Avant and Equifax without prejudice, granting Plaintiff leave to amend his claims against those defendants by June 1, 2026. (ECF No. 122).

4. Plaintiff's claims against TransUnion and GreenSky remain pending in this Court. (ECF No. 122).

5. Plaintiff filed a Motion to Vacate challenging the Court's dismissal of Capital One and other rulings. (ECF No. 140).

6. On May 11, 2026, the Court denied the Motion to Vacate and reiterated the June 1, 2026 deadline for Plaintiff to amend his claims against Avant and Equifax. (ECF No. 141).

7. Plaintiff previously attempted to appeal the dismissal of Capital One, but the Third Circuit dismissed the appeal for lack of appellate jurisdiction because the district court had not certified the dismissal as final under Rule 54(b). (ECF No. 137).

8. Because Capital One has been dismissed with prejudice and the remaining claims are pending, the Court must determine whether there is "no just reason for delay" under Rule 54(b) to allow an immediate appeal.

## ARGUMENT

**I. The District Court Must Certify Under Rule 54(b) Because the Dismissal with Prejudice Against Capital One Is a Final, Appealable Judgment Separated from the Remaining Claims.**

A. Under Federal Rule of Civil Procedure 54(b), a court may direct the entry of a final judgment as to fewer than all claims or parties only upon an express determination that there is no just reason for delay. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8-10 (1980). The district court must articulate its reasoning, and the appellate court reviews for abuse of discretion. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8-10 (1980). Here, the Court entered a final judgment dismissing the plaintiff's claims against Capital One Bank (USA), N.A. with prejudice (ECF No. 122). Because the claims against Capital One are severed from the remaining claims and the Court has made no determination of any just reason for delay, certification is required to render the judgment appealable.

B. The remaining claims in this action are not yet final, and no just reason for delay exists to prevent immediate appellate review of the Capital One dismissal. The plaintiff's claims against Avant and Equifax were dismissed without prejudice and must be amended by June 1, 2026, or they will be dismissed with prejudice (ECF No. 138). The plaintiff's claims against TransUnion and GreenSky are proceeding, as both entities have filed answers (ECF Nos. 14, 69, 20, 70). The plaintiff's claims against Experian are pending, as the plaintiff seeks to establish default based on service via certified mail (ECF No. 54). Because the Court has not resolved the remaining claims, the only final judgment is as to Capital One. The Court's failure to certify under Rule 54(b) leaves the plaintiff without an immediate appellate remedy for the dismissal with prejudice against Capital One, and the Court must articulate its reasoning for denying certification. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8-10 (1980).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Page 3 of 6

1.     Enter an order directing the entry of final judgment as to the claims against Capital One Bank (USA), N.A. pursuant to Fed. R. Civ. P. 54(b);

2.     Make the express determination required by Fed. R. Civ. P. 54(b) that there is no just reason for delay in the appeal of the dismissal with prejudice against Capital One Bank (USA), N.A., and articulate the reasoning for such determination as required by Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8-10 (1980); and

3.     Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,


/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107


Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this __ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

