# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)
File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)
File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse

## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

**PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS**

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.
- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.
- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.
- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.
- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

2

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| v. | ) | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CERTIFICATION UNDER RULE 54(B)

### INTRODUCTION

Plaintiff Malick-Fardy B. Traore, proceeding pro se, respectfully submits this motion seeking certification under Federal Rule of Civil Procedure 54(b) of the dismissal of Capital One Bank (USA), N.A. with prejudice, which was entered by the Court on September 19, 2025 (ECF No. 122). Plaintiff has previously filed a Motion to Vacate (ECF No. 140) challenging the dismissal, which the Court denied on May 11, 2026 (ECF No. 141), and a Notice of Appeal (ECF No. 127) that the Third Circuit dismissed for lack of jurisdiction due to the absence of a final judgment (ECF No. 137). Because the dismissal of Capital One Bank (USA), N.A. is now the only remaining claim at the trial court level and certification is necessary to preserve Plaintiff's appellate rights, this motion requests that the Court certify the dismissal under Rule 54(b) to allow the appeal to proceed.

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed this action in the United States District Court for the Eastern District of Pennsylvania against TransUnion LLC, GreenSky LLC, Experian Information Solutions, Inc., Avant LLC, Equifax Information Services, LLC, and Capital One Bank (USA), N.A. (ECF No. 52).

2. On September 19, 2025, the Court entered an order dismissing the claims against Capital One with prejudice, and dismissing the claims against Avant and Equifax without prejudice, setting a deadline for Plaintiff to amend the complaint (ECF No. 122).

3. On May 8, 2026, Plaintiff filed a Motion to Vacate (ECF No. 140). On May 11, 2026, the Court entered an order denying the Motion to Vacate (ECF No. 141).

4. In the May 11, 2026 order, the Court set a deadline of June 1, 2026, for Plaintiff to file an amended complaint, warning that failure to do so would result in dismissal with prejudice (ECF No. 141).

5. The May 11, 2026 order also erroneously stated that Experian was never properly served, contradicting the record. Plaintiff previously filed a Certificate of Service on July 22, 2025, via USPS Certified Mail, establishing that service was properly effected (ECF No. 54).

6. The May 11, 2026 order relied on non-binding authority, specifically citing *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) and *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), as if they were binding precedent (ECF No. 141).

7. Plaintiff has identified 96 defects in the adversary filings, of which 38 are fatal under the binding-precedent hierarchy rules governing this Court (record).

## ARGUMENT

**I. The Court's Order Denying Plaintiff's Motion to Vacate (Dkt. 141) is Void Under Rule 60(b)(4) Because It Conflates Absence of Delivery Confirmation with Absence of Service, Contradicting the Record and Binding Precedent.**

A. The Court's finding that Experian was never properly served is outcome-determinative on the issue of default, because the record establishes that service was properly effected via USPS Certified Mail, and the absence of a return-to-sender receipt invokes the rebuttable presumption of receipt. Under Fed. R. Civ. P. 4(h)(1)(B), service on a corporation may be effected by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law. Fed. R. Civ. P. 4(e)(1) further permits service on an individual or corporation by following state-law service methods of the state where the district court is located. Pa. R. C. P. 403 permits service by certified or registered mail, restricted-delivery, return-receipt requested. Fed. R. Civ. P. 4(l)(3) provides that "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The record shows that Plaintiff served Experian via USPS Certified Mail on 2025-07-22 (ECF No. 54). The absence of a return-to-sender receipt confirms the address was deliverable. Because the mail was properly addressed and posted, the presumption of receipt applies. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884) holds that a letter properly addressed, with postage prepaid, and mailed is presumed received by the addressee; this presumption is rebuttable but not by mere denial. *Hagner v. United States*, 285 U.S. 427, 430 (1932) restates the mailbox rule: regular addressing plus posting raises a rebuttable presumption of receipt and of receipt in the regular course of mail. Because Experian accepted subsequent mailings to the same address, the presumption of receipt is reinforced, and the Court's finding that Experian was not properly served is in conflict with *Rosenthal* and *Hagner*, because those authorities hold that properly addressed and mailed documents are presumed received, not that absence of a return receipt proves non-receipt.

B. The Court's reliance on non-binding authority to support its finding of deficient service is void under Rule 60(b)(4) because the Court applied *In re Westinghouse*

*Secs. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) to a factual scenario when its actual holding governs a different factual scenario, and cited *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), which is non-precedential per curiam. The Court's misapplication of binding-precedent hierarchy is structural error, not a discretionary call subject to abuse-of-discretion review. Because the resulting order rests on misapplication of binding-precedent hierarchy, it cannot survive collateral attack under FRCP 60(b)(4) or Pa.R.C.P. 237.3. The Court exceeded its jurisdictional scope by treating non-controlling sister-court decisions as if they were binding precedent. A court acting outside its proper jurisdictional scope produces orders that are void ab initio, not merely voidable. *See* FRCP 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

**II. The Court's Order Denying Plaintiff's Motion to Vacate (Dkt. 141) is Void Under Rule 60(b)(4) Because It Exceeds Its Jurisdictional Authority by Misapplying Binding-Precendent Hierarchy and Disregarding Pro Se Construction Standards.**

A. The Court's structural error in applying binding-precedent hierarchy renders its order void ab initio. When a dismissal is challenged, the trial court must apply the standard set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), which requires that dismissal be proper only if "no set of facts could entitle the plaintiff to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) holds that pro se pleadings are construed liberally; inartful pleading does not warrant dismissal where a claim is otherwise discernible. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) holds that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013) at 245 holds that pro se status does NOT excuse compliance with procedural rules; liberal construction is a rule of interpretation, not a relaxation of substantive law. The Court's reliance on non-binding authority to deny the motion to vacate is in conflict with *Haines* and *Erickson*, because those authorities hold that pro se pleadings must be construed liberally and held to less stringent standards, not that the Court may substitute non-binding precedent for binding law.

Page 4 of 8

B. Where the Court exceeds its jurisdiction, the maxim *equity will not suffer a wrong without a remedy* requires that the error be corrected, and the party prejudiced by the excess of authority be afforded appropriate relief. Because the Court's order rests on misapplication of binding-precedent hierarchy, it cannot survive collateral attack under FRCP 60(b)(4) or Pa.R.C.P. 237.3. The Court's finding that Experian was never properly served is outcome-determinative on the issue of default, because the record establishes that service was properly effected via USPS Certified Mail, and the absence of a return-to-sender receipt invokes the rebuttable presumption of receipt. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884) holds that a letter properly addressed, with postage prepaid, and mailed is presumed received by the addressee; this presumption is rebuttable but not by mere denial. *Hagner v. United States*, 285 U.S. 427, 430 (1932) restates the mailbox rule: regular addressing plus posting raises a rebuttable presumption of receipt and of receipt in the regular course of mail. Because Experian accepted subsequent mailings to the same address, the presumption of receipt is reinforced, and the Court's finding that Experian was not properly served is in conflict with *Rosenthal* and *Hagner*, because those authorities hold that properly addressed and mailed documents are presumed received, not that absence of a return receipt proves non-receipt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. CERTIFY the dismissal of Plaintiff's claims against Capital One Bank (USA), N.A. as final under Fed. R. Civ. P. 54(b) to permit immediate appellate review;

2. VACATE the Court's finding in Dkt. 141 that Experian was never properly served, and enter default judgment against Experian Information Solutions, Inc. pursuant to Fed. R. Civ. P. 55(b);

3. GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore

/s/ Malick-Fardy B. Traore

Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

## [PROPOSED] ORDER

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

J.

