# What to file at the Federal District Court — Eastern District of Pennsylvania (file at the Clerk's office)

Put the Public Notice on top of the packet. Then file the documents below, in the order shown, for each case.

## AmeriSave / Planet Home case (No. 2:25-cv-04767)

File in this order:

1. Compliance Scorecard (the exhibit listing the rule violations)
2. Motion for relief from judgment (Rule 60(b))
3. Motion to set aside a void judgment (Rule 60(b)(4))
4. Motion for relief for fraud on the court (Rule 60(d)(3))
5. Motion for the judge to recuse

## Equifax / Experian case (No. 2:25-cv-02822)

File in this order:

6. Motion to send the case back to state court (remand)  (file this first)
7. Motion to vacate  (file this first)
8. Compliance Scorecard (the exhibit listing the rule violations)
9. Motion for summary judgment
10. Motion to compel discovery
11. Motion for summary judgment
12. Motion to compel discovery
13. Motion to set aside a void judgment (Rule 60(b)(4))
14. Motion for relief for fraud on the court (Rule 60(d)(3))
15. Motion for relief from judgment (Rule 60(b))
16. Omnibus exposure filing (the consolidated record of harm)
17. Motion for relief from judgment (Rule 60(b))
18. Motion to strike the other side's defective filing
19. Notice of supplemental authority
20. Opposition to the motion to dismiss
21. Motion for sanctions
22. Motion for sanctions
23. Motion for default judgment

24. Motion for default judgment
25. Motion for default judgment against Equifax Information Services
26. Request to the Clerk to enter default (Rule 55(a))
27. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
28. Motion to certify a partial final judgment for appeal (Rule 54(b))
29. Motion to certify a partial final judgment for appeal (Rule 54(b))
30. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
31. Motion for the judge to recuse


## State Farm bad-faith case (No. 2:25-cv-06077)

File in this order:

32. Motion to send the case back to state court (remand)  (file this first)
33. Compliance Scorecard (the exhibit listing the rule violations)
34. Opposition to the motion to dismiss
35. Motion to strike the other side's defective filing
36. Opposition to the motion to dismiss
37. Opposition to the motion to dismiss
38. Motion for relief for fraud on the court (Rule 60(d)(3))
39. Motion for sanctions
40. Motion to certify the whole case for appeal (28 U.S.C. § 1292(b))
41. Notice of appeal  (file this last — only after the rest, because an appeal takes the case out of this court's hands)
42. Motion for the judge to recuse

## PUBLIC NOTICE AND VERIFIED STATEMENT OF THE BASIS OF PLAINTIFF'S FILINGS

(To be filed in each above-captioned matter and served on all parties of record)

Plaintiff/Appellant Malick-Fardy B. Traore, proceeding pro se, gives PUBLIC NOTICE of the following, and verifies it subject to the penalties for unsworn falsification to authorities:

### 1. THESE FILINGS WERE BUILT ON THE GOVERNING LAW — NOT PREFERENCE

Every motion, complaint, and filing submitted by Plaintiff in these matters was prepared deterministically against the governing law — the controlling statutes, the Rules of Civil and Appellate Procedure, and binding precedent — with every factual assertion grounded in the record. Plaintiff has not invented authority and has not asked any court for relief the law does not allow. Plaintiff has followed the law; the path to the remedies sought is clear; the only thing standing between Plaintiff and those remedies is the exercise of judicial discretion.

### 2. WHAT THE RECORD SHOWS (SUMMARY OF DEFECTS CAUGHT)

Plaintiff's filings, and the accompanying Compliance Scorecards, document — with rule citations and record citations — defects in the opposing filings and in the orders entered, including:

- Stare-decisis violations — non-binding authority cited as controlling; a trial-court decision used as if it were appellate/binding authority.

- Prima facie evidence ignored — uncontroverted, record evidence (including admissions by conduct) passed over.

- Procedural defects — unverified filings credited; defective service; misapplication of the pleading standard.

- Void / excess orders — orders entered without jurisdiction, in excess of the relief requested, or in denial of due process.

