**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALICK-FARDY B. TRAORE,<br>*Plaintiff,*<br>v.<br>TRANS UNION LLC, et al.,<br>*Defendants.* | CIVIL ACTION<br>NO. 25-2822 |

**Pappert, J.** **July 31, 2026**

**MEMORANDUM**

Malick-Fardy B. Traore sued Trans Union LLC and Greensky, LLC alleging several claims under federal and state law. Trans Union and Greensky move for judgment on the pleadings, and the Court grants their motions.

I

Trans Union, Equifax and Experian produced credit reports showing that Traore has closed Capital One, Avant and Greensky accounts carrying past-due balances of $3,408, $2,507 and $13,949 respectively. (Am. Compl. Ex. A–C at 23–48, Dkt. No. 52.) Traore says there are "inaccuracies" with information in his credit reports including "unverifiable charge-off balances." (*Id.* ¶¶ 1, 2.) He claims Capital One, Avant and Greensky "furnished" these inaccuracies to Trans Union, Equifax and Experian who used the information in assembling his credit reports. (*Id.* ¶ 2.) And, Traore claims, he "submitted timely disputes" to Trans Union, Equifax and Experian "challenging" the "inaccuracies." (*Id.*)

## II[1]

A court evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) must follow the same standards that govern a motion to dismiss a complaint under Rule 12(b)(6). *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). Rule 12(b)(6) permits a district court to dismiss a complaint that fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III

### A

Traore first claims Trans Union and Greensky violated the Fair Credit Reporting Act. The FCRA seeks to ensure "accurate credit reporting." *Safeco Ins. of Am. v. Burr*,

---

1 Though Traore filed a notice of appeal, the Court has jurisdiction to decide the defendants' motions. Usually, a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But such a notice from an unappealable order does not deprive a district court of jurisdiction. *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999); *see Rutherford v. Harris County*, 197 F.3d 173, 190 n.17 (5th Cir. 1999) (explaining "an appeal from an unappealable order does not divest a district court of subject matter jurisdiction"); *Lambright v. Ryan*, 359 F. App'x 838, 840 (9th Cir. 2009) ("it is well-settled that filing an appeal from an unappealable decision does not divest the district court of jurisdiction"). Otherwise, plaintiffs could "halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [the appellate court] the power to do nothing but dismiss the appeal." *United States v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996). Here, Traore appealed the Court's September 2025 motion-to-dismiss order, which could have arguably divested the Court of jurisdiction here because the issues raised by Trans Union and Greensky are the same as those the Court adjudicated in its September 2025 order. But that order is not final, so it is not appealable. In fact, Traore has already appealed the Court's September 2025 order and the Third Circuit Court of Appeals dismissed it for lack of jurisdiction. (Dkt. No. 137.) Traore also purports to appeal an order in which, he says, the Court issued an injunction preventing him from filing motions on the docket. This is a transparent attempt to manufacture appellate jurisdiction because injunctions are immediately appealable. 28 U.S.C. § 1292. But the Court has *not* issued any injunction in this litigation.

551 U.S. 47, 52 (2007). To achieve this goal, the FCRA regulates furnishers of information and consumer reporting agencies "in a manner consistent with their respective roles in the credit reporting market." *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020); *see* 15 U.S.C. §§ 1681s-2(b), 1681e(b). Furnishers—Greensky—provide consumer data to consumer reporting agencies "for inclusion in a [credit] report." *Harris v. P.A. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017) (per curiam). Consumer reporting agencies—Trans Union—assemble the furnished data into credit reports, allowing others to evaluate the creditworthiness of a particular consumer. 15 U.S.C. § 1681a(f); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2201 (2021).