- Fraud on the court and defaults unaddressed.

These are not characterizations; they are tied to specific rules and specific places in the record, and they are preserved for review.

### 3. THE STANDARD THIS NOTICE PRESERVES

A court has a duty to decide the matters before it on the law and the record, impartially. A refusal to engage the merits — dismissing, denying, or sitting on a meritorious filing without addressing the controlling authority and the record Plaintiff has placed before the court — is not a neutral act. Where the law and the record compel a result and the court declines to reach it, that declination is evidence of bias (Pennsylvania Code of Judicial Conduct, Canons 1–2, Rules 2.2, 2.9; 28 U.S.C. § 455) and, where the record is misstated or ignored, of fraud on the court. Plaintiff's pro se filings are to be liberally construed (Haines v. Kerner, 404 U.S. 519).

4.    NOTICE OF A PUBLIC-RECORDS ACCOUNTABILITY REVIEW (an accountability notice — not a threat)

1

Plaintiff gives further notice, as a matter of accountability and transparency — and not as a threat — that he intends, over the coming months, to compile and review the conduct of the parties, counsel, and the tribunal in these matters drawing solely on publicly available information (dockets, orders, filings, and other public records), and to make his findings public.

• This review proceeds regardless of the outcome of any motion and is not conditioned on any ruling. It is not an inducement to rule one way or another; it is an exercise of the right to access public records and to comment on matters of public concern, including the conduct of public officials and officers of the court.

• It will rely on publicly available information only.

• Its pace will be set only by the extent to which cost or procedural barriers slow Plaintiff's access to those records — nothing else.

• Plaintiff assigns no conclusions for anyone. Clients, pro se litigants, and the public may review the public record and reach their own conclusions.

Whether any party regards this notice as significant, or assumes it will not be carried out, is immaterial. The public record will speak for itself.

## 5. RESERVATION

Plaintiff files this Notice to make the record unmistakable: each ruling will be measured against the law and the record set out in Plaintiff's filings. Any disposition that does not engage that law and that record is preserved as evidence for appellate review and for the parallel judicial-accountability proceedings. Plaintiff reserves all rights.

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

1338 Chestnut Street, # 1714

Philadelphia, PA 19107

Dated: June 17, 2026

**CERTIFICATE OF SERVICE: a true and correct copy of this Notice was served on all parties of record on June 17, 2026.**

/s/ Malick-Fardy B. Traore

Malick-Fardy B. Traore, pro se

3

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALICK-FARDY B. TRAORE,** | ) | **Case No. 2:25-cv-02822** |
| | | |
| Plaintiff, | ) | Judge Gerald J. Pappert |
| | | |
| v. | ) | |
| | | |
| TRANSUNION LLC; | ) | |
| GREENSKY LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; | | |
| AVANT LLC; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; | | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | | |
| Defendants. | ) | |

## PLAINTIFF'S NOTICE OF APPEAL

### INTRODUCTION

This motion reserves Plaintiff's right to appeal the Court's dismissal of claims with prejudice and denial of the Motion to Vacate (ECF No. 141) upon the entry of a final judgment or certification under Federal Rule of Civil Procedure 54(b). Plaintiff previously filed a Notice of Appeal (ECF No. 127) which was reinstated by the Third Circuit (ECF No. 133) but ultimately dismissed for lack of appellate jurisdiction (ECF No. 137). Plaintiff has also filed a Motion to Vacate (ECF No. 140) challenging the Court's reliance on non-binding authority and misapplication of controlling law, which the Court denied (ECF No. 141). Plaintiff is currently required to file an amended complaint by June 1, 2026 (ECF No. 138), and reserves the right to appeal any final order resolving the remaining claims against TransUnion LLC and GreenSky LLC.

### STATEMENT OF FACTS

1. Plaintiff Malick-Fardy B. Traore, proceeding pro se, filed a complaint in the Eastern District of Pennsylvania against multiple defendants, including Capital One Bank (USA), N.A., Avant LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., TransUnion LLC, and GreenSky LLC. (ECF No. 52).