1

Section 1681s-2(b) of the FCRA imposes duties on "furnishers"—like Green Sky—after they receive notice of a dispute about the "accuracy of any information" they provided to a consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). The FCRA provides consumers with a private right of action against furnishers for failing to fulfill their obligations under § 1681s-2(b). *Id.* §§ 1681n, 1681o, & 1681a-2(c); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 36 (1st Cir. 2010). To state a § 1681s-2(b) claim, a plaintiff must first show that the furnisher gave factually inaccurate, or *incorrect*, information to a consumer reporting agency. *Shareef v. Chrysler Cap.*, No. 21-3858, 2022 WL 1045533, at *3 (E.D. Pa. Apr. 7, 2022); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021).[2] If he can make that threshold showing, a

[2] Courts outside of this Circuit have also found that to state a claim under § 1681s-2(b), a plaintiff must allege that the furnisher provided factually inaccurate, or incorrect, information to a consumer reporting agency. *See, e.g.*, *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024).

plaintiff must establish that (1) he filed a dispute about the inaccurate information with the relevant consumer reporting agency, (2) the consumer reporting agency notified the furnisher of the dispute and (3) the furnisher failed to reasonably investigate the dispute and modify the inaccurate information. *Drame v. Capital Collection Servs.*, 414 F. Supp. 3d 715, 719 (E.D. Pa. 2019); *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014).

Traore fails to allege facts to support three of these elements. To begin, Traore fails to show that Greensky furnished "inaccurate information." He claims Greensky reported a past-due balance on his account after it charged off that account. But "charging off a debt does not diminish the legal right of the original creditor to collect the full amount of the debt." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016). When a creditor charges off debt, it simply treats the debt "as a loss" for accounting purposes because "payment is unlikely." *Charge Off*, BLACK'S LAW DICTIONARY (12th ed. 2024). Given that a consumer's debt does not "disappear when a creditor charges off [his] debt," *Makela v. Experian Info. Sols., Inc.*, No. 21-386, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021), it is "factually accurate" for a creditor to report a correct past-due balance on a charged off account, *Artemov v. TransUnion, LLC*, No. 20-1892, 2020 WL 5211068, at *5 (E.D.N.Y. Sept. 1, 2020); *see also Shechter v. Experian Info. Sols., Inc.*, No. 20-5552, 2021 WL 323302, at *4 (D.N.J. Jan. 31, 2021). And Traore never alleges that Greensky reported an *incorrect* balance on his charged off account.

Second, assuming Greensky furnished "inaccurate" information, Traore fails to allege facts to show it was obligated to investigate the accuracy of the information. Traore says he "submitted timely disputes" to Equifax, Experian, and Trans Union

"challenging specific inaccuracies" in his credit reports "tied to data furnished by" Capital One, Avant and Greensky. (Am. Compl. ¶ 2.) But he never says Equifax, Experian or Trans Union notified Greensky of his dispute. In the "absence" of any allegation of "notice," the Court cannot draw the inference that Greensky was "obligated under the FCRA to undertake any investigation under § 1681s-2(b)." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011).

Third, Traore does not allege sufficient facts to show that Greensky failed to reasonably investigate his dispute and modify inaccurate information. He claims Greensky "fail[ed] to conduct reasonable []investigations." (Am. Compl. at 8.) But the Court need not accept as true this "conclusory statement[]" if the Amended Complaint does not support it with enough alleged facts to plausibly suggest that Greensky, in fact, failed to reasonably investigate his dispute. *Iqbal*, 556 U.S. at 678. The Amended Complaint contains no factual allegations about the investigation Greensky conducted.

2

The FCRA also places a number of restrictions on "consumer reporting agencies"—like Trans Union. Section 1681e provides that in preparing a consumer report, a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a § 1681e(b) claim, a plaintiff must show that (1) the agency's report contained factually inaccurate information, (2) the procedures it took in preparing the report weren't reasonable and (3) the inaccurate information caused injury. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010).

Traore does not allege sufficient facts to support at least two of these elements. First, he fails to allege that Trans Union included factually incorrect information in his credit report. He claims Trans Union reported a charged-off balance. (Am. Compl. ¶ 1.) In so doing, he ties this § 1681e(b) claim against Trans Union to his § 1681s-2(b) claim against Greensky. Because he fails to state a plausible claim against Greensky under § 1681s-2(b), he cannot state a plausible claim against Trans Union under § 1681e(b).