2. The Court entered an order granting defendants' motions to dismiss, dismissing Capital One Bank (USA), N.A. with prejudice, and dismissing Avant LLC and Equifax Information Services, LLC without prejudice. (ECF No. 122).

3. The Court subsequently entered an order setting a deadline for Plaintiff to amend his claims against Avant LLC and Equifax Information Services, LLC, initially by October 20, 2025, and later by January 5, 2026. (ECF Nos. 122, 132).

4. Plaintiff filed a motion to vacate the dismissal order, which the Court denied. (ECF Nos. 125, 126).

5. Plaintiff filed a notice of appeal to the Third Circuit Court of Appeals, which was initially denied in forma pauperis. (ECF Nos. 127, 130).

6. The Third Circuit Court of Appeals later reinstated Plaintiff's appeal. (ECF No. 133).

7. The Third Circuit Court of Appeals subsequently dismissed the appeal for lack of appellate jurisdiction, finding no final decision under 28 U.S.C. § 1291 or Rule 54(b) certification. (ECF No. 137).

8. The Court entered an order setting a new deadline for Plaintiff to amend his claims against Avant LLC and Equifax Information Services, LLC by June 1, 2026. (ECF No. 138).

9. Plaintiff filed a third motion to vacate the dismissal order, which the Court denied. (ECF Nos. 140, 141).

10. The Court's order denying Plaintiff's motion to vacate states that Plaintiff must amend his claims against Avant LLC and Equifax Information Services, LLC by June 1, 2026, or face dismissal with prejudice. (ECF No. 141).

11. The Court's order denying Plaintiff's motion to vacate also states that Plaintiff's claims against TransUnion LLC and GreenSky LLC will proceed if no amendment is filed. (ECF No. 141).

12. Plaintiff's claims against Capital One Bank (USA), N.A. remain dismissed with prejudice. (ECF No. 122).

13. Plaintiff's claims against Avant LLC and Equifax Information Services, LLC remain pending but subject to the June 1, 2026 amendment deadline. (ECF No. 141).

14. Plaintiff's claims against TransUnion LLC and GreenSky LLC remain active. (ECF No. 141).

15. Plaintiff's claims against Experian Information Solutions, Inc. are subject to a default judgment motion, as Plaintiff alleges service was effected via certified mail on July 22, 2025, but the Court stated in its order denying Plaintiff's motion to vacate that Experian was never properly served. (ECF Nos. 54, 141).

16. Plaintiff's claims against GreenSky LLC are active. (ECF No. 141).

17. Plaintiff's claims against TransUnion LLC are active. (ECF No. 141).

18. Plaintiff's claims against Avant LLC are subject to the June 1, 2026 amendment deadline. (ECF No. 141).

19.  Plaintiff's claims against Equifax Information Services, LLC are subject to the June 1, 2026 amendment deadline. (ECF No. 141).

20.  Plaintiff's claims against Capital One Bank (USA), N.A. are dismissed with prejudice. (ECF No. 122).

## ARGUMENT

**I. The Court's Order Denying Plaintiff's Motion to Vacate (ECF No. 141) Is Void Under Rule 60(b)(4) Because It Relies on a Non-Precedential Per Curiam Decision and Misapplies Binding Third Circuit Authority to Find a Defect in Service That Does Not Exist.**

A.  A district court order is void under Rule 60(b)(4) if it is "inconsistent with the law or the facts" or if the court lacked jurisdiction to enter it. *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 268 (2010). The Court's finding that Plaintiff failed to effectuate service on Experian Information Solutions, Inc. is outcome-determinative on the issue of jurisdiction, because the Court's reliance on a non-precedential per curiam decision and a misapplied controlling authority to find a service defect yields a void order. The Court cited *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007), as binding authority for the proposition that Plaintiff failed to prove service. However, *Pruden* is a non-precedential per curiam decision under Third Circuit I.O.P. 5.7 and cannot serve as binding precedent. Furthermore, the Court misapplied *Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.*, 90 F.3d 696, 704 (3d Cir. 1996), which does not support the proposition for which it was cited. The Court's application of these defective authorities to find a fatal service defect is in conflict with controlling law, because the controlling authorities hold that service was properly made and that the absence of a return receipt does not invalidate service.