Second, even if Trans Union included inaccurate information in Traore's credit report, Traore does not allege that Trans Union failed to follow reasonable procedures in preparing his report. He alleges that after receiving his dispute Trans Union failed to "conduct[] [a] meaningful []investigation." (*Id.* ¶ 5.) But this "threadbare" statement allows the Court only to speculate about the reasonableness of Trans Union's procedures. *Iqbal*, 556 U.S. at 678.

Section 1681i(a)(1)(A) of the FCRA also provides that if a consumer disputes the accuracy of information contained in his file with a consumer reporting agency, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish a § 1681i(a)(1)(A) claim, a plaintiff must establish (among other things) that the reported information was inaccurate. *Whaley v. Wells Fargo*, No. 22-4324, 2023 WL 137454, at *4 (E.D. Pa. Jan. 9, 2023). To the extent Traore alleges a § 1681i(a)(1)(A) claim, it fails. His allegation that Trans Union reported a charged-off balance does not plausibly suggest that Trans Union included factually incorrect information in his credit report.

B

Traore contends that Greensky violated the Gramm-Leach-Bliley Act. But he cannot state any claim under the GLBA because private plaintiffs do not have a cause of action to enforce the statute. *Clark v. TD Bank, NA*, No. 25-881, 2025 WL 1508019, at *2 (E.D. Pa. May 27, 2025); *Gray v. Cap. One Fin. Corp.*, No. 25-925, 2025 WL 1644421, at *5 n.3 (E.D. Pa. June 6, 2025); *Hayward v. Sw. Credit Sys.*, No. 23-3234, 2023 WL 5651987, at *4 n.4 (E.D. Pa. Aug. 31, 2023); *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007).

C

Traore alleges Trans Union's and Greensky's furnishing or reporting of inaccurate information constituted constructive fraud and misrepresentation under Pennsylvania law. These claims fail for at least two reasons. First, Traore's claims against Greensky are preempted. Section 1681t(b)(1)(F) of the FCRA preempts state law claims to the extent they impose a requirement with respect to the "subject matter" under § 1681s-2 "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Here, Traore claims Greensky committed constructive fraud and misrepresentation by furnishing factually incorrect information about him to consumer reporting agencies. These claims seek to regulate the "responsibilities" of Greensky in furnishing information, so they are preempted. *Id.*; *see Carrion v. United Student Aid Funds, Inc.*, No. 15-829, 2015 WL 13914997, at *6 (C.D. Cal. Aug. 18, 2025) (holding that the FCRA preempted a state law fraud claim because the plaintiff based it on "the allegation that" a furnisher provided "credit bureaus with inaccurate information"); *see also Ball v. Barclays Bank*

*Del.*, No. 24-1452, 2025 WL 20106, at *3 (D. Nev. Jan. 2, 2025); *Nation v. J.P. Morgan Chase Bank*, No. 22-6585, 2023 WL 4946983, at *4 (D.N.J. Aug. 3, 2023).

Second, in any event, Traore fails to allege sufficient facts to support his claims. He contends that Trans Union and Greensky committed constructive fraud and misrepresentation by furnishing or reporting charged-off balances. But again, Traore fails to allege that Trans Union and Greensky furnished or reported inaccurate information.[3]

D

Traore contends Greensky breached its fiduciary duties under Pennsylvania law. To state a claim for breach of fiduciary duty, a plaintiff must show (1) a fiduciary relationship existed between himself and the defendant, (2) the defendant failed to act in good faith and solely for the plaintiff's benefit and (3) the defendant's breach of his fiduciary duty caused the plaintiff an injury. *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. Ct. 2020).