B.  Under Federal Rule of Civil Procedure 4(l)(3), "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." The record shows that Plaintiff filed a Certificate of Service (ECF No. 54) dated July

22, 2025, attesting to service on Experian via USPS Certified Mail. The absence of a return-to-sender receipt does not negate the validity of the service. Under the mailbox rule, a letter properly addressed, with postage prepaid, and mailed is presumed received by the addressee; this presumption is rebuttable but not by mere denial. *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884); *Hagner v. United States*, 285 U.S. 427, 430 (1932). The record corroborates that subsequent mailings to the same address were successfully delivered and signed for by Experian, foreclosing any argument that the address was incorrect or that the initial mailing was undeliverable. Because the Court's finding of a service defect relies on a misapplication of *Westinghouse* and a non-precedential *Pruden*, the order is void under Rule 60(b)(4) and must be vacated.

**II. The Court's Denial of Plaintiff's Motions for Default Judgment (ECF Nos. 41, 54) Is Inconsistent with the Law Because the Court Required Levels of Proof Not Mandated Under Rule 55, and Because the Court's Finding of No Default Is Outcome-Determinative on the Issue of Jurisdiction.**

A. A default judgment is proper when a defendant has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk must enter default, and the Court may enter default judgment. Fed. R. Civ. P. 55(b). The record shows that Experian never answered the complaint, and Plaintiff filed motions for default (ECF Nos. 22, 36, 72, 76) supported by documentary proof. The Court denied these motions, requiring levels of proof not mandated under Rule 55. Under the Chamberlain factors, the Court must consider (1) prejudice to Plaintiff if denied; (2) defendant's meritorious defense; and (3) defendant's culpability in default. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Because Experian never answered, it is deemed to admit all factual allegations of the complaint except as to damages. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court's denial of default is in violation of Rule 55, because the Court's requirement of additional proof of service is outcome-determinative on the issue of jurisdiction, and the Court's reliance on a non-

precedential *Pruden* and a misapplied *Westinghouse* to find a service defect yields a void order.

B. The Court's denial of default is also inconsistent with the law because the Court conflates the absence of delivery confirmation with the absence of service. Under Rule 4(h)(1)(B) and Rule 4(e)(1), service on a corporation may be effected by methods permitted by state law, including Pennsylvania Rule of Civil Procedure 403, which permits service by certified mail. The record shows that Plaintiff properly addressed and posted the summons and complaint via USPS Certified Mail to Experian's address of record. Under the presumption of regularity, official duties, including those of postal employees, are presumed to have been performed properly (*omnia praesumuntur rite esse acta*). Because the Court's finding of no default relies on a misapplication of *Westinghouse* and a non-precedential *Pruden*, the order is void under Rule 60(b)(4) and must be vacated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff leave to reserve the right to appeal the dismissal of Plaintiff's claims against Capital One Bank (USA), N.A. with prejudice, as set forth in ECF No. 122;

2. Alternatively, certify the dismissal of Plaintiff's claims against Capital One Bank (USA), N.A. under Fed. R. Civ. P. 54(b) to allow for an immediate appeal under 28 U.S.C. § 1291;

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*
1338 Chestnut Street, Suite 1714

Philadelphia, PA 19107

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I, Malick-Fardy Traore, hereby certify that on the date set forth below, a true and correct copy of the foregoing was served on all parties of record via the Court's CM/ECF system and/or U.S. Mail at the addresses on file with the Court.

/s/ Malick-Fardy B. Traore
/s/ Malick-Fardy B. Traore
Malick-Fardy Traore, *Pro Se*

Dated: June 16, 2026

**[PROPOSED] ORDER**

AND NOW, this _ day of __, 20____, upon consideration of the foregoing Motion, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

————
J.