Traore does not allege sufficient facts to support two of these elements. First, he does not allege that Greensky owed him fiduciary duties. Under Pennsylvania law, a creditor ordinarily does not owe fiduciary duties to a borrower. *Pheasant Ridge Dev. Corp. v. Fulton Fin. Corp.*, No. 2356 EDA 2023, 2025 WL 1013370, at *13 (Pa. Super. Ct. Apr. 1, 2025); *Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Trust Co.*, 560

---

[3] Traore's factual allegations do not fit constructive fraud and misrepresentation causes of action. Under Pennsylvania law, constructive fraud and misrepresentation require the plaintiff to plead (among other things) that the defendant made a false statement or representation on which the plaintiff relied. *Cohen v. Johnson & Johnson*, 634 F. Supp. 3d 216, 234 (W.D. Pa. 2022); *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 784 (E.D. Pa. 2008). Traore claims that Trans Union and Greensky furnished or reported inaccurate information about him. Yet he does not claim that he *relied* on this information in any way.

A.2d 151, 154–55 (Pa. Super. Ct. 1989). This principle stems from the fact that a creditor "acts in his [own] financial interest." *Schnell v. Bank of N.Y. Mellon*, 828 F. Supp. 2d 798, 806 (E.D. Pa. 2011). A fiduciary relationship may arise if "the creditor gains substantial control over the debtor's business affairs." *GE Cap. Mortg. Srvs., Inc. v. Pinnacle Mortg. Inv. Corp.*, 897 F. Supp. 854, 863 (E.D. Pa. 1995) (quotation marks and citation omitted). But Traore does not allege that Greensky gained substantial control over his business affairs.

Second, Traore fails to show that Greensky breached fiduciary duties. He claims Greensky furnished inaccurate information, but again, does not allege facts to support this allegation. He also says that Greensky refused to engage in written communications with him, but he never explains how this qualifies as a breach of fiduciary duties.

E

Traore next claims Greensky violated the Pennsylvania Commercial Code by failing to provide him "full disclosure and lawful consideration" rendering his "agreements" with them "void." (Am. Compl. at 8.) Traore does not "reveal [the] factual or legal basis" for this contention. *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (per curiam). To support his claim, he says only that he "received no lawful United States money" from Greensky and that Greensky "concealed securitization, collateralization, and monetization of . . . notes." (Am. Compl. at 8.) These allegations are too "ambiguous" and "vague" for the Court to decipher. *Ruther*, 556 F. App'x at 92 (quotation marks and citation omitted).

F

Traore next seeks a declaratory judgment that "all reported charge-offs" and "post-charge-off balances" are "void." (Am. Compl. at 9.) He also seeks an injunction requiring Trans Union and Greensky to delete from their records certain information about him. (*Id.*) But Traore cannot state plausible claims for a declaration or an injunction[4] because, as explained, creditors and consumer reporting agencies may furnish or report accurate balances on charged off accounts.

G

Traore, lastly, seeks "civil penalties" against Greensky under the Federal Deposit Insurance Act, the FCRA, the GLBA, and the Pennsylvania Commercial Code. First, private plaintiffs do not have a cause of action to enforce the FDIA or the GLBA.[5] *Clark v. SoFi*, No. 25-909, 2025 WL 1582459, at *3 (E.D. Pa. June 4, 2025); *Clark,* 2025 WL 1508019, at *2. Second, for the reasons explained, Traore fails to state claims under all these statutes, including the FCRA and Pennsylvania Commercial Code.

IV

A court should allow a plaintiff to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court need not grant leave to amend if amendment would be futile. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

---

4 Traore's claim for injunctive relief also fails because the FCRA does not allow private litigants to seek such relief. *Alexander v. Navy Fed. Credit Union*, No. 25-2833, 2025 WL 2535610, at *6 (E.D. Pa. Sept. 3, 2025).

5 Even if Traore had a cause of action to enforce these statutes, he fails to allege *any* facts to show that Greensky violated them.

1434 (3d Cir. 1997). As an initial matter, Traore does not seek leave to amend, nor does he suggest what he would add to his complaint. In any event, amendment would be futile. None of Traore's claims have merit and new facts cannot save them. The Court has repeatedly granted Traore leave to amend but he has refused to do so. Nothing suggests he would change course now.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.